# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| TRICO MARINE SERVICES, INC. | ) | Case No. 10-_____ |
| Debtor. | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| TRICO MARINE ASSETS, INC. | ) | Case No. 10-_____ |
| Debtor. | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| TRICO MARINE OPERATORS, INC. | ) | Case No. 10-_____ |
| Debtor. | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| TRICO MARINE INTERNATIONAL, INC. | ) | Case No. 10-_____ |
| Debtor. | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| TRICO MARINE CAYMAN, L.P. | ) | Case No. 10-_____ |
| Debtor. | ) | |

| In re: | ) | Chapter 11 |
|---|---|---|
| | ) | |
| TRICO HOLDCO, LLC | ) | Case No. 10-_____ |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

## DEBTORS' MOTION FOR JOINT ADMINISTRATION OF CASES

Trico Marine Services, Inc.; Trico Marine Assets, Inc.; Trico Marine Operators, Inc.; Trico Marine International, Inc.; Trico Marine Cayman, L.P.; and Trico Holdco, LLC, as debtors and debtors in possession (collectively, the "Debtors"),[1] file this *Motion for Joint Administration of Cases* (the "Motion") and respectfully state as follows:

## JURISDICTION AND PROCEDURAL BACKGROUND

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. On August 25, 2010 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned bankruptcy cases (the "Cases").

4. Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

5. As of the date hereof, an official committee of unsecured creditors has not been appointed in the Cases.

---

[1] The Debtors are the following entities (followed by their tax identification numbers): Trico Marine Services, Inc. (XX-XXX2405); Trico Marine Assets, Inc. (XX-XXX2404); Trico Marine Operators, Inc. (XX-XXX6124); Trico Marine International, Inc. (XX-XXX3132); Trico Holdco, LLC (XX-XXX3870); Trico Marine Cayman, L.P. (XX-XXX5842). The mailing address for all of the Debtors for the purpose of these Cases is 10001 Woodloch Forest Drive, Suite 610, The Woodlands, TX 77380.

6. Contemporaneously with the filing of this Motion, the Debtors filed their Declaration in Support of First Day Pleadings.

## BACKGROUND

7. Debtor Trico Marine Services, Inc. ("TMS") is the direct parent and sole equity interest owner of Debtors Trico Marine Assets, Inc. ("TMA"), Trico Marine Operators, Inc. ("TMO"), and Trico Holdco, LLC ("Holdco"). TMA is the direct parent, and TMS is the indirect parent, of Debtor Trico Marine International, Inc. ("TMI"). Further, TMS is the limited partner, and Holdco is the general partner, of Debtor Trico Marine Cayman, LP ("Trico Cayman"). Accordingly, all of the Debtors are "affiliates," as that term is defined by Bankruptcy Code § 101(2). Therefore, joint administration of the Cases is appropriate under Bankruptcy Rule 1015(b).

8. Joint administration of the Debtors' estates will be less costly and burdensome than the separate administration of the estates. For example, joint administration will permit the use of a single, general docket for the Cases and combined notices to creditors and other parties in interest in the Debtors' respective Cases. The Debtors believe it is likely that numerous filings and additional matters, including notices, applications, motions, orders, hearings, and other proceedings will be made, issued, or convened in these Cases. Many of these will affect all of the Debtors. Joint administration will protect parties in interest by ensuring that parties affected by each of the Debtors' respective Cases will be apprised of the various matters before the Court in those Cases.

9. Joint administration of the Debtors' estates will also avoid repetitive, duplicative, and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be filed and served in the Debtors' Cases, and (b) file documents in only one of the Cases rather than in multiple Cases.

10. Joint administration will also simplify supervision of the administrative aspects of the Cases by the Court and the Office of the U.S. Trustee (the "Trustee"). As such, joint administration will promote the economical and efficient administration of the Debtors' estates to the benefit of the Debtors, their respective creditors, the Trustee, and the Court.

11. The rights of the respective creditors of each of the estates will not be prejudiced by the joint administration of the Cases because the relief sought is purely procedural and is not intended to affect substantive rights. Each creditor will be required to file a proof of claim against the particular estate in which it allegedly has a claim or right and will retain whatever claims or rights it has against the particular estate. Further, all schedules of assets and liabilities and statements of financial affairs will be captioned and filed in each of the Debtors' respective, separate Cases.

## **RELIEF REQUESTED**

12. Pursuant to Bankruptcy Rule 1015(b), the Debtors respectfully request that this Court enter an order directing joint administration of the Debtors' cases as follows:

   a. One docket shall be maintained for the Debtors' cases, under the case number assigned to Trico Marine Services, Inc.

   b. All pleadings, orders, and other papers filed shall be captioned *In re Trico Marine Services, Inc., et al.*, Case No. 10-[_____] (Jointly Administered).

   c. The Trustee shall conduct joint informal meetings with the Debtors, as required, and a joint first meeting of creditors.

   d. One plan and disclosure statement may be filed for all Cases by any plan proponent; however, substantive consolidation of the Debtors' estates is not being requested at this time.

   e. Unless otherwise ordered by the Court, each Debtor will file separate schedules of assets and liabilities and statements of financial affairs, and, as applicable, lists of equity security holders.

f. Proofs of claim filed by creditors of any Debtor shall reflect the caption and case number of the Debtor to which the claim relates and in whose case such claim is to be filed.

g. A separate claims register shall be maintained for each Debtor.

13. The Debtors propose that the Court establish the following official caption to be used by all parties in all pleadings in the Debtors' jointly administered Cases, except as otherwise specifically provided herein:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRICO MARINE SERVICES, INC., *et al.*,[1] | ) | Case No. 10-_____ |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

\* \* \*

---

[1] The Debtors are the following entities (followed by their tax identification numbers): Trico Marine Services, Inc. (XX-XXX2405); Trico Marine Assets, Inc. (XX-XXX2404); Trico Marine Operators, Inc. (XX-XXX6124); Trico Marine International, Inc. (XX-XXX3132); Trico Holdco, LLC (XX-XXX3870); Trico Marine Cayman, L.P. (XX-XXX5842). The mailing address for all of the Debtors for the purpose of these Cases is 10001 Woodloch Forest Drive, Suite 610, The Woodlands, TX 77380.

14. The Debtors submit that all parties' use of the simplified caption designated above will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

15. The Debtors also request that an entry be made on the docket of each of the Cases, other than the docket maintained for the chapter 11 case of Trico Marine Services, Inc., that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015–1 of the

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the Cases of Trico Marine Services, Inc.; Trico Marine Assets, Inc.; Trico Marine Operators, Inc.; Trico Marine International, Inc.; Trico Marine Cayman, L.P.; and Trico Holdco, LLC. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 10-_____.

## BASIS FOR RELIEF

16. Bankruptcy Rule 1015(b) provides, in pertinent part, that "(i)f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the Court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined in Bankruptcy Code § 101(2). Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize this Court to grant the relief requested herein.

17. In addition, Rule 1015-1 of Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") provides as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

18. Bankruptcy Code § 105(a) also provides this Court with the power to grant the relief requested herein by the Debtors. Bankruptcy Code § 105(a) states that a bankruptcy court

"may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

19. The entry of a joint administration order in multiple related cases is common in this district. *See, e.g., In re ACG Holdings, Inc.*, Case No. 08-11467 (CSS) (Bankr. D. Del. July 16, 2008); *In re Pierre Foods, Inc.*, Case No. 08-11480 (KG) (Bankr. D. Del. July 16, 2008); *In re Tropicana Entm't, LLC*, Case No. 08-10856 (KJC) (Bankr. D. Del. May 6, 2008); *In re Leiner Health Prods., Inc.*, Case No. 08-10446 (KJC) (Bankr. D. Del. Mar. 12, 2008); *In re Wickes Holdings, LLC*, Case No. 08-10212 (KJC) (Bankr. D. Del. Feb. 5, 2008); *In re Pope & Talbot, Inc.*, Case No. 07-11738 (CSS) (Bankr. D. Del. Nov. 21, 2007); *In re Hancock Fabrics, Inc.*, Case No. 07-10353 (BLS) (Bankr. D. Del. March 22, 2007).

20. As discussed above, the joint administration of the Cases will not adversely affect the Debtors' respective creditors because this Motion requests only administrative, and not substantive, consolidation of the estates. For example, any creditor must still file a claim against a particular Debtor or its estate (or against multiple Debtors and their respective estates), intercompany claims among the Debtors will be preserved, and the Debtors will maintain separate records of assets and liabilities to the extent maintained in this manner in the ordinary course of business prior to the Petition Date. Thus, individual creditors' rights will not be harmed by the relief requested; rather, the constituents will benefit from the cost reductions associated with the joint administration of the Cases.

21. No administrative or scheduling orders previously entered in the Cases will require modification if this Motion is granted. Mailing lists in each of the Cases will be consolidated for future noticing requirements.

22. The Debtors submit that the joint administration of the Cases is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest.

23. For all of the foregoing reasons, the Debtors respectfully request the immediate entry of an order providing for the joint administration of the Cases.

## NO PRIOR REQUEST

24. No prior request for the relief sought in this Motion has been made to the Court in these Cases.

## NOTICE

25. Notice of this Motion has been provided by e-mail, facsimile, or overnight delivery to: (a) the Office of the United States Trustee for the District of Delaware; (b) Tennenbaum, as lender for the U.S. Credit Facility; (c) Obsidian, as administrative agent and collateral agent for the U.S. Credit Facility; (d) Nordea, as lender for the Trico Shipping W/C Facility and as administrative agent and collateral agent for the U.S. Credit Facility; (e) U.S. Bank, as Trustee and collateral agent for the Secured Notes; (f) Wells Fargo Bank, as Trustee for the 3% Notes; (g) Unicredit, as lender for the Trico Shipping W/C Facility; (h) Deutsche Bank National Trust Company, as Trustee for the High Yield Notes; (i) Wilmington Trust FSB, as collateral agent to the intercreditor agreement between the Trico Shipping W/C Facility and the High Yield Notes; (j) the Debtors' 40 largest unsecured creditors (on a consolidated basis); (k) those persons who have formally appeared in these Cases and requested service pursuant to Bankruptcy Rule 2002; and (l) all applicable government agencies to the extent required by the Bankruptcy Rules and the Local Rules. As this Motion is seeking first-day relief, notice hereof and of any order entered hereon will be served in accordance with Local Rule 9013-1(m).

## PRAYER

The Debtors respectfully request that the Court enter an Order directing the joint administration of the Cases and granting such other and further relief to which they may be justly entitled.

August 25, 2010
Wilmington, Delaware

Respectfully submitted,

*/s/ Robert J. Dehney*
Robert J. Dehney (No. 3578)
Gregory T. Donilon (No. 4244)
Andrew R. Remming (No. 5120)
L. John Bird (No. 5310)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Tel: 302.658.9200
Fax: 302.658.3989

-and-

Harry A. Perrin (*pro hac vice* pending)
VINSON & ELKINS LLP
First City Tower
1001 Fannin Street, Suite 2500
Houston, TX 77002-6760
Tel: 713.758.2222
Fax: 713.758.2346
hperrin@velaw.com

-and-

John E. Mitchell (*pro hac vice* pending)
Angela B. Degeyter (*pro hac vice* pending)
John Paul K. Napier (*pro hac vice* pending)
VINSON & ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Tel: 214.220.7700
Fax: 214.999.7787
jmitchell@velaw.com
adegeyter@velaw.com
jnapier@velaw.com

*Proposed Attorneys for the Debtors and Debtors-in-Possession*