# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRICO MARINE SERVICES, INC., *et al.*,[1] | ) | Case No. 10-12653 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **RE: D.I. 101** |
| | ) | |

## ORDER GRANTING DEBTORS' MOTION
## TO EXECUTE AMENDED CREDIT DOCUMENTS

Upon consideration of *Motion to Execute Amended Credit Documents* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), the Court finds that (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334(b), (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) the relief requested in the Motion, as modified by this Order, is in the best interests of the Debtors and their respective estates, creditors, and equity security holders, (d) having granted the Debtors' motion for shortened notice of the Motion, proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary, and (e) good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion. Therefore, it is

**ORDERED** that the Motion is **GRANTED**. It is further

---

[1] The Debtors are the following entities (followed by their tax identification numbers): Trico Marine Services, Inc. (XX-XXX2405); Trico Marine Assets, Inc. (XX-XXX2404); Trico Marine Operators, Inc. (XX-XXX6124); Trico Marine International, Inc. (XX-XXX3132); Trico Holdco, LLC (XX-XXX3870); Trico Marine Cayman, L.P. (XX-XXX5842). The mailing address for all of the Debtors for the purpose of these Cases is 10001 Woodloch Forest Drive, Suite 610, The Woodlands, TX 77380.

[2] Capitalized terms used but not defined herein shall have the meaning given to them in the Motion.

**ORDERED** that the Debtors are authorized and empowered, but not directed, in their sole discretion, to execute the Credit Documents and/or the Additional Credit Documents, or make necessary amendments thereto, for the purpose of facilitating Trico Shipping's entry into the $22,000,000 Secured Credit Facility and, if necessary, at a later date in the sole discretion of the Debtors, to increase the facility up to a total amount of $50,000,000; provided, however, that entry into any such amendments to the Credit Documents and/or such Additional Credit Documents must be on the terms of the proposed structure of the $22,000,000 Secured Credit Facility set forth in the moving papers and as provided to the Committee (as defined). It is further

**ORDERED,** that Bracewell & Giuliani LLP, as counsel to certain holders of the Secured Notes, Dorsey & Whitney LLP, as counsel to U.S. Bank, N.A., as Trustee for the Secured Notes, and Kasowitz, Benson, Torres & Friedman LLP and Pachulski, Stang, Ziehl & Jones LLP, proposed co-counsel ("Committee Counsel") to the Official Committee of Unsecured Creditors (the "Committee"), shall be provided with copies of (a) the closing documents relating to the initial $15,000,000 funding under the $22,000,000 Secured Credit Facility, (b) all approved budgets in connection with the $22,000,000 Secured Credit Facility, (c) cash flow projections as and when such statements and all other documents or statements as and when delivered to the Lenders under the Secured credit Facility. It is further

**ORDERED** that following the initial $15,000,000 funding under the $22,000,000 Secured Credit Facility, Bracewell & Giuliani LLP, as counsel to certain holders of the Secured Notes, and Committee Counsel, shall be provided with copies of any proposed amendments to the Credit Documents and/or any proposed Additional Credit Documents at least three (3) business days prior to the Debtors' entry into such documents and shall have an opportunity to

object to the Debtors' entry into any such documents during such three-day period. Any such objections not resolved by the parties shall be heard and resolved by this Court prior to the Debtors' entry into thereof. It is further

**ORDERED** that this Order does not (i) authorize the Debtors to incur additional indebtedness, to grant additional liens in or security interests against estate property, or to alter any liens or security interests in estate property, such indebtedness, liens and security interests to remain *status quo ante* or (ii) amend, supplement or modify in any way the Amended Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(c), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), 364(e), 503(b) and 507(a), Fed. R. Bankr. P. 2002, 4001 and 9014 and Del. Bankr. L.R. 4001-2 (I) Authorizing Debtors (A) To Obtain Postpetition Secured DIP Financing (B) To Use Cash Collateral (II) Granting Liens and Providing For Superpriority Administrative Expense Status; (III) Granting Adequate Protection to Prepetition Secured Parties; (IV) Modifying Automatic Stay; and (V) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) (the "Interim DIP Order"), and the Debtors shall not do so except upon Court approval and prior notice to parties-in-interest including the Committee (unless authorized to do so without Court approval pursuant to the Bankruptcy Code). It is further

**ORDERED** that notwithstanding anything to the contrary in any Credit Documents, amendments to any Credit Documents or the Additional Credit Documents, or any other document, agreement, consent, or other paper executable, pursuant to this Order, all rights, interests, remedies, claims, causes of action belonging to the Debtors and their estates, including but not limited to all rights under the Bankruptcy Code, including Chapter 5 thereof and under other applicable law are hereby expressly preserved and unaffected by this Order or actions taken by the Debtors in connection herewith, and nothing in this Order or actions taken by the Debtors

in connection herewith will impair or limit such rights, interests, remedies, claims or causes of action of the Debtors and the Debtors' estates. It is further

**ORDERED** that entry into and consummation of the $22,000,000 Secured Credit Facility shall not be considered a default or Event of Default under either the U.S. Credit Facility or Amended DIP Facility, notwithstanding any terms thereof. It is further

**ORDERED** that upon consummation of the $22,000,000 Secured Credit Facility the borrowers shall pay: (i) $895,000 to the Debtors for payment of the non-debtor operating costs (the "Non-Debtor Operating Costs") for July 2010; and (ii) ~~$750,000~~ *$895,000* as an estimate of the Non-Debtor Operating Costs for August 2010, net of the Debtors' bareboat charter obligations on account of the Princess from the Petition Date forward. On October 1, 2010 the ~~Debtors~~ *Borrowers* shall pay $750,000 *the Debtors* for Non-Debtor Operating Costs for September 2010. On November 22, 2010, the *As an estimate* Debtors shall (i) reconcile the Non-Debtor Operating Costs for the months of August and September 2010, (ii) net such amounts (debit or credit) as a result of this reconciliation against the actual Non-Debtor Operating Costs for October 2010, and (iii) pay actual Non-Debtor Operating Costs for October 2010. From and after the payment of actual Non-Debtor Operating Costs for October 2010 on November 22, 2010, to the extent the Debtors provide services, the *Truso Supply Group* ~~non-debtors~~ have a continuing obligation to make payments, all rights are reserved as to services to be provided and the amount to be paid in connection therewith. All payments of Non-Debtor Operating Costs shall be made into the Debtors' cash collateral account (not the Advance Account (as defined in the Interim *or Final* DIP Order)) for use pursuant to the Approved Budget (as defined in the Interim *or Final* DIP Order). It is further

**ORDERED** that the Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order solely in accordance with the terms of this Order. It is further

**ORDERED** that this Court shall retain jurisdiction to hear and consider all disputes arising out of the interpretation or implementation of this Order.

Dated: Sept 17, 2010
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE