**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 10-12653 (BLS)** |
| | § | |
| **TRICO MARINE SERVICES, INC., *et al.*** | § | **(Chapter 11)** |
| | § | |
| **DEBTORS.** | § | **(Jointly Administered)** |
| | § | |
| | § | **RE: D.I. 13, 58, 95** |
| | § | |

**EMERGENCY ORDER AMENDING THE AMENDED INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363(c), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), 364(e), 503(b) and 507(a), FED. R. BANKR. P. 2002, 4001 AND 9014 AND DEL. BANKR. L.R. 4001-2 (I) AUTHORIZING DEBTORS (A) TO OBTAIN POSTPETITION SECURED DIP FINANCING (B) TO USE CASH COLLATERAL (II) GRANTING LIENS AND PROVIDING FOR SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS; (III) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES; (IV) MODIFYING AUTOMATIC STAY; AND (V) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(b) AND (c)**

Trico Marine Services, Inc. ("Trico Marine")[1] and certain of its affiliates (collectively, the "Debtors")[2], having moved (the "DIP Financing Motion") on August 25, 2010 (the "Motion") for interim and final orders authorizing them to, among other things, (i) incur post-petition secured indebtedness, (ii) pay the Prepetition First Lien Debt (as defined in the Interim DIP Financing Order), (iii) grant security interests and superpriority claims, and (iv) grant adequate protection, pursuant to sections 105(a), 362, 363(c), 364(c), (d), and (e), 503(b) and 507(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy

---

1 Capitalized terms not defined herein shall have the meaning ascribed to them in the DIP Financing Motion.

2 The Debtors are the following entities (followed by their tax identification numbers): Trico Marine Services, Inc. (72-1252405); Trico Marine Assets, Inc. (72-125404); Trico Marine Operators, Inc. (72-1096124); Trico Marine International, Inc. (72-1403132); Trico Holdco, LLC (20-5743870); Trico Marine Cayman, L.P. (98-0515842). The mailing address for all of the Debtors for the purpose of these Cases is 10001 Woodloch Forest Drive, Suite 610, The Woodlands, TX 77380.

Procedure (the "Bankruptcy Rules"), and Rule 4001-2 of the Delaware Bankruptcy Local Rules (the "Local Rules"); and the Court having entered an order approving the DIP Financing Motion on an interim basis on August 27, 2010 [D.I. 58] (the "Interim DIP Financing Order"); and the Court having entered an order amending the Interim DIP Financing Order on September 7, 2010 [D.I. 95] (the "Amended Interim DIP Financing Order"); and the Court having convened a hearing on September 21, 2010 to consider final approval of the relief requested in the DIP Financing Motion (the "Hearing"); and upon consideration of the record at the Hearing; the Court finds that (a) it has jurisdiction over the matters raised in the DIP Financing Motion pursuant to 28 U.S.C. § 1334(b), (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) the relief granted in this Order is in the best interests of the Debtors and their respective estates, creditors, and equity security holders, (d) under the circumstances, proper and adequate notice of the relief to be granted in this Order has been given and that no other or further notice is necessary, and (e) good and sufficient cause exists for the granting this Order. Therefore, it is

**ORDERED** that the Hearing is hereby adjourned until October 1, 2010 at 12:00 p.m. (EST). It is further

**ORDERED** that paragraph 4 of the Amended Interim DIP Financing Order is amended and replaced with the following:

> Refinancing of Prepetition First Lien Debt. Upon entry of the Final Order, the Debtors are authorized and directed to borrow $25 million principal amount of the DIP Loan and use the proceeds thereof, together with Cash Collateral, to refinance in full the Prepetition First Lien Debt. The refinancing of the Prepetition First Lien Debt as provided herein, and the DIP Loan made to fund such payment, shall constitute part of the DIP Loan. It shall be an Event of Default if such refinancing is not approved and authorized by the Final Order or if the Final Order is not entered on October 1, 2010.

It is further

**ORDERED** that paragraph 12(d) of the Amended Interim DIP Financing Order is amended and replaced with the following:

> Consent to Priming and Adequate Protection: Prepetition First Lien Lenders. The Prepetition First Lien Agent and the Prepetition First Lien Lenders consent to the adequate protection and the priming provided for herein; provided, however, that the consent of the Prepetition First Lien Agent and the Prepetition First Lien Lenders to the priming, the use of Cash Collateral, and the sufficiency of the adequate protection provided for herein is expressly conditioned upon the entry of this Interim Order (in form and substance satisfactory to the Prepetition First Lien Agent) and such consent shall not be deemed to extend to any other replacement financing or debtor in possession financing other than the DIP Loan provided pursuant to this Interim Order; and provided, further, that such consent shall be of no force and effect in the event (i) this Interim Order is not entered and the DIP Loan and DIP Financing Agreement as set forth herein are not approved, (ii) the Final Order is not entered by October 1, 2010, (iii) the refinancing of the Prepetition First Lien Debt is not approved and authorized by the Final Order or such refinancing does not occur by October 1, 2010; and provided, further, that in the event of the occurrence of the Termination Date, nothing herein shall alter the burden of proof set forth in the applicable provisions of the Bankruptcy Code at any hearing concerning the continued use of Prepetition Collateral (including Cash Collateral) by the Debtors.

It is further

**ORDERED** that Section 11.14 of the DIP Financing Agreement (as defined in the DIP Financing Motion) is hereby amended and replaced with the following:

> Final Order. The failure to enter the Final Order on October 1, 2010;

It is further

**ORDERED** that Section 11.31 of the DIP Financing Agreement is hereby amended and replaced with the following:

> Refinancing of the Prepetition First Lien Loans. Failure of (a) the refinancing of the Prepetition First Lien Loans to be approved in the Final Order on October 1, 2010 and (b) all Prepetition First Lien Debt under the Prepetition First Lien Loan Agreement to be

indefeasibly repaid in full in cash within five (5) days after the entry of the Final Order.

It is further

**ORDERED** that all other provisions, terms, conditions and the like of the DIP Financing Agreement and the Amended Interim DIP Financing Order shall remain effective, in full force and effect without change. It is further

**ORDERED** that the effect and consequences of entry of this Order shall not constitute an Event of Default under Section 11.14, 11.31 or any other provision of the DIP Financing Agreement or the Amended Interim DIP Financing Order. It is further

**ORDERED** that this Court shall retain jurisdiction to hear and consider all disputes arising out of the interpretation or implementation of this Order.

Dated: September 24, 2010

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE