UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-12653 (BLS) |
| | § | |
| TRICO MARINE SERVICES, INC., *et al.* | § | (Chapter 11) |
| | § | |
| DEBTORS. | § | (Jointly Administered) |
| | § | |
| | § | RE: D.I. 13, 58, 95, 196 |
| | § | |

**EMERGENCY ORDER AMENDING THE AMENDED INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363(c), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), 364(e), 503(b) and 507(a), FED. R. BANKR. P. 2002, 4001 AND 9014 AND DEL. BANKR. L.R. 4001-2 (I) AUTHORIZING DEBTORS (A) TO OBTAIN POSTPETITION SECURED DIP FINANCING (B) TO USE CASH COLLATERAL (II) GRANTING LIENS AND PROVIDING FOR SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS; (III) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES; (IV) MODIFYING AUTOMATIC STAY; AND (V) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(b) AND (c)**

Trico Marine Services, Inc. ("Trico Marine")[1] and certain of its affiliates (collectively, the "Debtors")[2], having moved (the "DIP Financing Motion") on August 25, 2010 (the "Motion") for interim and final orders authorizing them to, among other things, (i) incur post-petition secured indebtedness, (ii) pay the Prepetition First Lien Debt (as defined in the Interim DIP Financing Order), (iii) grant security interests and superpriority claims, and (iv) grant adequate protection, pursuant to sections 105(a), 362, 363(c), 364(c), (d), and (e), 503(b) and 507(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the DIP Financing Motion.

[2] The Debtors are the following entities (followed by their tax identification numbers): Trico Marine Services, Inc. (72-1252405); Trico Marine Assets, Inc. (72-125404); Trico Marine Operators, Inc. (72-1096124); Trico Marine International, Inc. (72-1403132); Trico Holdco, LLC (20-5743870); Trico Marine Cayman, L.P. (98-0515842). The mailing address for all of the Debtors for the purpose of these Cases is 10001 Woodloch Forest Drive, Suite 610, The Woodlands, TX 77380.

Procedure (the "Bankruptcy Rules"), and Rule 4001-2 of the Delaware Bankruptcy Local Rules (the "Local Rules"); and the Court having entered an order approving the DIP Financing Motion on an interim basis on August 27, 2010 [D.I. 58] (the "Interim DIP Financing Order"); and the Court having entered an order amending the Interim DIP Financing Order on September 7, 2010 [D.I. 95] (the "Amended Interim DIP Financing Order"); and the Court having convened a hearing on September 21, 2010 to consider final approval of the relief requested in the DIP Financing Motion (the "Hearing"); and upon consideration of the record at the Hearing; the Court finds that (a) it has jurisdiction over the matters raised in the DIP Financing Motion pursuant to 28 U.S.C. § 1334(b), (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) the relief granted in this Order is in the best interests of the Debtors and their respective estates, creditors, and equity security holders, (d) under the circumstances, proper and adequate notice of the relief to be granted in this Order has been given and that no other or further notice is necessary, and (e) good and sufficient cause exists for the granting this Order. Therefore, it is

**ORDERED** that the Hearing is hereby adjourned until October 20, 2010 at 1:30 p.m. (EST). It is further

**ORDERED** that paragraph 4 of the Amended Interim DIP Financing Order is amended and replaced with the following:

> Refinancing of Prepetition First Lien Debt. Upon entry of the Final Order, the Debtors are authorized and directed to borrow $25 million principal amount of the DIP Loan and use the proceeds thereof, together with Cash Collateral, to refinance in full the Prepetition First Lien Debt. The refinancing of the Prepetition First Lien Debt as provided herein, and the DIP Loan made to fund such payment, shall constitute part of the DIP Loan. It shall be an Event of Default if such refinancing is not approved and authorized by the Final Order or if the Final Order is not entered on or before October 20, 2010 or if such refinancing does not occur on or before October 20, 2010.

It is further

ORDERED that paragraph 12(c)(iii) of the Amended Interim DIP Financing Order is amended and replaced with the following:

> Until the earlier of (i) the occurrence of an Event of Default and (ii) October 20, 2010, the Debtors shall accrue and pay interest on the Prepetition First Lien Debt at the contractual non-default rate; provided, however, that,
>
> (A) if the Prepetition First Lien Debt has been refinanced in full with proceeds of the DIP Loan on or before October 20, 2010 (the "Pre-October 20 Refinancing Date"), the amount of interest that shall be paid as part of the refinancing of the Prepetition First Lien Debt shall be that amount that was accrued and unpaid at the contractual non-default rate as of the Pre-October 20 Refinancing Date ;
>
> (B) if the DIP Loan has been paid in full on or before October 20, 2010, but the Prepetition First Lien Debt concurrently shall not be paid in full, (1) until October 20, 2010, the Debtors shall accrue and pay interest on the Prepetition First Lien Debt at the contractual non-default rate and (2) from and after October 20, 2010, the Debtors shall accrue and pay interest on the Prepetition First Lien Debt at the contractual default rate until the Prepetition First Lien Debt is paid in full; and
>
> (C) upon any Event of Default or in the event the Prepetition First Lien Debt is not refinanced in full with proceeds of the DIP Loan on or before the Pre-October 20 Refinancing Date, the Debtors shall accrue and pay interest on the Prepetition First Lien Debt at the default contractual rate until such time as the Prepetition First Lien Debt is paid or refinanced in full in cash.

It is further

ORDERED that paragraph 14(a) of the Amended Interim DIP Financing Order is amended and replaced with the following:

> Investigation Period. (a) The Superpriority Claims, the Postpetition Liens, the First Lien Agent Adequate Protection Liens, the Prepetition First Liens and the Nordea Rights and Nordea Interests (as set forth in paragraph 29) shall be senior to, and no proceeds of the DIP Loan nor any Collateral or Prepetition Collateral, or Nordea Collateral (defined below), may be used to pay any claims for services rendered by any of the professionals retained by the Debtors, (or any successor trustee or other estate representative in any

Chapter 11 Case or any Successor Case), any creditor or party in interest, any committee or any other party in connection with the investigation of, assertion of or joinder in any claim, counterclaim, action, proceeding, application, motion, objection, defense or other contested matter or discovery against any DIP Agent, DIP Lenders, Prepetition First Lien Agent or Prepetition First Lien Lenders, or Nordea, in connection with any affirmative cause of action or contested matter to or the challenge of any claims or liens arising under, related to, or with respect to the DIP Loan and/or the Prepetition First Lien Debt. Notwithstanding anything herein to the contrary, until December 1, 2010, (the "Investigation Termination Date") the Creditors' Committee and no other party or entity shall be entitled to (i) investigate or conduct discovery with respect to the validity, amount, perfection, priority, and enforceability of the Prepetition First Lien Debt and Prepetition First Liens, and the Nordea Rights and Nordea Interests, and any potential claims, counterclaims, offsets, setoffs, defenses, contested matters or causes of action of the Debtors or their respective estates against or with respect to the Prepetition First Lien Agent or Prepetition First Lien Lenders, and (ii) file a motion (a "Committee Standing Motion") with the Court seeking standing to commence the prosecution, litigation and/or assertion of any of the foregoing potential claims, counterclaims, offsets, defenses, contested matters or causes of action (the potential claims, counterclaims, offsets, defenses, contested matters or causes of action described in clause (ii) of this Paragraph 14(a), together with any other claims, defenses, contested matters or causes of action of the Debtors or their estates against any of the Prepetition First Lien Agent and/or Prepetition First Lien Lenders, or against Nordea, collectively the "Challenge Actions"). A Committee Standing Motion seeking standing to commence the prosecution, litigation and/or assertion of any Challenge Actions, including any challenge to the Prepetition First Lien Debt or Prepetition First Liens, or to the Nordea Rights or Nordea Interests, or the assertion of any other claims, defenses, contested matters or causes of action of the Debtors or their estates against any of the Prepetition First Lien Agent and/or Prepetition First Lien Lenders, or against Nordea, must be made and filed by the Creditors' Committee on or before the Investigation Termination Date. Whether or not a Committee Standing Motion is filed, and subject to the rights of the trustee under paragraph 14(b), all holders of claims and interests as well as other parties in interest (other than the Creditors' Committee) shall be forever barred from bringing or taking any such Challenge Action on behalf of themselves, the Debtors, or these estates, and the Debtors' stipulations made in paragraph H (or in paragraph 29 with respect to Nordea), and the release (as set forth in paragraph 15) shall be binding on all parties in interest (other than the Creditors' Committee). If no Committee Standing Motion is filed on or before the Investigation Termination Date, the Creditors' Committee shall be forever barred from bringing or taking any such Challenge Action on behalf of themselves, the Debtors, or these estates, and the Debtors' stipulations made in paragraph H (or in paragraph 29 with respect to Nordea), and the release (as set forth in paragraph 15) shall be binding on all parties in interest. If such a Committee Standing Motion is timely and properly filed, any claim or action for which standing is not sought in the Committee Standing Motion shall be forever barred. In the event of a timely and successful challenge by the Creditors' Committee in any Challenge Action, this Court shall fashion the appropriate remedy with respect to the Prepetition First Lien Agent and Prepetition First Lien Lenders, and Nordea, as applicable, after hearing from all parties.

Notwithstanding the foregoing, no more than $25,000 in the aggregate from the proceeds of the DIP Loan and/or the Cash Collateral (and not the Nordea Collateral) may be applied to pay fees and expenses of the Creditors' Committee (but not the Debtors or any of their subsidiaries) in investigating, taking discovery with respect to, filing and prosecuting the Challenge Actions (the "Committee Challenge Fees").

It is further

**ORDERED** that paragraph 12(d) of the Amended Interim DIP Financing Order is amended and replaced with the following:

> <u>Consent to Priming and Adequate Protection: Prepetition First Lien Lenders</u>. The Prepetition First Lien Agent and the Prepetition First Lien Lenders consent to the adequate protection and the priming provided for herein; <u>provided</u>, <u>however</u>, that the consent of the Prepetition First Lien Agent and the Prepetition First Lien Lenders to the priming, the use of Cash Collateral, and the sufficiency of the adequate protection provided for herein is expressly conditioned upon the entry of this Interim Order (in form and substance satisfactory to the Prepetition First Lien Agent) and such consent shall not be deemed to extend to any other replacement financing or debtor in possession financing other than the DIP Loan provided pursuant to this Interim Order; and <u>provided</u>, <u>further</u>, that such consent shall be of no force and effect in the event (i) this Interim Order is not entered and the DIP Loan and DIP Financing Agreement as set forth herein are not approved, (ii) the Final Order is not entered by October 20, 2010, (iii) the refinancing of the Prepetition First Lien Debt is not approved and authorized by the Final Order or such refinancing does not occur by October 20, 2010; and <u>provided</u>, <u>further</u>, that in the event of the occurrence of the Termination Date, nothing herein shall alter the burden of proof set forth in the applicable provisions of the Bankruptcy Code at any hearing concerning the continued use of Prepetition Collateral (including Cash Collateral) by the Debtors.

It is further

**ORDERED** that Section 11.14 of the DIP Financing Agreement (as defined in the DIP Financing Motion) is hereby amended and replaced with the following:

> <u>Final Order</u>. The failure to enter the Final Order on or before October 20, 2010;

5

It is further

**ORDERED** that Section 11.31 of the DIP Financing Agreement is hereby amended and replaced with the following:

> <u>Refinancing of the Prepetition First Lien Loans</u>. Failure of (a) the refinancing of the Prepetition First Lien Loans to be approved in the Final Order on or before October 20, 2010 and (b) all Prepetition First Lien Debt under the Prepetition First Lien Loan Agreement to be indefeasibly repaid in full in cash within five (5) days after the entry of the Final Order.

It is further

**ORDERED** that all other provisions, terms, conditions and the like of the DIP Financing Agreement and the Amended Interim DIP Financing Order shall remain effective, in full force and effect without change. It is further

**ORDERED** that the effect and consequences of entry of this Order shall not constitute an Event of Default under Section 11.14, 11.31 or any other provision of the DIP Financing Agreement or the Amended Interim DIP Financing Order. It is further

**ORDERED** that the First and Second Amendments to the DIP Financing Agreement (the "<u>Amendments</u>") (attached hereto as **Exhibits A** and **B**, respectively) are hereby approved, and the Debtors are authorized to enter into the Amendments. It is further

**ORDERED** that notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, the terms of this Order shall be immediately effective and enforceable upon its entry, and the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order. It is further

**ORDERED** that this Court shall retain jurisdiction to hear and consider all disputes arising out of the interpretation or implementation of this Order.

Dated: Oct 1, 2010

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

3808481.1