**EXHIBIT A**

# AMENDMENT NO. 1
## TO
## SENIOR SECURED, SUPER-PRIORITY
## DEBTOR-IN-POSSESSION CREDIT AGREEMENT
## AND POST-CLOSING LETTER

**AMENDMENT NO. 1** (this "Amendment"), dated as of September 21, 2010, to that certain (i) Senior Secured, Super-Priority Debtor-In-Possession Credit Agreement, dated as of August 24, 2010 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "Credit Agreement"), among Trico Marine Services, Inc. (the "Borrower"), the guarantors party thereto from time to time (the "Guarantors"), the lenders party thereto from time to time (the "Lenders"), and Obsidian Agency Services, Inc. (the "Agent") and (ii) Post-Closing Letter Agreement, dated as of September 7, 2010, sent by the Borrower and agreed and accepted by the Lenders and the Agent (the "Post-Closing Letter"). Capitalized terms used but not defined herein have the meanings provided in the Credit Agreement.

## RECITALS

**WHEREAS**, the parties hereto desire to make certain amendments to certain provisions of the Credit Agreement and the Post-Closing Letter as specified herein, pursuant to and in accordance with Section 14.12 of the Credit Agreement;

**WHEREAS**, the Lenders party hereto constitute the Required Lenders under the Credit Agreement;

**NOW, THEREFORE**, based upon the above Recitals, the mutual premises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound, hereby agree as follows:

**SECTION 1. AMENDMENT.**

(a) Section 1 of the Credit Agreement is hereby amended by inserting in alphabetical order the following definitions:

"First Amendment" shall mean that certain Amendment No. 1 to the Credit Agreement, dated as of September 21, 2010, among the Borrower, the guarantors party thereto, the lenders party thereto, and the Agent.

"Priority Credit Facility" shall mean that certain Priority Credit Agreement, dated as of September 21, 2010, among Trico Shipping AS, as borrower, Trico Supply AS, the subsidiary guarantors party thereto, the lenders party thereto from time to time, and Cantor Fitzgerald Securities,

as administrative agent, and all other documents, instruments and agreements executed and delivered in connection with the Priority Credit Facility.

(b) Section 10.01 of the Credit Agreement is hereby amended to delete the "and" at the end of subclause (xxiii) therein, to delete the "." at the end of subclause (xxiv) therein and to replace it with the following language "; and" and to add a new subclause (xxv) which shall read as follows:

"(xxv) Liens on assets of the Trico Supply Group securing Indebtedness permitted pursuant to Section 10.04(xxii)."

(c) Section 10.04 of the Credit Agreement is hereby amended to delete the "and" at the end of subclause (xx) therein, to delete the "." at the end of subclause (xxi) therein and to replace it with the following language "; and" and to add a new subclause (xxii) which shall read as follows:

"(xxii) Indebtedness under the Priority Credit Facility in an aggregate principal amount not to exceed $22,000,000."

(d) Section 10.10 of the Credit Agreement is hereby amended to add a new sentence at the end of the last paragraph to read as follows:

"For purposes of determining compliance with this Section 10.10 for the period ending on September 3, 2010, the Loans shall be deemed fully funded by the Lenders and deposited the Advance Account as of such date."

(e) Section 10.13 of the Credit Agreement is hereby amended to delete the entirety of subclause (ii) and replacing it with the following:

"(ii) this Agreement and the other Credit Documents, the Senior Notes, the Trico Marine Cayman Intercompany Loan, the TMS Intercompany Indebtedness, the Trico Supply Intercompany Loan Documentation, the Trico Shipping Senior Secured Notes Documentation (as in effect on the Effective Date), the Trico Shipping Working Capital Credit Facility (as in effect on the Effective Date) and the Priority Credit Facility (as in effective as of the date of the First Amendment),"

(f) Section 10 of the Credit Agreement is hereby amended by adding the following new Section 10.23 at the end thereof:

"10.23    Budget Matters.  Borrower will not permit the aggregate amount of receipts scheduled to be received in any week pursuant to the Approved Budget under the line item labeled "Sale of Assets" to be received later than the second week following the week in which such amount is scheduled to be received pursuant to the Approved Budget; provided that with respect to proceeds scheduled to be received in

week 12 of the Approved Budget, such proceeds shall not be less than $5,225,000. For the avoidance of doubt, this provision shall require that (i) for the $5,000,000 of proceeds which are scheduled to be received in week 8 of the Approved Budget, such amount shall be received no later than October 29, 2010, (ii) for the $5,500,000 of proceeds which are scheduled to be received in week 12 of the Approved Budget, $5,225,000 shall be received no later than November 26, 2010. and (iii) for any other receipts that are scheduled to be received pursuant to the Approved Budget, such amount shall be received no later than the last day of the second week after they are scheduled to be received pursuant to the Approved Budget."

(g)     The third paragraph of the body of the Post-Closing Letter is hereby amended to delete the first line of subclause (1) and replacing it with the following:

"(1) No later than 5:00 p.m. (Pacific Time) on September 24, 2010, each of the following:"

## SECTION 2. AGREEMENT IN FULL FORCE AND EFFECT AS AMENDED.

Except as specifically amended hereby, all provisions of the Credit Agreement and the Post-Closing Letter shall remain in full force and effect. After this Amendment becomes effective, all references to the Credit Agreement, or the Post-Closing Letter (as applicable), and corresponding references thereto or therein such as "hereof", "herein", or words of similar effect referring to the Credit Agreement, or the Post-Closing Letter (as applicable), shall be deemed to mean the Credit Agreement, or the Post-Closing Letter (as applicable), as amended hereby. This Amendment shall not be deemed to expressly or impliedly waive, amend or supplement any provision of the Credit Agreement, or the Post-Closing Letter, other than as expressly set forth herein.

## SECTION 3. REPRESENTATIONS.

The Borrower and each of the Guarantors represents and warrants as of the date of this Amendment as follows:

(a)     it is duly incorporated or organized, validly existing and in good standing under the laws of its jurisdiction of incorporation or organization;

(b)     the execution, delivery and performance by it of this Amendment, the Credit Agreement as amended hereby and the Post-Closing Letter as amended hereby are within its powers, have been duly authorized, and do not contravene (A) its charter, by-laws, or other organizational documents, or (B) any applicable law;

(c)     no consent, license, permit, approval or authorization of, or registration, filing or declaration with any governmental authority, is required in connection with the execution, delivery, performance, validity or enforceability of this Amendment, the

Credit Agreement as amended hereby and the Post-Closing Letter as amended hereby by or against it;

(d) this Amendment has been duly executed and delivered by it;

(e) each of this Amendment, the Credit Agreement as amended hereby and the Post-Closing Letter as amended hereby constitutes its legal, valid and binding obligation, enforceable against it in accordance with its terms, except as enforceability may be limited by applicable bankruptcy, insolvency, reorganization, moratorium or similar laws affecting the enforcement of creditors' rights generally or by general principles of equity; and

(f) no Default or Event of Default (after giving effect to this Amendment) has occurred and is continuing.

### SECTION 4. LEGAL FEES.

The Borrower covenants and agrees to pay in full, to the extent invoiced, on or prior to the date of the execution of this Amendment, all reasonable legal fees of Latham & Watkins LLP, counsel to the Administrative Agent, incurred in connection with the execution of this Amendment.

### SECTION 5. CONDITIONS TO EFFECTIVENESS.

The effectiveness of this Amendment is conditioned upon the delivery to the Agent of duly executed signature pages by all parties hereto. Upon such effectiveness, this Amendment shall be deemed to have become effective as of (i) September 1, 2010 for all purposes under the Credit Agreement and (ii) September 7, 2010 for all purposes under the Post-Closing Letter.

### SECTION 6. MISCELLANEOUS.

(a) This Amendment may be executed in any number of counterparts (including by facsimile), and by the different parties hereto on the same or separate counterparts, each of which shall be deemed to be an original instrument but all of which together shall constitute one and the same agreement.

(b) The descriptive headings of the various sections of this Amendment are inserted for convenience of reference only and shall not be deemed to affect the meaning or construction of any of the provisions hereof.

(c) This Amendment may not be amended or otherwise modified except as provided in the Credit Agreement.

(d) The failure or unenforceability of any provision hereof shall not affect the other provisions of this Amendment.

(e) Whenever the context and construction so require, all words used in the singular number herein shall be deemed to have been used in the plural number, and vice versa, and the masculine gender shall include the feminine and neuter and the neuter shall include the masculine and feminine.

(f) The Credit Agreement, and the Post-Closing Letter, as amended by this Amendment represents the final agreement among the parties with respect to the matters set forth therein (as applicable) and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements among the parties. There are no unwritten oral agreements among the parties with respect to such matters.

(g) **THIS AMENDMENT AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES UNDER THIS AMENDMENT SHALL BE GOVERNED BY AND CONSTRUED AND INTERPRETED IN ACCORDANCE WITH THE CHOICE OF LAW PROVISIONS SET FORTH IN THE CREDIT AGREEMENT AND SHALL BE SUBJECT TO THE WAIVER OF JURY TRIAL AND NOTICE PROVISIONS OF THE CREDIT AGREEMENT.**

[Remainder of Page Intentionally Left Blank]

IN WITNESS WHEREOF, the parties have caused this Amendment to be executed by their respective officers thereunto duly authorized, as of the date first above written.

TRICO MARINE SERVICES, INC.,
   as the Borrower

By: _____
   Name: Geoff Jones
   Title: Sr. Vice President & CFO

TRICO MARINE ASSETS, INC.,
   as a Guarantor

By: _____
   Name: Brett A. Cenkus
   Title: President

TRICO MARINE OPERATORS, INC.,
   as a Guarantor

By: _____
   Name: Brett A. Cenkus
   Title: President

TRICO MARINE INTERNATIONAL. INC.,
   as a Guarantor

By: _____
   Name: Brett A. Cenkus
   Title: President

TRICO MARINE SERVICES (HONG KONG) LIMITED, as a Guarantor
By: Trico Marine Assets, Inc., its Sole Member

By: _____
   Name: Brett A. Cenkus
   Title: President

COASTAL INLAND MARINE SERVICES
LIMITED,
  as a Guarantor

By: _____
  Name: Geoff Jones
  Title: Director

SERVICIOS DE APOYO MARITIMO DE
MEXICO, S. DE R.L. DE C.V.,
  as a Guarantor

By: _____
  Name: Geoff Jones
  Title: Manager

TRICO SERVICOS MARITIMOS LTDA.
  as a Guarantor

By: _____
  Name: Tomás Salazar
  Title: Manager

TRICO MARINE CAYMAN, L.P.
  as a Guarantor
  By: Trico Holdco LLC, its general partner
  By: Trico Marine Services, Inc., its sole
  member

By: _____
  Name: Geoff Jones
  Title: Sr. Vice President & CFO

TRICO HOLDCO LLC
   as a Guarantor
   By: Trico Marine Services, Inc., its sole member

By: _____
   Name: Geoff Jones
   Title: Sr. Vice President & CFO

TRICO INTERNATIONAL HOLDINGS B.V.
   as a Guarantor

By: _____
   Name: Geoff Jones
   Title: Director A

TRICO MARINE INTERNATIONAL HOLDINGS B.V.,
   as a Guarantor

By: _____
   Name: Geoff Jones
   Title: Director A

SPECIAL VALUE CONTINUATION
PARTNERS, LP, as Lender

TENNENBAUM OPPORTUNITIES
PARTNERS V, LP, as Lender

TENNENBAUM DIP OPPORTUNITY
FUND, LLC, as Lender

By: Tennenbaum Capital Partners, LLC,
Investment Manager of each of the
above companies

By: _____
Name: David Hollander
Title: Partner


OBSIDIAN AGENCY SERVICES, INC.,
as Agent

By: _____
Name: David Hollander
Title: Partner