# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TRICO MARINE SERVICES, INC., *et al.*,[1] | ) Case No. 10-12653 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Hearing Date: Nov. 29, 2010 at 1:30 p.m. (ET) [Proposed] |
| | Objections Due: Nov. 24, 2010 at noon (ET) [Proposed] |

## DEBTORS' MOTION FOR AN ORDER (A) APPROVING SALE PROCEDURES TO BE UTILIZED IN CONNECTION WITH THE SALE OF ASSETS, (B) APPROVING THE FORM OF NOTICE RELATED TO ACCEPTED OFFERS, (C) AUTHORIZING THE SALE OF ASSETS PURSUANT TO THE SALE PROCEDURES, (D) SETTING SALE HEARINGS, AND (E) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), file this *Motion for an Order (A) Approving Sale Procedures to be Utilized in Connection with the Sale of Assets, (B) Approving the Form of Notice Related to Accepted Offers, (C) Authorizing the Sale of Assets Pursuant to the Sale Procedures, (D) Setting Sale Hearings, and (E) Granting Related Relief* (the "Motion") and respectfully submit the following:

## JURISDICTION AND PROCEDURAL BACKGROUND

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors are the following entities (followed by the last four digits of their tax identification numbers): Trico Marine Services, Inc. (2405); Trico Marine Assets, Inc. (2404); Trico Marine Operators, Inc. (6124); Trico Marine International, Inc. (3132); Trico Holdco, LLC (3870); Trico Marine Cayman, L.P. (5842). The mailing address for all of the Debtors for the purpose of these Cases is 10001 Woodloch Forest Drive, Suite 610, The Woodlands, TX 77380.

**DEBTORS' MOTION FOR AN ORDER (A) APPROVING SALE PROCEDURES TO BE UTILIZED IN CONNECTION WITH THE SALE OF ASSETS, (B) APPROVING THE FORM OF NOTICE RELATED TO ACCEPTED OFFERS, (C) AUTHORIZING THE SALE OF ASSETS PURSUANT TO THE SALE PROCEDURES, (D) SETTING SALE HEARINGS, AND (E) GRANTING RELATED RELIEF**  Page 1 of 15
US 633872v.9

3. On August 25, 2010 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned bankruptcy cases (the "Cases").

4. Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

## STATEMENT OF FACTS

5. As a part of the immediate business plan of the Debtors, as previously disclosed, the Debtors seek to exit the Towing and Supply segment of their business. In furtherance of this business plan, the Debtors intend to sell their operating assets (each, an "Asset" and collectively, the "Assets") pursuant to the procedures set forth in this Motion. For purposes of this Motion, the Assets will include any remaining operating assets listed on the Debtors' Schedules (or which will later be set forth in any amended Schedules) for which the estates are required to expend cash to operate, including, but not limited to, the following vessels and any vessel related inventory:

   a. Spirit River vessel;
   b. Hondo River vessel;
   c. Palma River vessel;
   d. Buffalo River vessel;
   e. James River vessel;
   f. Leigh River vessel;
   g. Manatee River vessel;
   h. Pearl River vessel; and
   i. Truckee River vessel.

6. Excluded from the definition of Assets are, *inter alia*, (i) cash and cash equivalents; (ii) receivables, rights to payment, offsets and the like; (iii) intercompany notes; (iv) stock interests; (v) the Debtors' and their subsidiaries' books and records; (vi) all causes of

action, including, but not limited to, avoidance actions; (vii) joint venture interests, and (viii) intellectual property; (ix) office equipment and automobiles; (x) insurance and (x) other *de minimis* property (the "Excluded Assets").

7. The Debtors, and their professionals, have embarked on a diligent process to sell the Assets for the highest and best price as expeditiously as possible, for the benefit of their estates and creditors. The Debtors previously distributed a list of their key Assets to multiple international brokerage houses, and solicited offers for certain of the Assets individually or *en bloc*. These efforts have led to agreements and pending sale motions regarding the sale of certain of the Debtors vessels. The Debtors, and their professionals, will continue to follow up with the initial contacts and continue to solicit interest. In addition, the Debtors will publish notice of the availability of the Assets in applicable trade and newspaper publications that, in the Debtors' business judgment, will put other potential buyers on notice of the availability of the Assets. Such publications will include, but are not limited to, Lloyd's List and Fairplay.

## RELIEF REQUESTED

8. In pursuit of the Debtors' goal to exit the Towing and Supply segment of their business, the Debtors seek approval of standard procedures (as described below, the "Sale Procedures") for the orderly sale of the Assets (each, a "Sale" and collectively, "Sales"). The Debtors submit that the Sales of the Assets will further the strategic objectives for the Debtors to wind down their operations, and the use of the Sale Procedures is the best suited mechanism for maximizing the realizable value of the Assets, while providing clear, advance notice to parties in interest of the procedure for purchase of the Assets. This Motion is not intended to obligate the Debtors to sell any particular Asset, but to provide an efficient and effective mechanism pursuant

to which the Debtors are authorized to sell the Assets, if they determine in their business judgment that it is in the estates' best interest to do so.

9. Therefore, the Debtors request that, pursuant to Bankruptcy Code §§ 105, 363 and 365, Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Court enter an Order (A) approving the Sale Procedures, substantially in the form set forth below in connection with any Sale of the Assets, both individually and *en bloc*; (B) approving the form of notice related to accepted offers; (C) authorizing the Debtors to sell each Asset free and clear of all liens, claims, and encumbrances pursuant to the Sale Procedures as described herein; and (D) setting Sale Hearings (as defined below). The Debtors submit that the Assets have been and will continue to be extensively marketed, as set forth above, and that all relevant terms regarding the sale of an Asset will be disclosed in the Notice of Accepted Offer (as defined below) and served upon the Notice Parties (as defined below). The Debtors submit that the Notice of Accepted Offer is adequate and reasonable under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

### The Sale Procedures

10. The Debtors request that the Court approve the following Sale Procedures:

   a. Upon receipt of an offer for any or all Assets, the Debtors may, in their sole discretion, accept an offer and execute an Asset Purchase Agreement (an "Agreement"), subject to Bankruptcy Court approval.

   b. After acceptance of an offer, the Debtors shall file notice of the accepted offer (the "Notice of Accepted Offer") which shall include the following:

      (i) identification of the potential purchaser;

(ii) identification of the Asset(s) to be purchased;

(iii) the proposed purchase price;

(iv) the deposit paid by the potential purchaser, if any;

(v) any significant conditions of delivery;

(vi) the date by which the Asset(s) are expected to be delivered;

(vii) the date and time of the deadline for submission of any higher and better offers for the respective Asset(s) (the "<u>Offer Deadline</u>");

(viii) the date, time, and location of an Auction (as defined below) of the Asset(s), if an Auction is to be held;

(ix) the time and place of the Sale Hearing; and

(x) the objection deadline for the Sale Hearing.

c. The Debtors shall file each Notice of Accepted Offer on the Court's docket and send a copy to the following parties: (i) the United States Trustee; (ii) counsel to the applicable counterparty; (iii) counsel to the Committee; (iv) all parties listed in paragraph 31; (v) all parties (other than Debtors) to relevant contracts or leases in connection with the proposed Sale; and (vi) any person or entity known to have asserted a lien, claim, encumbrance, security interest, or other interest in or to the Assets (collectively the "<u>Notice Parties</u>").

d. If the Debtors receive additional offers for such Asset(s) by the Offer Deadline, the Debtors may, in their sole discretion, conduct an auction (an "<u>Auction</u>") to procure the highest and best price for such Asset(s). The date, time, and location of an Auction shall be set forth in the applicable Notice of Accepted Offer.

e. At or prior to an Auction, the Debtors may provide for any necessary procedures that, in the Debtors' business judgment, will procure the highest and best offer for particular Asset(s), including, but not limited to, designation of a "stalking horse" bidder.

f. Each Auction shall be conducted openly and the Debtors, and their counsel, and the Committee, and their counsel, may each attend and observe each Auction. Bidding at each Auction shall be transcribed or videotaped. Additionally, each bidder participating in an Auction must

confirm that it has not engaged in any collusion with respect to the bidding of the sale.

g. Obsidian Agency Services, Inc., as Agent under the Senior Secured, Super-Priority Debtor-in-Possession Credit Agreement dated August 24, 2010 reserves all rights to credit bid for the Assets and the Debtors reserve all rights to determine that such credit bid was not the highest and best bid.

h. After completion of an Auction and selection of the highest and best offer as determined by the Debtors, or after acceptance of an offer if no Auction is to be held, the Bankruptcy Court shall, upon request by the Debtors, conduct a hearing to approve the sale of the Asset(s) (a "Sale Hearing") on the next omnibus hearing date that is at least 10 days after the Notice of Accepted Offer is filed, unless the Debtors request, for cause shown, a different hearing date and/or shortened notice.

i. To the extent there are any Assets remaining which a Notice of Accepted Offer has not yet been filed, January 17, 2011 at 12:00 p.m. (prevailing Central Time) (the "Final Offer Deadline") shall be the deadline for potential bidders to file any final offers. On January 24, 2011 at 10:00 a.m. (prevailing Central Time) the Debtors shall hold an Auction (the "Final Auction") for the Sale of any remaining Assets not yet subject to an offer. The Bankruptcy Court shall hold a Sale Hearing to approve the sale of any Assets auctioned at the Final Auction, or of any other Assets subject of an offer for which a Sale has not yet approved by the Court on January 31, 2011, or as soon thereafter as is practical given the Court's schedule (the "Final Sale Hearing").

j. For any Asset not subject to an acceptable offer as of the Final Offer Deadline, the Debtors may seek to abandon such Asset according to Bankruptcy Code § 554 at the Final Sale Hearing.

k. The Debtors, in their sole discretion, may extend the Final Offer Deadline.

## BASIS FOR RELIEF

11. Pursuant to Bankruptcy Rule 6004(f), sales of property outside the ordinary course of business may be by private sale or auction. The Debtors believe that good cause exists to proceed with the process set forth herein. A sale process conducted substantially in accordance with the Sale Procedures will enable the Debtors to obtain the highest and best offers for the Assets, thereby maximizing the value of the Debtors' estates.

12. The Sale Procedures provide an appropriate framework for efficiently selling the Assets and will enable the Debtors to review, analyze, and compare all bids received to determine which bid or bids are in the best interests of Debtors' estates and creditors and will otherwise maximize value. Therefore, the Debtors respectfully request that this Court approve the Sale Procedures and the proposed dates for the Sale Hearings and the Final Sale Hearing.

**A.     The Sale Procedures**

13. Bankruptcy Code § 363(b)(1) provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate…." 11 U.S.C. § 363(b)(1); *see also* Fed. R. Bankr. P. 6004.

14. A debtor's business judgment is entitled to substantial deference with respect to the procedures to be used in selling assets of the estate. *See, e.g., Official Committee of Subordinated Bondholders v. Integrated Resources, Inc. (In re Integrated Resources, Inc.)*, 147 B.R. 650, 656-57 (Bankr. S.D.N.Y. 1992) (noting that overbid procedures and break-up fee arrangements that have been negotiated by a debtor are to be reviewed according to the "business judgment standard, under which such procedures and arrangements are "presumptively valid").

15. The primary goal of any proposed sale is to maximize the value for the estate. *See Burtch v. Ganz* (*In re Mushroom Transp. Co.*), 382 F.3d 325, 339 (3d Cir. 2004) (explaining fiduciary duty of debtor in possession to maximize estate's assets); *Official Comm. Of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548, 573 (3d Cir. 2003); *Four B. Corp. v. Food Barn Stores, Inc.* (*In re Food Barn Stores, Inc.*), 107 F.3d 558, 564-65 (8th Cir. 1997) (goal of bankruptcy sales is to enhance the value of the estate).

**DEBTORS' MOTION FOR AN ORDER (A) APPROVING SALE PROCEDURES TO BE UTILIZED IN CONNECTION WITH THE SALE OF ASSETS, (B) APPROVING THE FORM OF NOTICE RELATED TO ACCEPTED OFFERS, (C) AUTHORIZING THE SALE OF ASSETS PURSUANT TO THE SALE PROCEDURES, (D) SETTING SALE HEARINGS, AND (E) GRANTING RELATED RELIEF**     Page 7 of 15
US 633872v.9

16. Bidding and other sale procedures should be approved in a particular case when they benefit the estate by maximizing the value of the assets. *In re Edwards*, 228 B.R. 552, 561 (Bankr. E.D. Pa. 1998) ("The purpose of procedural bidding orders is to facilitate an open and fair public sale designed to maximize value for the estate").

**B.      Sale of the Assets**

17. Bankruptcy Code § 363(b)(1) provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. . . ." 11 U.S.C. § 363(b)(1). Pursuant to Bankruptcy Rule 6004, all sales not in the ordinary course of business may be by private sale or by public auction. Fed. R. Bankr. P. 6004(f)(1). Furthermore, Bankruptcy Code § 105(a) provides that "[t]he Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

18. As this Court has recognized, whether to proceed by public or private asset sale is committed to the sound discretion of the trustee or debtor in possession. *See In re Alisa P'ship*, 15 B.R. 801, 802 (Bankr. D. Del. 1981). Indeed, it has been stated that a "bankruptcy court should have wide latitude in approving even a private sale of all or substantially all of the estate assets not in the ordinary course of business under § 363(b)." *In re Ancor Exploration Co.*, 30 B.R. 802, 808 (N.D. Okla. 1983).

**A Valid Business Justification Exists for the Sale of the Assets**

19. Bankruptcy Code § 363 does not set forth a standard for determining when a court should authorize the sale or disposition of a debtor's assets. *See* 11 U.S.C. § 363(b). However, courts in this Circuit and others have required that the decision to sell assets outside the ordinary

**DEBTORS' MOTION FOR AN ORDER (A) APPROVING SALE PROCEDURES TO BE UTILIZED IN CONNECTION WITH THE SALE OF ASSETS, (B) APPROVING THE FORM OF NOTICE RELATED TO ACCEPTED OFFERS, (C) AUTHORIZING THE SALE OF ASSETS PURSUANT TO THE SALE PROCEDURES, (D) SETTING SALE HEARINGS, AND (E) GRANTING RELATED RELIEF**                                                         **Page 8 of 15**
US 633872v.9

course of business be based upon the sound business judgment of the debtors. *See In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983); *Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp., (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D.D.C. 1991).

20. The "sound business judgment" test requires a debtor to establish four elements in order to justify the sale or lease of property outside the ordinary course of business, namely: (a) that a "sound business purpose" justifies the sale of assets outside the ordinary course of business; (b) that adequate and reasonable notice has been provided to interested persons; (c) that the debtors have obtained a fair and reasonable price; and (d) that the sale was negotiated in good faith. *Abbotts Dairies*, 788 F.2d 143; *Titusville Country Club v. Pennbank (In re Titusville Country Club)*, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991); *In re Sovereign Estates, Ltd.*, 104 B.R. 702, 704 (Bankr. E.D. Pa. 1989). A debtor's showing of a sound business purpose need not be unduly exhaustive but, rather, a debtor is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a transaction depends upon the facts and circumstances of each case. *See Lionel*, 722 F.2d at 1071. This fundamental analysis does not change if the proposed sale is private, rather than public. *See In re Ancor Exploration Co.*, 30 B.R. at 808. At the respective Sale Hearing, the Debtors will prove that the decision to proceed with the sale of the Assets is based upon their reasonable business judgment and should be approved.

21. <u>Sound Business Purpose</u>.  The Debtors submit that more than ample business purpose exists to sell the Assets pursuant to the Sale Procedures.  The Assets are not necessary for business operations, and the sale of the Assets is a part of the Debtors' business plan.  The Debtors have made numerous public disclosures of their intention to exit the Towing and Supply segment of their businesses.  Because the Assets are Towing and Supply Assets, these Sales further the objectives for the Debtors.

22. Furthermore, the Assets have been, and continue to be, extensively marketed, and the Debtors submit that these Sale Procedures ensure that the purchase price ultimately agreed to will be the highest and best offer received for the Assets.  In any event, any proposed Sales would not be final until approved at a Sale Hearing, ensuring court oversight of the process.

23. <u>Adequate and Reasonable Notice</u>.  The Debtors will provide notice of any Sale to the Notice Parties as set forth in the Sale Procedures.  The Debtors submit that the Notice of Accepted Offer will comply with all applicable procedural rules.  *See* Fed. R. Bankr. P. 2002(c)(1) (notice must contain "the terms and conditions of any private sale and the time fixed for filing objections"); *see also* Local Rule 6004-1(c)(ii).

24. <u>Fair and Reasonable Price</u>.  Any Sale of the Assets pursuant to the Sale Procedures will provide fair and reasonable value in exchange for the Assets.  The Debtors believe that the marketing and sale process will be conducted in a commercially-reasonable manner and that the ultimate purchase price will constitute the highest and best offer for the Assets, as determined by the Court at an applicable Sale Hearing.

25. <u>Buyer's Good Faith</u>.  Bankruptcy Code § 363(m) provides that "the reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or

**DEBTORS' MOTION FOR AN ORDER (A) APPROVING SALE PROCEDURES TO BE UTILIZED IN CONNECTION WITH THE SALE OF ASSETS, (B) APPROVING THE FORM OF NOTICE RELATED TO ACCEPTED OFFERS, (C) AUTHORIZING THE SALE OF ASSETS PURSUANT TO THE SALE PROCEDURES, (D) SETTING SALE HEARINGS, AND (E) GRANTING RELATED RELIEF**    **Page 10 of 15**
US 633872v.9

lease of property does not affect the validity of a sale or lease under such authorization to an entity that has purchased or leased such property in good faith." 11 U.S.C. § 363(m). While the Bankruptcy Code does not define "good faith," the Third Circuit in *In re Abbotts Dairies* held that:

> The requirement that a [buyer] act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a [buyer's] good faith status at a judicial sale involves fraud, collusion between the [proposed buyer] and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

788 F.2d at 147 (citations omitted). The Debtors submit that the Sales Procedures ensure that any Agreement will be negotiated at arm's length and in good faith. Thus, any purchaser of an Asset should be entitled to the full protections of Bankruptcy Code § 363(m) at the Sale Hearing and in any order approving a Sale.

### Sale of the Assets Free and Clear of Liens, Claims and Encumbrances is Appropriate

26. Furthermore, at the respective Sale Hearing, the Debtors will request authority to transfer the Assets free and clear of any and all liens, claims and encumbrances. Bankruptcy Code § 363(f) provides:

(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—

    (1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;

    (2)    such entity consents;

    (3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    (4)    such interest is in bona fide dispute; or

    (5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

27. Because § 363(f) is drafted in the disjunctive, satisfaction of any one of its five requirements will suffice to permit the sale of the Assets free and clear of liens and interests. *Citicorp Homeowners Serv., Inc. v. Elliot (In re Elliot),* 94 B.R. 343, 345 (E.D. Pa. 1988). Furthermore, courts have held that they have the equitable power to authorize sales free and clear of interests that are not specifically covered by Section 363(f). *See, e.g., In re Trans World Airlines, Inc.,* 2001 WL 1820325, at *3, 6 (Bankr. D. Del. Mar. 27, 2001); *Volvo White Truck Corp. v. Chambersburg Beverage, Inc. (In re White Motor Credit Corp.),* 75 B.R. 944, 948 (Bankr. N.D. Ohio 1987).

28. The Debtors submit that at least one of the tests detailed in Bankruptcy Code §363(f) will be satisfied pursuant to the sale of the Assets and will be demonstrated, if necessary, at the applicable Sale Hearing.

**Payments from Proceeds**

29.     The Debtors seek authority to pay from the sales proceeds any appropriate closing costs in connection with the transaction where necessary, including any broker fees and any fees related to Class and Flag documentation and transfer matters for any vessels to be sold without the need for further Court order. All remaining Sale proceeds will be used and dispersed pursuant to a confirmed plan under Bankruptcy Code § 1129, applicable Order(s) regarding DIP financing, cash collateral and adequate protection, or any other applicable order.

**NO PRIOR REQUEST**

30.     No prior request for the relief sought in this Motion has been made to this Court in these Cases.

**NOTICE**

31.     Notice of this Motion has been provided by e-mail, facsimile, or overnight delivery to: (a) the Office of the United States Trustee for the District of Delaware; (b) Tennenbaum, as lender for the U.S. Credit Facility and Trico Shipping W/C Facility; (c) Obsidian, as administrative agent and collateral agent for the U.S. Credit Facility and DIP Credit Agreement; (d) Nordea, as lender for the Trico Shipping W/C Facility, and as administrative for the Trico Shipping W/C Facility; (e) U.S. Bank, as Trustee and collateral agent for the Secured Notes; (f) Wells Fargo Bank, as Trustee for the 3% Notes; (g) Unicredit, as lender for the Trico Shipping W/C Facility; (h) Deutsche Bank National Trust Company, as Trustee for the High Yield Notes; (i) Wilmington Trust FSB, as collateral agent for the Trico Shipping W/C Facility and the High Yield Notes; (j) those persons who have formally appeared in these Cases and requested service pursuant to Bankruptcy Rule 2002; (k) counsel to the Official Committee of

**DEBTORS' MOTION FOR AN ORDER (A) APPROVING SALE PROCEDURES TO BE UTILIZED IN CONNECTION WITH THE SALE OF ASSETS, (B) APPROVING THE FORM OF NOTICE RELATED TO ACCEPTED OFFERS, (C) AUTHORIZING THE SALE OF ASSETS PURSUANT TO THE SALE PROCEDURES, (D) SETTING SALE HEARINGS, AND (E) GRANTING RELATED RELIEF**                           Page 13 of 15
US 633872v.9

Unsecured Creditors; and (l) all applicable government agencies to the extent required by the Bankruptcy Rules and the Local Rules.

## **PRAYER**

The Debtors respectfully request that the Court enter an Order (A) approving the Sale Procedures, substantially in the form set forth below in connection with any Sale of the Assets, both individually and *en bloc*; (B) approving the form of notice related to accepted offers; (C) authorizing the Debtors to sell each Asset free and clear of all liens, claims, and encumbrances pursuant to the Sale Procedures as described herein; and (D) setting Sale Hearings. The Debtors further request that the Court grant them such other and further relief to which they may be justly entitled.

|  |  |
|---|---|
| November 15, 2010<br>Wilmington, Delaware | Respectfully submitted,<br><br>*/s/ Andrew R. Remming*<br>Robert J. Dehney (No. 3578)<br>Gregory T. Donilon (No. 4244)<br>Andrew R. Remming (No. 5120)<br>L. John Bird (No. 5310)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>Tel: 302.658.9200<br>Fax: 302.658.3989<br><br>-and-<br><br>John E. Mitchell<br>Tonya M. Ramsey<br>Angela B. Degeyter<br>VINSON & ELKINS LLP<br>Trammell Crow Center<br>2001 Ross Avenue, Suite 3700<br>Dallas, Texas 75201<br>Tel: 214.220.7700<br>Fax: 214.999.7787<br>jmitchell@velaw.com<br>tramsey@velaw.com<br>adegeyter@velaw.com<br><br>*Attorneys for the Debtors and Debtors-in-Possession* |