IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- X
: 
In re: : Chapter 11
 : 
TRICO MARINE SERVICES, INC., et al., : Case No. 10-12653 (BLS)
 : 
Debtors.[1] : Jointly Administered
 : 
 : [RE: Docket Nos. 293, 376, 391,
---------------------------------------------------------------- X  447, and 462]

**LIMITED RESPONSE OF U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, TO EMERGENCY MOTION OF THE DEBTORS PURSUANT TO 11 U.S.C. §§ 105(A), 361, 363, 507(B), 1107, AND 1108 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 4001, 9006(B) AND 9014 FOR AN ORDER (A) AUTHORIZING THE USE OF CASH COLLATERAL, (B) GRANTING ADEQUATE PROTECTION TO PREPETITION LENDERS AND (C) SCHEDULING A FINAL HEARING**

U.S. Bank National Association, as trustee for the 8.125% Secured Convertible Debentures due 2013 (the "Trustee"), by and through the undersigned counsel, hereby submits this limited response (the "Response") to the Emergency Motion of the Debtors Pursuant to 11 U.S.C. §§ 105(a), 361, 363, 507(b), 1107, and 1108 and Federal Rules of Bankruptcy Procedure 4001, 9006(b) and 9014 for an Order (A) Authorizing the Use of Cash Collateral, (B) Granting Adequate Protection to Prepetition Lenders and (C) Scheduling a Final Hearing (Docket No. 416) (the "Motion").[2] In connection therewith, the Trustee respectfully represents as follows:

1. On November 10, 2010, the Debtors filed the Motion, seeking authorization of use of cash collateral. In the Motion, the Debtors proposed to grant to the Trustee "additional and replacement security interests and liens in and upon all of the Debtors' assets and causes of action, excluding only avoidance actions, which liens shall be junior and subordinated only to the

---

[1] The Debtors are as follows: Trico Marine Assets, Inc. (Case No. 10-12648); Trico Marine Operators, Inc. (Case No. 10-12649); Trico Marine International, Inc. (Case No. 10-12650); Trico Marine Cayman, LP (Case No. 10-12651); Trico Holdco, LLC (Case No. 10-12652); and Trico Marine Services, Inc. (Case No. 10-12653).

[2] Capitalized terms used and not defined herein have the meanings given to them in the Motion.

liens securing the DIP Facility, the Adequate Protection Liens granted to Tennenbaum and the Carve-Out." (Motion ¶ 29.)

2. On November 10, 2010, the Court entered its Interim Order Pursuant to 11 U.S.C. §§ 105(a), 361, 363, 507(b), 1107, and 1108 and Federal Rules of Bankruptcy Procedure 4001, 9006(b) and 9014, (A) Authorizing the Use of Cash Collateral, (B) Granting Adequate Protection to Prepetition Lenders and (C) Scheduling a Final Hearing (Docket No. 422) (the "<u>Interim Order</u>"). In the Interim Order, the Court stated that "the Agent for the benefit of the Lenders and the Indenture Trustee for the benefit of the holders of the Second Lien Notes shall be granted such adequate protection liens and superpriority claims as are provided in the Amended Interim DIP Order to the extent the Court determines such liens and claims are necessary to adequately protect the Lenders and the holders of the Second Lien Notes, as applicable." (Interim Order ¶ 3A.).

3. As noted in the Motion and the Interim Order, the Trustee holds a second lien on certain of the Debtors' assets (the "<u>Collateral</u>"). Tennenbaum DIP Opportunity Fund, LLC, Tennenbaum Opportunities Partners V, LP, and Special Value Continuation Partners, LP (collectively, "<u>Tennenbaum</u>") hold the first lien on the Collateral. The respective rights of the Trustee and Tennenbaum with regard to the Collateral are governed by the Intercreditor Agreement dated as of May 14, 2009, by and among Trico Marine Services, Inc., a Delaware corporation, Trico Marine Assets, Inc., a Delaware corporation, Trico Marine Operators Inc., a Louisiana corporation, Tennenbaum as successor to Nordea Bank Finland PLC, New York Branch, as first-lien collateral agent, and the Trustee as successor to Wells Fargo Bank, National Association, as second-lien collateral agent (the "<u>Intercreditor Agreement</u>").

4. Subject to the Intercreditor Agreement, the Trustee notes that the description of its adequate protection in the Motion and the Interim Order is inappropriately vague and is insufficient to protect the Trustee's interests in the Collateral.

5. To the extent Tennenbaum withholds consent to the Debtors' use of cash collateral, the Trustee hereby reserves its right to object to the Debtors' continued use of cash collateral as permitted by the Intercreditor Agreement. To the extent Tennenbaum consents to the use of cash collateral, the Trustee hereby requests adequate protection to the full extent permitted by the Intercreditor Agreement, including in the form of replacement liens junior to those of Tennenbaum. Finally, to the extent the Debtors' obligations to Tennenbaum are paid off as a result certain proposed sales of Collateral or otherwise, the Trustee hereby reserves the right to raise any objection relating to debtor-in-possession financing, the Trustee's adequate protection, the Debtors' use of cash collateral, or any other matter.

6. For these reasons and any others that may be raised at the hearing on the Motion, the Trustee submits this Response and respectfully requests (a) that the Court grant the Motion in a manner describing the Trustee's adequate protection in sufficient detail to protect its interest in the Collateral consistent with the Intercreditor Agreement and (b) that the Court grant such other relief as is just and proper in the circumstances.

Dated: November 24, 2010                    DORSEY & WHITNEY (DELAWARE) LLP

By: /s/ Robert W. Mallard
Eric Lopez Schnabel, Esq. (DE ID# 3672)
Robert W. Mallard, Esq. (DE ID# 4279)
300 Delaware Avenue, Suite 1010
Wilmington, DE 19801
Tel: (302) 425-7171
Fax: (302) 425-7177

and

Katherine A. Constantine, Esq. (admitted pro hac)
Steven J. Heim, Esq. (admitted pro hac)

DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

*Counsel for U.S. Bank National Association, as Trustee*