**EXHIBIT B**
[Blackline Comparison]

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TRICO MARINE SERVICES, INC., *et al.*,[1] | ) Case No. 10-12653 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) (Relates to Dkt. No. ~~---~~ 293) |
| | ) |

## ORDER GRANTING MOTION TO APPROVE THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES TO ~~TIDEWATER, INC.~~ BUYER

Upon consideration of the *Debtors' Motion to Approve the Sale of Assets Free and Clear of Liens, Claims, and Encumbrances to Tidewater, Inc.* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") pursuant to Sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), ~~for~~ *the Debtors' Motion for an Order (A) Approving Sale Procedures in Connection with the Sale of Trico Mystic and Trico Moon Vessels; (B) Scheduling an Auction and Hearing to Consider Approval of the Sale; and (C) Granting Related Relief* (the "Sale Procedures Motion"); and the *Order Granting Debtors' Motion for an Order (A) Approving Sale Procedures in Connection with the Sale of Trico Mystic and Trico Moon Vessels; (B) Scheduling an Auction and Hearing to Consider Approval of the Sale; and (C) Granting Related Relief*, under which the Debtors sought entry of an order (i) authorizing and approving the ~~private~~ sale (the "Sale") of the TMA Vessels to ~~Buyer~~ Tidewater Inc. ("Tidewater") or the bidder offering the highest and best offer for

---

[1] The Debtors are the following entities (followed by the last four digits of their tax identification numbers): Trico Marine Services, Inc. (2405); Trico Marine Assets, Inc. (2404); Trico Marine Operators, Inc. (6124); Trico Marine International, Inc. (3132); Trico Holdco, LLC (3870); Trico Marine Cayman, L.P. (5842). The mailing address for all of the Debtors for the purpose of these Cases is 10001 Woodloch Forest Drive, Suite 610, The Woodlands, TX 77380.

[2] Capitalized terms used but not defined herein shall have the meaning given to them in the Motion.

the TMA Vessels, (ii) approving the ~~TMA LOI~~Heads of Agreement (the "Agreement") attached ~~to the Motion as~~ hereto **Exhibit A** and authorizing the Debtors to consummate the sale on substantially the terms set forth in the ~~TMA LOI~~Agreement, (iii) and granting related relief~~, and the Declaration of John R. Castellano in support of the Motion~~; and the Court having conducted a sale hearing to consider the approval of the Sale (the "Sale Hearing"), the approval of the ~~TMA LOI~~Agreement; and all parties in interest having been heard, or having had the opportunity to be heard, regarding the Sale, the approval of the ~~TMA LOI~~Agreement and the transactions contemplated thereby; and the Court having reviewed and considered the Motion and any objections thereto, and the arguments of counsel and evidence adduced related thereto; and upon the record of the Sale Hearing and the full record of these cases; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their creditors and estates and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

A. The findings and conclusions set forth herein and as set forth on the record by the Court at hearings on November 29, 2010 and November 30, 2010 (collectively, the "Hearings"), constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. This Court has jurisdiction over the Motion and the transactions contemplated by the ~~Agreements~~Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409.

C. Good and sufficient notice of the Motion and the relief sought therein has been given to all interested persons and entities and no other or further notice is required.

D. A sound business purpose justifies the Sale of the TMA Vessels outside of the ordinary course of business.

E. For purposes of this Order, PACC Offshore Services Holdings Pte Lte ("PACC") and its nominee (together with PACC, the "Buyer") is the highest and best bidder for the TMA Vessels pursuant to hearing on November 30, 2010.

F. The consideration to be provided by Buyer pursuant to the Agreement: (i) is fair and reasonable; (ii) is the highest and otherwise best offer for the TMA Vessels; and (iii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and the law of any state or other jurisdiction whose law is applicable to the contemplated transactions.

G. Consummation of the Sale contemplated in the Agreement will provide the highest or otherwise best value for the TMA Vessels and is in the best interests of the Debtors, their creditors, and estates.

H. Entry into the Agreement and consummation of the transactions contemplated thereby constitute the exercise of the Debtors' sound business judgment and fiduciary duties by the Debtors and such acts are in the best interests of the Debtors, their creditors, and estates.

I. The transactions contemplated by the Agreement are undertaken by the Debtors and Buyer at arm's length, without collusion and in good faith within the meaning of Bankruptcy Code § 363(m). Buyer is a good-faith purchaser under Bankruptcy Code § 363(m)

and as such, is entitled to all of the protections afforded thereby and otherwise has proceeded in good faith in all respects in connection with this proceeding in that: (a) Buyer recognized that the Debtors were free to deal with any other party interested in acquiring the TMA Vessels; (b) Buyer made the highest and best offer for the TMA Vessels; (c) all payments to be made to Buyer and other agreements or arrangements entered into by Buyer in connection with the transactions have been disclosed; and (d) the negotiation and ~~acceptance~~execution of the ~~TMA LOI, the Agreements,~~Agreement and any other agreements or instruments related thereto was in good faith and an arm's-length transaction between Buyer and the Debtors.

J. ~~I.~~ The Debtors and Buyer have not engaged in any conduct that would permit the ~~TMA LOI~~Agreement or the Sale to be avoided under Bankruptcy Code § Section 363(n).

K. ~~J.~~ The ~~TMA LOI was~~Agreement were not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession or the District of Columbia.

L. ~~K.~~ The Debtors are the sole and lawful owners of the TMA Vessels, and hold good title thereto, immediately prior to the Closing Date. The consummation of the Sale pursuant to the ~~executed Agreements~~Agreement will be a legal, valid, and effective Sale of the TMA Vessels and will vest Buyer (and its designees or assignees, as applicable) with all right, title, and interest of the Debtors and their bankruptcy estates in and to the TMA Vessels free and clear of all liens, claims, and encumbrances.

M. ~~L.~~ With respect to all parties asserting any lien, claim, or encumbrance in, to, or against the TMA Vessels, the Sale complies with all the requirements of Bankruptcy Code § 363(f), and with respect to each any lien, claim, or encumbrance in the TMA Vessels: (a) applicable non-bankruptcy law permits the sale free and clear of such interest; (b) the holder of

such interest consents to the Sale; (c) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on the TMA Vessels; (d) such interest is in bona fide dispute; or (e) the holder of such interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

N. ~~M.~~ All parties with liens, claims, or encumbrances against the TMA Vessels identified to be sold under the ~~TMA LOI~~ Agreement, if any, who did not object to the Motion and the relief requested therein, or who withdrew their objections to the Motion, are deemed to have consented pursuant to Bankruptcy Code § 363(f)(2); and all parties with liens, claims, or encumbrances against the TMA Vessels who objected to the Motion, but who did not withdraw any such objection, can be compelled to accept a monetary satisfaction of their liens, claims, or encumbrances within the meaning of Bankruptcy Code § 363(f)(5), and in each case, are enjoined from taking any action against Buyer, its affiliates or any agent of the foregoing to recover any claim which such person or entity has solely against the Debtors, or any of their respective affiliates.

O. ~~N.~~ The legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein.

P. ~~O.~~ Upon entry of this Order, the Debtors shall have full power and authority to ~~enter into the Agreements and~~ consummate the Sale contemplated by the ~~TMA LOI~~ Agreement. The ~~TMA LOI~~ Agreement and the Sale have been duly and validly authorized by all necessary action of the Debtors.

Q. ~~P.~~ Cause has been shown as to why this Order should not be subject to the stay provided by Bankruptcy Rule 6004.

R. ~~Q.~~ The entry of this Order is in the best interests of the Debtors, their creditors and estates, and other parties in interest.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion, the ~~TMA LOI~~ Agreement, and the transactions contemplated thereby shall be, and hereby are, granted and approved in all respects, all as described herein and on the record at the Hearings.

2. The Debtors are authorized and directed to close, consummate, and comply with the ~~TMA LOI, the Agreements~~ Agreement, and all other agreements and documents, if any, related to and contemplated thereby (collectively, the "Sale Documents"), which Sale Documents hereby are authorized and approved in all respects and to execute ~~the Agreements and~~ such other documents and take such other actions as are necessary or appropriate to effectuate the ~~TMA LOI~~ Agreement.

3. The Debtors are authorized and directed to enter into a back-to-back agreement (the "Back-to-Back Agreement") providing that Buyer (a) shall assume all obligations owed to Petroleo Brasileiro S/A ("Petrobras") pursuant to that certain Charter Contract No. 2050.0052505.09.2 between debtor Trico Marine Operators, Inc. ("TMO") and Petrobras, dated October 28, 2009, and that certain Service Contract No. 2050.0052506.09.2 between non-debtor Trico Servicos Maritimos, Ltd. ("Trico Servicos") and Petrobras dated October 28, 2009; and (b) will indemnify TMO and Trico Servicos, assuring that the Debtors' estates and Trico Servicos will not suffer any damages as a result of the implementation of and operations under the Back-to-Back Agreement.

4. The Debtors and Buyer are hereby authorized and directed to enter into and execute the Back-to-Back Agreement, containing the terms described above, at a later date, but prior to closing of the Sale.

5. PACC, within two business days after entry of this Order, shall escrow the total cash consideration in the amount of $31,280,001.00, net of 5% holdback provided under the Agreement (the "Sale Proceeds") into a segregated DIP account established solely for this purpose (the "Escrow"). The Sale Proceeds shall be withdrawn on the earlier of (a) one business day after delivery of written notice by Debtors that they have satisfied all performance conditions set forth in the Agreement, (b) waiver by Buyer of any unperformed conditions by Debtors as set forth in the Agreement, (c) upon agreement of Buyer and the Debtors and (d) further order of this Court (the "Withdrawal Events"). Upon a Withdrawal Event related to the Trico Moon, $14,858,000.48 from this escrow will be distributed (the "Moon Distribution"), and, upon a Withdrawal Event related to the Trico Mystic $14,858,000.47 from this escrow will be distributed (the "Mystic Distribution"). As agreed upon between Debtors, and Obsidian, as agent under the debtor in possession financing in these cases and as agent under the U.S. Credit Facility ("Obsidian"), and as announced on the record at the Hearings, the amounts payable from the Moon Distribution and the Mystic Distribution to Obsidian shall be wired from the Escrow directly to Obsidian.

6. Should PACC fail to timely escrow the Sale Proceeds in accordance with paragraph 5 of this Order, the Debtors are hereby authorized, upon their sole discretion, after consultation with Obsidian, the Committee, and the Ad-hoc Committee of 8% Noteholders, to sell the TMA Vessels, in accordance with the terms of this Order, to the bidders offering the next

highest and otherwise best offers for the TMA Vessels (the "Back-Up Bidders"). The Back-Up Bidders shall be obligated to perform under their respective Back-Up Bids.

7. The Back-Up Bidders are (a) Odyssea Vessels, Inc., with respect to the Trico Moon vessel, at $15,700,000 (the "Odyssea Bid"), and (b) Tidewater, with respect to the Trico Mystic vessel, at $15,250,000(the "Tidewater Bid). The Odyssea Bid for the Trico Moon shall be governed on the same terms and conditions (except for price) as described herein. The Tidewater Bid for the Trico Mystic shall be governed by the terms and conditions of the Tidewater Bid, as submitted to the Debtors and as announced on the record at the Auction.

8. Should PACC be unable to close the Sale in accordance with the Agreement, or this Order, the Debtors are hereby authorized, upon their sole discretion, after consultation with Obsidian, the Committee and the Ad-hoc Committee of 8% Noteholders, to sell the TMA Vessels, in accordance with the terms of this Order, to the Back-Up Bidders.

9. All objections and responses to the Motion are hereby resolved in accordance with the terms of this Order and as set forth in the record at the Sale Hearing. To the extent such objections or responses were not otherwise overruled, withdrawn, waived, settled or resolved, they, and all reservations of rights included therein, are hereby overruled and denied.

10. Buyer's offer for the TMA Vessels, as embodied in the Agreement, is the highest and best offer for the TMA Vessels and is hereby approved.

11. Pursuant to Bankruptcy Code §§ 105(a) and 363(b), the Sale by the Debtors to Buyer of the TMA Vessels and the transactions related thereto are authorized and approved in all respects.

12. Subject to the payment by Buyer to the Debtors of the consideration provided for in the Agreement, and upon closing of the Sale for each of the

Vessels, as applicable, pursuant to Bankruptcy Code § 363, the Sale of the TMA Vessels by the Debtors to Buyer shall constitute a legal, valid, and effective transfer of the TMA Vessels and shall vest Buyer with all right, title and interest of the Debtors in and to the TMA Vessels free and clear of all liens, claims, and encumbrances pursuant to Bankruptcy Code § 363(f), effective as of the Closing Date. This Order shall constitute conclusive evidence of the full and complete release of any and all liens, claims, and encumbrances with respect to the TMA Vessels.

13. 7. Pursuant to Bankruptcy Code § 363(f), the Sale of the TMA Vessels shall be free and clear of all liens, claims, and encumbrances and all liabilities of the Debtors whether known or unknown, including, but not limited to, any liens, claims, or encumbrances asserted by any of the Debtors' creditors, vendors, suppliers, employees, executory contract counterparties, or lessors. Any and all valid and enforceable liens, claims, or encumbrances on, against or in the TMA Vessels, including those asserted by the Debtors' pre-petition and post-petition lenders, shall be transferred, affixed, and attached to the net proceeds of the Sale with the same validity, priority, force and effect such liens, claims, or encumbrances had on the TMA Vessels immediately prior to the Sale.

14. Any use or application of the Sale proceeds, other than payment of closing costs, will be pursuant to applicable order(s) in the Cases regarding use of cash collateral and adequate protection, or other and further orders of this Court.

15. 8. Pursuant to Bankruptcy Code §§ 105(a) and 363, all persons and entities, including, without limitation, the Debtors, the Debtors' affiliates, all debt security holders, equity security holders, the Debtors' employees or former employees, governmental, tax, and regulatory authorities, lenders, parties to or beneficiaries under any benefit plan, trade and other creditors asserting or holding any liens, claims, or encumbrances, in or with respect to the Debtors or the

TMA Vessels (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non- contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to the Debtors, the TMA Vessels, the operation of the Debtors' business prior to the ~~Closing Date~~closing date under the ~~TMA LOI or the Agreements~~Agreement or the transfer of the TMA Vessels to Buyer, shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such lien, claim, or encumbrance against Buyer or any affiliate, successor or assign thereof and each of their respective current and former members, officers, directors, managed funds, investment advisors, attorneys, employees, partners, affiliates and representatives (each of the foregoing in its individual capacity), or the TMA Vessels. To avoid doubt, the foregoing shall not prevent the Debtors, their estates, successors, or permitted assigns from pursuing claims, if any, against Buyer and/or its successors and assigns in accordance with the terms of the ~~TMA LOI and the Agreements~~Agreement.

16. ~~9.~~ This Order (a) is and shall be effective as a determination that, as of the Closing Date, all liens, claims, or encumbrances existing as to the TMA Vessels conveyed to Buyer have been and hereby are adjudged and declared to be unconditionally released, discharged and terminated with such liens attaching to the net Sale proceeds, and (b) is and shall be binding upon and govern the acts of all entities, including, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the TMA Vessels conveyed to Buyer.

17.  ~~10.~~ The provisions of this Order authorizing the sale of the TMA Vessels free and clear of all liens, claims, and encumbrances, shall be self-executing, and neither the Debtors nor Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and implement the provisions of this Order. However, the Debtors and Buyer, and each of their respective officers, employees, and agents, are authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Debtors or Buyer deem necessary or appropriate to implement and effectuate the terms of the ~~TMA LOI, the Agreements,~~ Agreement and this Order.

18.  ~~11.~~ After the Closing Date of the Agreement, no person or entity, including, without limitation, any federal, state or local taxing authority, may (a) attach or perfect liens or a security interest against any of the TMA Vessels on account of or (b) collect or attempt to collect from Buyer or any of its affiliates, any tax (or other amount alleged to be owing by the Debtors) (i) for any period commencing before and concluding prior to the Closing Date or (ii) assessed prior to and payable after the Closing Date.

19.  ~~12.~~ Buyer is a good faith purchaser, there is no relationship between Buyer and the Debtors other than that described in the Agreement. Therefore, Buyer is entitled to the benefits and protections afforded by Bankruptcy Code § 363(m)~~; accordingly.~~ Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale of the TMA Vessels shall not affect the validity of the Sale of the TMA Vessels to Buyer.

20.  ~~13.~~ The consideration provided by Buyer for the TMA Vessels under the ~~TMA LOI~~Agreement is fair and reasonable, and the Sale may not be avoided under Bankruptcy Code § 363(n)

21. ~~14.~~ With respect to the transactions consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to Buyer.

22. ~~15.~~ This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of the ~~TMA LOI, the Agreements~~ Agreement, and this Order in all respects and further to hear and determine any and all disputes between the Debtors and/or Buyer, as the case may be; provided, however, that in the event the Court abstains from exercising or declines to exercise such jurisdiction or is without jurisdiction with respect to the ~~TMA LOI, the Agreements~~ Agreement and this Order, such abstention, refusal, or lack of jurisdiction shall have no effect upon, and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

23. ~~16.~~ The ~~TMA LOI, the Agreements~~ Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by such parties, in accordance with the terms thereof without further order of the Court.

24. ~~17.~~ From and after the date hereof, the Debtors and Buyer shall act in accordance with the terms of the ~~TMA LOI~~ Agreement and the Debtors, to the extent they already have not done so, shall execute ~~the Agreements, and~~ any Sale Document, at or prior to the Closing Date.

25. ~~18.~~ To the extent of any inconsistency between the provisions of this Order and the ~~TMA LOI, the Agreements~~ Agreement, or any documents executed in connection therewith, the provisions contained in this Order shall govern.

26. ~~19.~~ The provisions of this Order are nonseverable and mutually dependent.

27. ~~20.~~ This Order shall inure to the benefit of Buyer, the Debtors, and their respective successors and assigns, including but not limited to any chapter 11 or chapter 7 trustee that may

be appointed in the Debtors' Cases and shall be binding upon any trustee, party, entity, or fiduciary that may be appointed in connection with these Cases or any other or further case involving the Debtors, whether under chapter 7 or chapter 11 of the Bankruptcy Code.

28.   ~~21.~~ Nothing in any order of this Court or contained in any plan of reorganization or liquidation confirmed in these chapter 11 cases, or in any subsequent or converted cases of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code, shall conflict with or derogate from the provisions of the ~~TMA LOI, the Agreements,~~ Agreement or the terms of this Order. The provisions of this Order and any actions taken pursuant hereto shall survive the entry of any order which may be entered confirming any chapter 11 plan of the Debtors, converting the Debtors' Cases to cases under chapter 7 of the Bankruptcy Code, or dismissing the Debtors' Cases.

29.   ~~22.~~ Because time is of the essence, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing, and the stay of orders authorizing the sale, use, or lease of property of the estate, as set forth in Bankruptcy Rule 6004(h) not apply to this Order.

30.   ~~23.~~ The Debtors are authorized to close the Sale immediately upon entry of this Order.

31.   The Sale shall be subject to any necessary regulatory approvals, if any are so required.

32.   The Court hereby approves the payment of a Break-Up Fee (as defined in the Sale Procedures Motion) to Tidewater, at closing of the Sales, as applicable in the following amounts: (a) Trico Moon, $390,000, and (b) Trico Mystic, $390,000.

Dated: _____, 2010
       Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

3924614.2