IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TRICO MARINE SERVICES, INC., *et al.*,[1] | ) Case No. 10-12653 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) RE: D.I. 359, 534, 574, 581 |
| | ) |
| | ) Hearing Date: December 9, 2010 [Proposed] |
| | ) Objections Due: December 9, 2010 [Proposed] |

**DEBTORS' MOTION TO (I) CONTINUE THE DEADLINES TO OBJECT TO AND THE HEARINGS ON: (A) THE MOTION OF ARROWGRASS MASTER FUND LTD. AND ARROWGRASS DISTRESSED OPPORTUNITIES FUND LIMITED FOR ORDER (I) DIRECTING DEBTOR TO PLACE SUBSIDIARIES IN CHAPTER 11 CASES OR, ALTERNATIVELY, (II) APPOINTING A CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. §§ 1104(A)(1) AND (A)(2) (THE "ARROWGRASS MOTION"); AND (B) THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER GRANTING LEAVE, STANDING AND AUTHORITY TO PROSECUTE CAUSES OF ACTION ON BEHALF OF THE DEBTORS' ESTATES (THE "STANDING MOTION") AND (II) SCHEDULE A STATUS CONFERENCE TO CONSIDER ENTRY OF A SCHEDULING ORDER WITH RESPECT TO THE ARROWGRASS MOTION, THE STANDING MOTION AND DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363 AND BANKRUPTCY RULE 9019 FOR AN ORDER AUTHORIZING THE DEBTORS TO COMPROMISE CERTAIN INTERCOMPANY CLAIMS AND EQUITY INTERESTS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby respectfully request the entry of an order (the "Continuance and Scheduling Motion"), pursuant to section 105 of Title 11 of the United States Code, 11 U.S.C. 101 *et seq.* (as amended, the "Bankruptcy Code") and rules 9006 and 9014(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"):

---

[1] The Debtors are the following entities (followed by the last four digits of their tax identification numbers): Trico Marine Services, Inc. (2405); Trico Marine Assets, Inc. (2404); Trico Marine Operators, Inc. (6124); Trico Marine International, Inc. (3132); Trico Holdco, LLC (3870); Trico Marine Cayman, L.P. (5842). The mailing address for all of the Debtors for the purpose of these Cases is 10001 Woodloch Forest Drive, Suite 610, The Woodlands, TX 77380.

A. Continuing the deadlines to object to and hearings on: (A) the *Motion of Arrowgrass Master Fund Ltd. and Arrowgrass Distressed Opportunities Fund Limited for Order (I) Directing Debtor to Place Subsidiaries in Chapter 11 Cases or, Alternatively, (II) Appointing a Chapter 11 Trustee Pursuant to 11 U.S.C. §§ 1104(a)(1) and (a)(2)* (the "Arrowgrass Motion"); and (B) the *Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Leave, Standing and Authority to Prosecute Causes of Action on Behalf of the Debtors' Estates* (the "Standing Motion"); and

B. Scheduling a status conference to consider entry of a scheduling order with respect to the Arrowgrass Motion, the Standing Motion and the *Debtors' Motion Pursuant to Bankruptcy Code Sections 105 and 363 and Bankruptcy Rule 9019 for an Order Authorizing the Debtors to Compromise Certain Intercompany Claims and Equity Interests* (the "9019 Motion").[2]

The Debtors respectfully represent in support of the Continuance and Scheduling Motion as follows:

## PRELIMINARY STATEMENT

1. In the months prior to the Petition Date, the Debtors and their Opco Subsidiaries began the process of negotiating a consensual, global restructuring of their collective capital structures, funded-debt obligations and business operations. As the Court and parties-in-interest are aware, this process still continues and has involved arduous, time-consuming and contentious negotiations.

2. The Debtors and their Opco Subsidiaries just recently took a critical step toward achieving such a consensual, global restructuring by negotiating the RSA and with the filing of

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the 9019 Motion.

the 9019 Motion [D.I. 581]. As set forth in greater detail in the 9019 Motion, the Debtors seek this Court's authorization for them to enter into the Settlement, which would, among other things, allow them to wind down successfully the towing and supply segment of their businesses and facilitate a dramatic deleveraging.

3. Resolution of the 9019 Motion is inextricably intertwined with two pending motions currently set for hearing on December 14, 2010 and should be heard concurrently with each: the Arrowgrass Motion [D.I. 359] and the Standing Motion [D.I. 534] (the Standing Motion together with the Arrowgrass Motion, the "Unsecured Creditor Motions").[3] The 9019 Motion seeks to resolve certain, but not all, of the claims the Official Committee of Unsecured Creditors (the "Committee") seeks standing to pursue under the Standing Motion. Therefore, the 9019 Motion should be heard first (or concurrently) to determine what claims remain that the Committee seeks standing to pursue. The 9019 Motion also is intertwined with the Arrowgrass Motion because the Arrowgrass Motion seeks primarily to compel the Debtors to place the Opco Subsidiaries into chapter 11 proceedings. And the 9019 Motion seeks approval of the Settlement which encompasses an out-of-court restructuring for the Opco Subsidiaries, however, if the Settlement is not approved, the Opco Subsidiaries will be restructured under chapter 11. Therefore, the 9019 Motion either moots the Arrowgrass Motion, or alternatively, will afford Arrowgrass what it wants, the Opco Subsidiaries in a chapter 11 proceeding.

4. Moreover, the discovery necessary for all three Motions is largely the same, which causes the Motions to be even further intertwined and justifies the need for a concurrent (or consecutive) hearing.

---

[3] The Unsecured Creditor Motions, together with the 9019 Motion, shall be defined as the "Motions."

5. In addition, the Debtors strongly oppose the Unsecured Creditor Motions for the reasons set forth below,[4] and they believe material litigation is inevitable with respect to all of the Motions, and all parties and the Court would be best served if such discovery and litigation were conducted pursuant to a fair schedule. Finally, and most importantly, the Debtors believe that the 9019 Motion, itself, addresses the issues raised in the Unsecured Creditor Motions by setting forth the Settlement, which, for the reasons set forth in the 9019 Motion, is in the best interests of the Debtors, their creditors, and the entire Trico Supply Group.

## JURISDICTION AND PROCEDURAL BACKGROUND

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Continuance and Scheduling Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

8. On August 25, 2010 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (the "Cases").

9. The statutory basis for the relief requested herein is Bankruptcy Code section 105, as supplemented by Bankruptcy Rules 9006 and 9014.

## FACTUAL BACKGROUND

10. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of the Cases, is set

---

[4] The Committee and Arrowgrass, respectively, have extended the Debtors' objection deadline to December 9, 2010 for the Standing Motion and the Arrowgrass Motion.

forth in detail in the *Declaration of John R. Castellano in Support of First Day Pleadings and Papers* [D.I. 3] and the 9019 Motion, which are fully incorporated herein by reference.

11. Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

12. The Committee was appointed in these Cases on September 8, 2010.

13. On October 26, 2010, Arrowgrass Master Fund Ltd. and Arrowgrass Distressed Opportunities Fund Limited (together, "Arrowgrass"), each a holder of Trico Marine Services, Inc.'s ("TMS") 3.00% Senior Convertible Debentures Due 2027 filed the Arrowgrass Motion.[5]

14. On November 24, 2010, the Committee filed the Standing Motion.

15. The Arrowgrass Motion and the Standing Motion are currently scheduled to be considered by this Court on December 14, 2010, at 1:30 p.m. (ET).

16. On December 6, 2010, Arrowgrass filed the *(A) Supplement to Motion of Arrowgrass Master Fund Ltd. and Arrowgrass Distressed Opportunities Fund Limited for Appointment of a Chapter 11 Trustee and (B) Limited Objection to Motion of Creditors' Committee for Authority to Prosecute Causes of Action* (the "Arrowgrass Supplement") [D.I. 574].

---

[5] To date, counsel for Arrowgrass, Andrews Kurth LLP, has failed to comply with Bankruptcy Rule 2019. The Debtors reserve all rights and remedies, including seeking to compel Andrews Kurth LLP to comply with Bankruptcy Rule 2019. Furthermore, Arrowgrass' counsel has also failed to comply with Rule 9010-1(d) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), as it has failed to associate with a member of the Bar of this District Court. Arrowgrass's counsel had until November 18, 2010 to do so, i.e., 30 days after it filed the first paper on Arrowgrass' behalf in these Cases. Accordingly, the Debtors reserve the right to request the Court issue appropriate sanctions required by Local Rule 9010-1(d).

17. On December 6, 2010, the Debtors filed the 9019 Motion. The 9019 Motion is a necessary step to the successful de-levering of the Opco Subsidiaries and the wind-down of the Debtors' towing and supply segment of their businesses. In particular, and as set forth more fully in the 9019 Motion, the Debtors seek Court approval to enter into (i) the Term Sheet and the RSA, thereby compromising and settling the Intercompany Claims, the Transition Services Claims, and Existing Equity on the terms set forth in the Term Sheet and the RSA and (ii) a Transition Services Agreement, all as more fully set forth in the Term Sheet and the RSA.

18. Prior to filing this Continuance and Scheduling Motion, the Debtors contacted counsel to the Committee and Arrowgrass in an effort consensually to reschedule the hearings on the Unsecured Creditor Motions and to set a status conference on all three of the Motions.[6] The Committee and Arrowgrass would not agree to a continuance, and accordingly, the Debtors now file this Continuance and Scheduling Motion.

**RELIEF REQUESTED**

19. By this motion, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A,** (i) continuing the Arrowgrass Motion and the Standing Motion objection deadlines to January 7, 2011 and the hearing scheduled for December 14, 2010, on the Unsecured Creditor Motions to January 18, 2011 (the "Hearing"); and (ii) scheduling a status conference on the Motions for December 14, 2010, at which the Court can consider the Debtors' proposed scheduling order (the "Proposed Scheduling Order") attached hereto as **Exhibit B.**[7]

---

[6] *See* Local Rule 7026-1 Certification, attached hereto as **Exhibit C**.

[7] This request is only with respect to the Unsecured Creditor Motions, as the Debtors have other matters currently scheduled for this omnibus hearing.

## BASIS FOR RELIEF REQUESTED

A. **The Motions Rise and Fall Together - The Court Should Continue the Objection Deadlines and the December 14, 2010 Hearing to Allow the Parties to Engage in Meaningful Discovery in Advance of a Single Hearing on all Three Motions**

20. Section 105 of the Bankruptcy Code provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." To that end, the Bankruptcy Court has "broad" authority under section 105(a) to "use its equitable powers to assure the orderly conduct of the reorganization proceedings." *In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 348 (2d Cir. 1985) (emphasis added).

21. Rule 9006(b) of the Bankruptcy Rules gives this Court broad discretion, subject to certain exceptions not applicable here, to enlarge for cause the time period in which actions may be taken under the Bankruptcy Code, the Bankruptcy Rules, and Orders of this Court.

22. This Court also has broad discretion to control its docket and to determine when to grant a continuance in a particular case. *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983); *CGB Occupational Therapy, Inc. v. RHA Health Servs., Inc.*, 357 F.3d 375, 390-91 (3d Cir. 2004). But it abuses that discretion when denial of a continuance results "in deprivation of reasonable opportunity to make adequate preparation for trial." *Sutherland Paper Co. v. Grant Paper Box Co.*, 183 F.2d 926, 931 (3d Cir. 1950); *see also In re Armstrong World. Indus., Inc.*, 320 B.R. 523, 530 n.17 (D. Del. 2005).

23. The Debtors submit that ample cause exists to continue the objection deadlines and the hearings on the Unsecured Creditor Motions. As an initial matter, the Unsecured Creditor Motions are inextricably intertwined with the 9019 Motion because the 9019 Motion seeks to resolve certain, but not all, of the claims the Committee seeks standing to pursue. *See*

9019 Motion, ¶¶ 3 and 38(e). Through the 9019 Motion, the Debtors seek authority to enter into the Term Sheet and the RSA, which provide, among other things, for a compromise and settlement of intercompany claims held by the Debtors against the Opco Subsidiaries, including those arising under the $194 Million Intercompany Note, the $395 Million Intercompany Note, and the $33 Million Intercompany Note. In contrast, the Committee's Standing Motion seeks, among other things, (i) the right to demand payment on the Debtors' behalf from Trico Shipping of the $395 Million Intercompany Note, (ii) the right to demand payment from Trico Supply of the $194 Million Intercompany Note and the $33 Million Intercompany Note, and (iii) the right to institute any other proceeding to collect on the Intercompany Notes, including commencing involuntary Norwegian insolvency proceedings against Trico Shipping and Trico Supply. *See* Standing Motion, ¶ 33 (iii), (iv) and (v). Moreover, the Committee states in the Standing Motion that its investigation is still ongoing and that the Committee may assert additional claims in the future and, therefore, there is the potential for further overlap between the Standing Motion and the 9019 Motion. *See* Standing Motion, ¶ 35. Thus, a direct correlation exists between the claims the Debtors seek to resolve under the 9019 Motion and the claims the Committee wishes to pursue through the Standing Motion.

24. In addition, in the Arrowgrass Motion, Arrowgrass asserts that the Debtors should be required to place their Opco Subsidiaries into chapter 11 proceedings "to allow for the meaningful restructuring of the entire Trico enterprise" or, in the alternative, the Court should appoint a trustee under sections 1104(a)(1) and (a)(2) of the Bankruptcy Code. *See* Arrowgrass Motion, ¶ 3. As its basis for this demand, Arrowgrass asserts that the Debtors have no plan to restructure the debt of the Opco Subsidiaries and that the Debtors' management is unable to "grasp the situation, much less exercise sound business judgment to develop and execute on a

restructuring strategy that preserves value for Parent's creditors." *Id.* at ¶¶ 2-3. To the contrary, however, the Debtors more than "grasp" the situation, as they have diligently pursued a global restructuring strategy for the Debtors and the Opco Subsidiaries beginning months before the Petition Date, and the 9019 Motion is a critical step in implementing that strategy. As set forth in greater detail therein, the 9019 Motion seeks, among other things, this Court's authorization for the Debtors to enter into the Settlement that would ultimately allow the Debtors successfully to wind down the towing and supply segment of their businesses and allow the Opco Subsidiaries to dramatically de-lever. *See* 9019 Motion, ¶ 38. Thus, the 9019 Motion directly addresses that which Arrowgrass seeks – a restructuring of the Opco Subsidiaries or a chapter 11 filing.

25. Finally, additional overlap exists between the three Motions because the Committee itself objects to the appointment of a trustee as requested by Arrowgrass, and Arrowgrass objects to the Standing Motion. *See* Standing Motion, ¶ 71 and Arrowgrass Supplement, ¶ 7.

26. Therefore, the Debtors submit that consideration of all three Motions at a single hearing is the most efficient and orderly way to resolve the many interrelated issues detailed above. By contrast, the Committee and Arrowgrass propose to litigate the Unsecured Creditor Motions six days from now without a complete record, and thereafter take additional discovery in connection with the 9019 Motion, and then re-litigate all the issues raised in the Unsecured Creditor Motions at the subsequent hearing on the 9019 Motion. The Debtors believe proceeding in such fashion is inefficient, distracting and wasteful. In contrast, the Debtors propose to conduct an orderly discovery process, develop a complete record, and then conduct a single hearing on all three Motions following the filing of trial briefing to assist the Court. Thus,

the Debtors submit that ample cause exists to continue the hearings on the Unsecured Creditor Motion and extend the Debtors' deadline to object thereto.

27. Depending on the objections to the 9019 Motion, the Debtors may request discovery from both the Committee and Arrowgrass regarding and their objections, if any, to the 9019 Motion, which will include discovery regarding why the Committee believes that the benefit to the estate of the proposed litigation, if any, outweighs the cost as compared with the proposed settlement. *See In re Centaur, LLC*, 2010 WL 4624910 (Bankr. D. Del. Nov. 5, 2010) (court considered evidence on the costs and potential benefits of the litigation an unsecured creditors committee sought standing to pursue on a debtor's behalf). Adding to this potential prejudice is the fact that the Committee filed the Standing Motion ten business days before the December 14, 2010 hearing date, during which time the Debtors were devoting all their attention and efforts to a contested cash collateral trial with their secured lender.

28. The Debtors believe this prejudice, in and of itself provides ample cause to continue the deadlines to object to and hearings on the Unsecured Creditor Motions.

29. The Debtors further believe that neither the Committee nor Arrowgrass is prejudiced by the requested continuance. With respect to the Committee, it concedes in its own papers that

> the Committee would have preferred to have filed [the Standing Motion] with the benefit of full discovery, [but the Committee was ] constrained to file [the Standing Motion] at this time in light of the Debtors' public announcement that they intend to conclude a restructuring of the Trico Supply Group that the Committee understands will incorporate a settlement of the claims that the Committee is seeking to assert[.]

*See* Standing Motion, ¶ 34. Not only will the Committee thus not be prejudiced by the requested relief, it will actually receive a benefit due to the ability to complete discovery in connection with its Standing Motion.

30. With respect to Arrowgrass, the Debtors submit that the 9019 Motion resolves each of the issues raised in the Arrowgrass Motion. To the extent Arrowgrass believes open issues remain, both parties benefit from the ability to complete the record in support of their respective motions through the orderly discovery process outlined in the Proposed Scheduling Order.

31. For all the foregoing reasons, the Debtors respectfully submit that ample cause exists for the Court to continue the objection deadlines and hearing currently scheduled for December 14, 2010, with respect to the Unsecured Creditor Motions, and conduct a Hearing on January 18, 2011, or such other date as the Court may establish, to consider all three of the Motions collectively.

## B. The Court Should Hold a Status Conference in Lieu of the December 14, 2010 Hearing

32. As the Debtors request that the Court continue the objection deadlines and hearing currently scheduled December 14, 2010, the Debtors propose to use that hearing to consider approval of the Proposed Scheduling Order.

33. Bankruptcy Rule 9014(c) gives this Court the discretion to apply any of Part VII of the Bankruptcy Rules to a contested matter, which includes the Bankruptcy Rules governing scheduling, such as 7016 and 7026, which govern scheduling, pretrial orders, and discovery. Therefore, the Court has ample authority to enter the Proposed Scheduling Order submitted by the Debtors. Indeed, as any discovery for the Motions would likely be largely identical, the

Debtors submit the Proposed Scheduling Order benefits all the parties, as it provides an orderly framework for each party to complete its own discovery.[8]

34. To the extent the Court grants the Debtors' request for a continuance of the objection deadlines and hearing currently scheduled December 14, 2010, the Debtors respectfully request the Court use the December 14, 2010 hearing as a status conference to consider the Proposed Scheduling Order.

## NO PRIOR REQUEST

35. No prior request for the relief sought in this Motion has been made to this Court in these Cases.

## NOTICE

36. Notice of this Motion has been provided by e-mail, facsimile, or overnight delivery to: (a) the Office of the United States Trustee for the District of Delaware; (b) Tennenbaum, as lender for the U.S. Credit Facility and Trico Shipping W/C Facility; (c) Obsidian, as administrative agent and collateral agent for the U.S. Credit Facility and DIP Credit Agreement; (d) Nordea, as lender for the Trico Shipping W/C Facility, and as administrative for the Trico Shipping W/C Facility; (e) U.S. Bank, as Trustee and collateral agent for the Secured Notes; (f) Wells Fargo Bank, as Trustee for the 3% Notes; (g) Unicredit, as lender for the Trico Shipping W/C Facility; (h) Deutsche Bank National Trust Company, as Trustee for the High Yield Notes; (i) Wilmington Trust FSB, as collateral agent for the Trico Shipping W/C Facility and the High Yield Notes; (j) those persons who have formally appeared in these Cases and requested service pursuant to Bankruptcy Rule 2002; (k) counsel to the Committee; (l) counsel to

---

[8] As the Committee admits, it has not completed its discovery in connection its Standing Motion, much less the 9019 Motion which was filed yesterday. *See* Standing Motion, ¶ 34.

Arrowgrass; and (m) all applicable government agencies to the extent required by the Bankruptcy Rules and the Local Rules.

## CONCLUSION

37. **WHEREFORE,** the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A,** (i) continuing the hearing currently scheduled for December 14, 2010, to January 18, 2011 or such other date as the Court may establish for the purpose of conducting a Hearing, with objections to the Unsecured Creditor Motions due January 7, 2011; and (ii) scheduling a status conference for December 14, 2010, at which the Court may consider the Proposed Scheduling Order attached hereto as **Exhibit B**.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

December 8, 2010
Wilmington, Delaware

Respectfully submitted,

*[signature]*

Robert J. Dehney (No. 3578)
Eric Schwartz (No. 3134)
Andrew R. Remming (No. 5120)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Tel: 302.658.9200
Fax: 302.658.3989

-and-

John E. Mitchell
Angela B. Degeyter
John Paul K. Napier
VINSON & ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Tel: 214.220.7700
Fax: 214.999.7787
jmitchell@velaw.com
adegeyter@velaw.com
jnapier@velaw.com

*Attorneys for the Debtors and Debtors-in-Possession*

3949306.2