# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TRICO MARINE SERVICES, INC., *et al.*,[1] | ) Case No. 10-12653 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## DEBTORS' MOTION TO APPROVE THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES TO RIVERMAN NIGERIA LIMITED

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), file this *Motion to Approve the Sale of Assets Free and Clear of Liens, Claims, and Encumbrances to Riverman Nigeria Limited* (the "Motion") and respectfully submit the following:

## JURISDICTION AND PROCEDURAL BACKGROUND

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. On August 25, 2010 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned bankruptcy cases (the "Cases").

4. Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

---

[1] The Debtors are the following entities (followed by the last four digits of their tax identification numbers): Trico Marine Services, Inc. (2405); Trico Marine Assets, Inc. (2404); Trico Marine Operators, Inc. (6124); Trico Marine International, Inc. (3132); Trico Holdco, LLC (3870); Trico Marine Cayman, L.P. (5842). The mailing address for all of the Debtors for the purpose of these Cases is 10001 Woodloch Forest Drive, Suite 610, The Woodlands, TX 77380.

**STATEMENT OF FACTS**

5. On September 17, 2010, the Debtors filed their motion to sell the Truckee River vessel (the "Vessel") to NigerDelta Shipping Agency Limited for $950,000 [Dkt. No. 159].[2] This Court approved the Truckee Sale Motion (the "Truckee Sale Order") on October 6, 2010 [Dkt. No. 260]. However, though the Debtors diligently worked to close on the approved sale, the purposed purchaser failed to close on the sale.

6. After the sale failed to close, the Debtors renewed their efforts to market the vessel and received an offer from Riverman Nigeria Limited ("Buyer") to purchase the Vessel from Debtor Trico Marine Assets, Inc. ("TMA" or "Seller") and, accordingly, Buyer and Seller entered into that certain Memorandum of Agreement, "SALEFORM 1993" (the "Agreement"), under which Buyer agreed to purchase the Vessel from TMA for a purchase price of $950,000 by private sale.[3] The Debtors submit that the proposed purchase price of the Vessel is identical to the purchase priced approved by the Truckee Sale Order. Additionally, the terms of the Agreement are substantially the same. Thus, this sale of the Vessel is materially the same as that approved in the Truckee Sale Order, the only difference being the Buyer.

7. After execution of the Agreement, Buyer and Seller orally agreed to modify certain terms of the Agreement. Key terms of the Agreement, together with any modifications, are highlighted below:

    a. **The Seller:** Trico Marine Assets, Inc.

    b. **The Buyer:** Riverman Nigeria Limited

    c. **The Purchased Assets:** Truckee River

---

[2] The Debtors also sought to sell the Spirit River vessel. The sale was to be an *en bloc* sale for a total purchase price of $8,500,000, with $950,000 allocated to the Vessel, and $7,550,000 allocated to the Spirit River.

[3] A true and correct copy of the Agreement is attached hereto as **Exhibit A**.

d. **Purchase Price:** $950,000

e. **Deposit:** $200,000, which has been received by the Debtors.[4]

f. **Cancellation Date:** December 15, 2010 (the "Termination Date").

g. **Closing Deadlines:** The Vessel is expected to be delivered on December 15, 2010 (the "Closing Date").

## RELIEF REQUESTED

8. By this Motion, the Debtors seek authority to sell, pursuant to Bankruptcy Code §§ 105 and 363 and Bankruptcy Rule 6004, the Vessel owned by Seller to Buyer by private sale free and clear of all liens, claims, and encumbrances under the terms of the Agreement.

## BASIS FOR RELIEF

9. Bankruptcy Code § 363(b)(1) provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. . . ." 11 U.S.C. § 363(b)(1). Pursuant to Bankruptcy Rule 6004, all sales not in the ordinary course of business may be by private sale or by public auction. Fed. R. Bankr. P. 6004(f)(1). Furthermore, Bankruptcy Code § 105(a) provides that "[t]he Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

10. As this Court has recognized, whether to proceed by public or private asset sale is committed to the sound discretion of the trustee or debtor in possession. *See In re Alisa P'ship*, 15 B.R. 801, 802 (Bankr. D. Del. 1981). Indeed, it has been stated that a "bankruptcy court should have wide latitude in approving even a private sale of all or substantially all of the estate

---

[4] As specified in the Agreement, attached hereto as **Exhibit A**, the original deposit amount was $400,000, the original Termination Date was to be December 10, 2010, and the original Closing Date was to be November 30, 2010.

assets not in the ordinary course of business under § 363(b)." *In re Ancor Exploration Co.*, 30 B.R. 802, 808 (N.D. Okla. 1983).

### A Valid Business Justification Exists for the Sale of the Vessel

11. Bankruptcy Code § 363 does not set forth a standard for determining when a court should authorize the sale or disposition of a debtor's assets. *See* 11 U.S. C. § 363(b). However, courts in this Circuit and others have required that the decision to sell assets outside the ordinary course of business be based upon the sound business judgment of the debtors. *See In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983); *Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp., (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D.D.C. 1991).

12. The "sound business judgment" test requires a debtor to establish four elements in order to justify the sale or lease of property outside the ordinary course of business, namely: (a) that a "sound business purpose" justifies the sale of assets outside the ordinary course of business; (b) that adequate and reasonable notice has been provided to interested persons; (c) that the debtors have obtained a fair and reasonable price; and (d) that the sale was negotiated in good faith. *Abbotts Dairies*, 788 F.2d 143; *Titusville Country Club v. Pennbank (In re Titusville Country Club)*, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991); *In re Sovereign Estates, Ltd.*, 104 B.R. 702, 704 (Bankr. E.D. Pa. 1989). A debtor's showing of a sound business purpose need not be unduly exhaustive but, rather, a debtor is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a transaction depends upon

the facts and circumstances of each case.  *See Lionel*, 722 F.2d at 1071.  This fundamental analysis does not change if the proposed sale is private, rather than public.  *See In re Ancor Exploration Co.*, 30 B.R. at 808.  In this case, the Debtors submit that the decision to proceed with the sale of the Vessel is based upon their reasonable business judgment and should be approved.

13.     Additionally, the relief requested by this Motion is substantially the same as that authorized by the Truckee Sale Order.  The same business judgment that the Debtors exercised with respect to the previous sale was also exercised with respect to this Motion.

14.     <u>Sound Business Purpose</u>.  The Debtors submit that more than ample business purpose exists to sell the Vessel to Buyer.  The Vessel is not necessary for business operations, and the sale of the Vessel is a part of a long-term business plan.  The Debtors have made numerous public disclosures of its intention to exit the Towing and Supply segment.  Because the Vessel is a Towing and Supply vessel, this sale transaction furthers the long-term strategic objectives for the Debtors.

15.     Furthermore, as discussed above, the Vessel has been marketed, and the purchase price ultimately agreed to by Buyer was the highest and best offer received for the Vessel.  Moreover, the fact that purchase sale price is identical to the purchase price approved by the Truckee Sale Order provides further evidence that this price is, in fact, the highest and best offer for the Vessel.

16.     <u>Adequate and Reasonable Notice</u>.  The Debtors will provide notice of the Motion to all parties in interest, as required by the applicable procedural rules.  *See* Fed. R. Bankr. P. 2002(c)(1) (notice must contain "the terms and conditions of any private sale and the time fixed for filing objections").

**DEBTORS' MOTION TO APPROVE THE SALE OF ASSETS**
**FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES**
**TO RIVERMAN NIGERIA LIMITED**                                                                    **Page 5 of 10**
US 669654v.2

17. <u>Fair and Reasonable Price</u>.  The proposed sale will provide fair and reasonable value in exchange for the Vessel.  The Debtors believe that the marketing and sale process was conducted in a commercially-reasonable manner and that the purchase price constitutes the highest and best offer for the Vessel.

18. Additionally, this Court has already found in the Truckee Sale Order that the marketing and sale process for the Vessel was conducted in a commercially-reasonable manner, and the purchase price is the highest and best offer for the Vessel.

19. <u>Buyer's Good Faith</u>.  Bankruptcy Code § 363(m) provides that "the reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that has purchased or leased such property in good faith."  11 U.S.C. § 363(m).  While the Bankruptcy Code does not define "good faith," the Third Circuit in *In re Abbotts Dairies* held that:

> The requirement that a [buyer] act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings.  Typically, the misconduct that would destroy a [buyer's] good faith status at a judicial sale involves fraud, collusion between the [proposed buyer] and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

788 F.2d at 147 (citations omitted).  The Debtors and Buyer negotiated the Agreements at arm's length and in good faith.  Thus, Buyer should be entitled to the full protections of Bankruptcy Code § 363(m).

**Sale of the Vessel Free and Clear of Liens, Claims and
Encumbrances is Appropriate**

20. Furthermore, the Debtors request authority to transfer the Vessel free and clear of any and all liens, claims and encumbrances.  Bankruptcy Code § 363(f) provides:

(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—

  (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

  (2) such entity consents;

  (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

  (4) such interest is in bona fide dispute; or

  (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

21. Because § 363(f) is drafted in the disjunctive, satisfaction of any one of its five requirements will suffice to permit the sale of the Vessel free and clear of liens and interests. *Citicorp Homeowners Serv., Inc. v. Elliot (In re Elliot),* 94 B.R. 343, 345 (E.D. Pa. 1988). Furthermore, courts have held that they have the equitable power to authorize sales free and clear of interests that are not specifically covered by Section 363(f). *See, e.g., In re Trans World Airlines, Inc.,* 2001 WL 1820325, at *3, 6 (Bankr. D. Del. Mar. 27, 2001); *Volvo White Truck Corp. v. Chambersburg Beverage, Inc. (In re White Motor Credit Corp.),* 75 B.R. 944, 948 (Bankr. N.D. Ohio 1987).

22. The Debtors believe that at least one of the tests detailed in Bankruptcy Code §363(f) will be satisfied pursuant to the sale of the Vessel.

23. The Debtors propose that any and all valid and enforceable liens, claims, or encumbrances on, against or in the Vessel, including those asserted by the Debtors' pre-petition and post-petition lenders, shall be transferred, affixed, and attached to the net proceeds of the

Sale with the same validity, priority, force and effect such liens, claims, or encumbrances had on the Vessel immediately prior to the Sale.

### Payments from Proceeds

24. The Debtors seek authority to pay from the sales proceeds any appropriate closing costs in connection with the transaction, including any broker fees and any fees related to Class and Flag documentation and transfer matters, which costs are expected to be *de minimis*.

25. The Debtors submit that any use or application of the sale proceeds, other than payment of closing costs, will be pursuant to applicable order(s) in these Cases regarding use of cash collateral and adequate protection.

### Relief From the 14-Day Waiting Period Under Bankruptcy Rules 6004(h) is Appropriate

26. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The Debtors request that the order approving the sale of the Vessel be effective immediately by providing that the 14-day stay under Bankruptcy Rule 6004(h) is waived. As set forth above, given the Closing Date and Termination Date set forth in the Agreements, time is of the essence in connection with the proposed sale transaction.

### NO PRIOR REQUEST

27. No prior request for the specific relief sought in this Motion has been made to this Court in these Cases.

### NOTICE

28. Notice of this Motion has been provided by e-mail, facsimile, or overnight delivery to: (a) the Office of the United States Trustee for the District of Delaware; (b) Tennenbaum, as lender for the U.S. Credit Facility and Trico Shipping W/C Facility; (c)

Obsidian, as administrative agent and collateral agent for the U.S. Credit Facility and DIP Credit Agreement; (d) Nordea, as lender for the Trico Shipping W/C Facility, and as administrative for the Trico Shipping W/C Facility; (e) U.S. Bank, as Trustee and collateral agent for the Secured Notes; (f) Wells Fargo Bank, as Trustee for the 3% Notes; (g) Unicredit, as lender for the Trico Shipping W/C Facility; (h) Deutsche Bank National Trust Company, as Trustee for the High Yield Notes; (i) Wilmington Trust FSB, as collateral agent for the Trico Shipping W/C Facility and the High Yield Notes; (j) those persons who have formally appeared in these Cases and requested service pursuant to Bankruptcy Rule 2002; (k) counsel to the Official Committee of Unsecured Creditors; and (l) all applicable government agencies to the extent required by the Bankruptcy Rules and the Local Rules.

## **PRAYER**

The Debtors respectfully request that the Court enter an Order approving the sale of the Vessel to Buyer free and clear of all claims, liens, and encumbrances under the terms of the Agreement. The Debtors further request that the Court grant them such other and further relief to which they may be justly entitled.

December 8, 2010
Wilmington, Delaware

Respectfully submitted,

*/s/ Andrew R. Remming*_____
Robert J. Dehney (No. 3578)
Gregory T. Donilon (No. 4244)
Andrew R. Remming (No. 5120)
L. John Bird (No. 5310)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Tel: 302.658.9200
Fax: 302.658.3989

-and-

John E. Mitchell
Angela B. Degeyter
John Paul K. Napier
VINSON & ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Tel: 214.220.7700
Fax: 214.999.7787
jmitchell@velaw.com
adegeyter@velaw.com
jnapier@velaw.com

*Attorneys for the Debtors and Debtors-in-Possession*

3951580.2