# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TRICO MARINE SERVICES, INC., *et al.*,[1] | ) Case No. 10-12653 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) RE: D.I. 594 |

## ORDER GRANTING DEBTORS' MOTION TO APPROVE THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES TO RIVERMAN NIGERIA LIMITED

Upon consideration of the *Debtors' Motion to Approve the Sale of Assets Free and Clear of Liens, Claims, and Encumbrances to Riverman Nigeria Limited* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") pursuant to Sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing and approving the private sale (the "Sale") of the Vessel to Buyer; and the Court having conducted a sale hearing to consider the approval of the Sale (the "Sale Hearing") and the approval of the Agreement; and all parties in interest having been heard, or having had the opportunity to be heard, regarding the Sale, the approval of the Agreement and the transactions contemplated thereby; and the Court having reviewed and considered the Motion and any objections thereto, and the arguments of counsel and evidence adduced related thereto; and upon the record of the Sale Hearing and the full record of these cases; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their creditors and estates

---

[1] The Debtors are the following entities (followed by the last four digits of their tax identification numbers): Trico Marine Services, Inc. (2405); Trico Marine Assets, Inc. (2404); Trico Marine Operators, Inc. (6124); Trico Marine International, Inc. (3132); Trico Holdco, LLC (3870); Trico Marine Cayman, L.P. (5842). The mailing address for all of the Debtors for the purpose of these Cases is 10001 Woodloch Forest Drive, Suite 610, The Woodlands, TX 77380.

[2] Capitalized terms used but not defined herein shall have the meaning given to them in the Motion.

and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. This Court has jurisdiction over the Motion and the transactions contemplated by the Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409.

C. Good and sufficient notice of the Motion and the relief sought therein has been given to all interested persons and entities and no other or further notice is required.

D. A sound business purpose justifies the Sale of the Vessel outside of the ordinary course of business.

E. The consideration to be provided by Buyer pursuant to the Agreement: (i) is fair and reasonable; (ii) is the highest and otherwise best offer for the Vessel; and (iii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and the law of any state or other jurisdiction whose law is applicable to the contemplated transactions.

F. Consummation of the Sale contemplated in the Agreement will provide the highest or otherwise best value for the Vessel and is in the best interests of the Debtors, their creditors, and estates.

G. Entry into the Agreement and consummation of the transactions contemplated thereby constitute the exercise of the Debtors' sound business judgment and fiduciary duties by the Debtors and such acts are in the best interests of the Debtors, their creditors, and estates.

H. The transactions contemplated by the Agreement are undertaken by the Debtors and Buyer at arm's length, without collusion and in good faith within the meaning of Bankruptcy Code § 363(m). Buyer is a good-faith purchaser under Bankruptcy Code § 363(m) and as such, is entitled to all of the protections afforded thereby and otherwise has proceeded in good faith in all respects in connection with this proceeding in that: (a) Buyer recognized that the Debtors were free to deal with any other party interested in acquiring the Vessel; (b) Buyer made the highest offer for the Vessel; (c) all payments to be made to Buyer and other agreements or arrangements entered into by Buyer in connection with the transactions have been disclosed; and (d) the negotiation and execution of the Agreement and any other agreements or instruments related thereto was in good faith and an arm's-length transaction between Buyer and the Debtors.

I. The Debtors and Buyer have not engaged in any conduct that would permit the Agreement or the Sale to be avoided under Bankruptcy Code § Section 363(n).

J. The Agreement were not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession or the District of Columbia.

K. The Debtors are the sole and lawful owners of the Vessel, and hold good title thereto, immediately prior to the Closing Date. The consummation of the Sale pursuant to the Agreement will be a legal, valid, and effective Sale of the Vessel and will vest Buyer (and its designees or assignees, as applicable) with all right, title, and interest of the Debtors and their bankruptcy estates in and to the Vessel free and clear of all liens, claims, and encumbrances.

L. With respect to all parties asserting any lien, claim, or encumbrance in, to, or against the Vessel, the Sale complies with all the requirements of Bankruptcy Code § 363(f), and with respect to each any lien, claim, or encumbrance in the Vessel: (a) applicable non-bankruptcy law permits the sale free and clear of such interest; (b) the holder of such interest consents to the Sale; (c) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on the Vessel; (d) such interest is in bona fide dispute; or (e) the holder of such interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

M. All parties with liens, claims, or encumbrances against the Vessel identified to be sold under the Agreement, if any, who did not object to the Motion and the relief requested therein, or who withdrew their objections to the Motion, are deemed to have consented pursuant to Bankruptcy Code § 363(f)(2); and all parties with liens, claims, or encumbrances against the Vessel who objected to the Motion, but who did not withdraw any such objection, can be compelled to accept a monetary satisfaction of their liens, claims, or encumbrances within the meaning of Bankruptcy Code § 363(f)(5), and in each case, are enjoined from taking any action against Buyer, its affiliates or any agent of the foregoing to recover any claim which such person or entity has solely against the Debtors, or any of their respective affiliates.

N. The legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein.

O. Upon entry of this Order, the Debtors shall have full power and authority to consummate the Sale contemplated by the Agreement. The Agreement and the Sale have been duly and validly authorized by all necessary action of the Debtors.

P.  Cause has been shown as to why this Order should not be subject to the stay provided by Bankruptcy Rule 6004.

Q.  The entry of this Order is in the best interests of the Debtors, their creditors and estates, and other parties in interest.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Motion, the Agreement, and the transactions contemplated thereby shall be, and hereby are, granted and approved in all respects.

2.  The Debtors are authorized and directed to close, consummate, and comply with the Agreement, and all other agreements and documents, if any, related to and contemplated thereby (collectively, the "Sale Documents"), which Sale Documents hereby are authorized and approved in all respects and to execute such other documents and take such other actions as are necessary or appropriate to effectuate the Agreement.

3.  All objections and responses to the Motion are hereby resolved in accordance with the terms of this Order and as set forth in the record at the Sale Hearing. To the extent such objections or responses were not otherwise overruled, withdrawn, waived, settled or resolved, they, and all reservations of rights included therein, are hereby overruled and denied.

4.  Buyer's offer for the Vessel, as embodied in the Agreement, is the highest and best offer for the Vessel and is hereby approved.

5.  Pursuant to Bankruptcy Code §§ 105(a) and 363(b), the Sale by the Debtors to Buyer of the Vessel and the transactions related thereto are authorized and approved in all respects.

6.  Subject to the payment by Buyer to the Debtors of the consideration provided for in the Agreement, pursuant to Bankruptcy Code § 363, the Sale of the Vessel by the Debtors to

Buyer shall constitute a legal, valid, and effective transfer of the Vessel and shall vest Buyer with all right, title and interest of the Debtors in and to the Vessel free and clear of all liens, claims, and encumbrances pursuant to Bankruptcy Code § 363(f), effective as of the Closing Date.

7. Pursuant to Bankruptcy Code § 363(f), the Sale of the Vessel shall be free and clear of all liens, claims, and encumbrances and all liabilities of the Debtors whether known or unknown, including, but not limited to, any liens, claims, or encumbrances asserted by any of the Debtors' creditors, vendors, suppliers, employees, executory contract counterparties, or lessors. Any and all valid and enforceable liens, claims, or encumbrances on, against or in the Vessel, including those asserted by the Debtors' pre-petition and post-petition lenders, shall be transferred, affixed, and attached to the net proceeds of the Sale with the same validity, priority, force and effect such liens, claims, or encumbrances had on the Vessel immediately prior to the Sale.

8. Any use or application of the Sale proceeds, other than payment of closing costs, will be pursuant to applicable order(s) in the Cases regarding use of cash collateral and adequate protection, OR other and further orders of this Court.

9. Pursuant to Bankruptcy Code §§ 105(a) and 363, all persons and entities, including, without limitation, the Debtors, the Debtors' affiliates, all debt security holders, equity security holders, the Debtors' employees or former employees, governmental, tax, and regulatory authorities, lenders, parties to or beneficiaries under any benefit plan, trade and other creditors asserting or holding any liens, claims, or encumbrances, in or with respect to the Debtors or the Vessel (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non- contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to the Debtors, the Vessel, the operation of the Debtors' business prior to the

closing date under the Agreement or the transfer of the Vessel to Buyer, shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such lien, claim, or encumbrance against Buyer or any affiliate, successor or assign thereof and each of their respective current and former members, officers, directors, managed funds, investment advisors, attorneys, employees, partners, affiliates and representatives (each of the foregoing in its individual capacity), or the Vessel. To avoid doubt, the foregoing shall not prevent the Debtors, their estates, successors, or permitted assigns from pursuing claims, if any, against Buyer and/or its successors and assigns in accordance with the terms of the Agreement.

10. This Order (a) is and shall be effective as a determination that, as of the Closing Date, all liens, claims, or encumbrances existing as to the Vessel conveyed to Buyer have been and hereby are adjudged and declared to be unconditionally released, discharged and terminated with such liens attaching to the net Sale proceeds, and (b) is and shall be binding upon and govern the acts of all entities, including, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Vessel conveyed to Buyer.

11. The provisions of this Order authorizing the sale of the Vessel free and clear of all liens, claims, and encumbrances, shall be self-executing, and neither the Debtors nor Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and implement the provisions of this Order. However,

the Debtors and Buyer, and each of their respective officers, employees, and agents, are authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Debtors or Buyer deem necessary or appropriate to implement and effectuate the terms of the Agreement and this Order.

12. After the Closing Date of the Agreement, no person or entity, including, without limitation, any federal, state or local taxing authority, may (a) attach or perfect liens or a security interest against any of the Vessel on account of or (b) collect or attempt to collect from Buyer or any of its affiliates, any tax (or other amount alleged to be owing by the Debtors) (i) for any period commencing before and concluding prior to the Closing Date or (ii) assessed prior to and payable after the Closing Date.

13. Buyer is a good faith purchaser entitled to the benefits and protections afforded by Bankruptcy Code § 363(m); accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale of the Vessel shall not affect the validity of the Sale of the Vessel to Buyer.

14. The consideration provided by Buyer for the Vessel under the Agreement is fair and reasonable, and the Sale may not be avoided under Bankruptcy Code § 363(n)

15. With respect to the transactions consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to Buyer.

16. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of the Agreement, and this Order in all respects and further to hear and determine any and all disputes between the Debtors and/or Buyer, as the case may be; provided, however, that in the event the Court abstains from exercising or declines to exercise such jurisdiction or is without jurisdiction with respect to the Agreement and this Order, such abstention, refusal, or

lack of jurisdiction shall have no effect upon, and shall not control, prohibit or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

17. The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by such parties, in accordance with the terms thereof without further order of the Court.

18. From and after the date hereof, the Debtors and Buyer shall act in accordance with the terms of the Agreement and the Debtors, to the extent they already have not done so, shall execute any Sale Document at or prior to the Closing Date.

19. To the extent of any inconsistency between the provisions of this Order and the Agreement, or any documents executed in connection therewith, the provisions contained in this Order shall govern.

20. The provisions of this Order are nonseverable and mutually dependent.

21. This Order shall inure to the benefit of Buyer, the Debtors, and their respective successors and assigns, including but not limited to any chapter 11 or chapter 7 trustee that may be appointed in the Debtors' Cases and shall be binding upon any trustee, party, entity, or fiduciary that may be appointed in connection with these Cases or any other or further case involving the Debtors, whether under chapter 7 or chapter 11 of the Bankruptcy Code.

22. Nothing in any order of this Court or contained in any plan of reorganization or liquidation confirmed in these chapter 11 cases, or in any subsequent or converted cases of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code, shall conflict with or derogate from the provisions of the Agreement or the terms of this Order. The provisions of this Order and any actions taken pursuant hereto shall survive the entry of any order which may be entered

**ORDER GRANTING DEBTORS' MOTION TO APPROVE THE SALE OF ASSETS FREE ND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES TO RIVERMAN NIGERIA LIMITED** Page 9 of 10
US 669833v.1

confirming any chapter 11 plan of the Debtors, converting the Debtors' Cases to cases under chapter 7 of the Bankruptcy Code, or dismissing the Debtors' Cases.

23. Because time is of the essence, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing, and the stay of orders authorizing the sale, use, or lease of property of the estate, as set forth in Bankruptcy Rule 6004(h) not apply to this Order.

24. The Debtors are authorized to close the Sale immediately upon entry of this Order.

Dated: December 1*, 2010
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

3951612.2