# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| TRICO MARINE SERVICES, INC., *et al.*, | ) Case No. 10-12653 (BLS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Hearing Date: T.B.D.** |
| | ) **Objection Deadline: T.B.D.** |

## EMERGENCY MOTION OF PACC OFFSHORE SERVICES HOLDING PTE LTD FOR (A) IMMEDIATE TELEPHONIC HEARING ON DISPUTE OVER MEMORANDUM OF AGREEMENT AND (B) ORDER ENFORCING THE SALE ORDER AND PROHIBITING DEBTORS FROM WITHDRAWING OR DISTRIBUTING ESCROWED FUNDS PENDING FURTHER ORDER OF THE COURT AND/OR DIRECTING THE PARTIES TO ARBITRATION

PACC Offshore Services Holding Pte Ltd (the "Buyer"), through its counsel, submits this emergency motion (the "Emergency Motion") for: (a) an immediate telephonic hearing on a dispute between Trico Marine Service, Inc., et al. (the "Sellers", "Debtors" and together with PACC, the "Parties") and Buyer with respect to certain Memorandum of Agreement (the "MOA") between and among the Parties; and (b) an order enforcing the Sale Order and prohibiting Seller from withdrawing or distributing the Escrowed Funds[1] ($14,858,000.47 in a DIP account and 5% on the Hold Back in Vinson and Elkins LLP account) pending further order of the Court and/or directing the Parties to arbitration.

---

[1] Unless stated otherwise herein, all capitalized terms shall have the meanings ascribed to them in the Sale Order, the MOA, and/or the Sale Agreement.

{00474716;v2}

1

## PRELIMINARY STATEMENT

Seller was unable to close by the Cancellation Date of December 30, 2010 and requested an extension which Buyer rejected by Notice of Cancellation and demand for the return of the Escrowed Funds dated January 3, 2011. On January 10, 2011, Seller notified Buyer of its intent to withdraw the Escrowed Funds on January 11, 2011 at 8:00 a.m. (CT). Because the Seller's anticipated breach of the MOA will cause grave harm to Buyer, Buyer hereby requests: (a) an emergency telephonic hearing to resolve this matter with the Debtors before the Court, and (b) an order of the Court enforcing the Sale Order (defined below) and prohibiting Seller from withdrawing or distributing the Escrowed Funds and/or directing the Parties to arbitration.

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. Venue of these proceedings in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).

## BACKGROUND

1. On or about November 30, 2010 Trico Marine Assets, Inc. Buyer entered into that certain Heads of Agreement (the "Agreement"), which incorporated by reference the MOA regarding *M/v Trico Mystic* (the "Vessel"). A true and correct copy of the MOA is attached hereto as Exhibit 1.

2. On December 1, 2010, this Court entered a Sale Order approving the sale of the Vessel (the "Sale Order"), a true and correct copy of which is attached hereto as Exhibit 5. Seller was authorized and directed to close and comply with the Agreement. Seller was also

authorized to enter into a back-to-back agreement, wherein Buyer would assume Seller's service and charter obligations with Petrobras (the "Back-to-Back Agreements").

3. Thereafter, Seller and Buyer commenced negotiations on the language to the provisions of the Back-to-Back Agreements in preparation for closing on the Vessel. On December 17, 2010, Buyer's counsel met with Seller's representative to consummate closing on the Vessel. During that meeting, Buyer's counsel received information from Seller regarding technical difficulties on the Vessel that required the Vessel to seize its work for Petrobras and return to port. Such technical difficulties, which Seller agreed to resolve, placed the Vessel off-hire. Consequently, Buyer did not close on the Vessel in accordance with Clause 11 of the MOA, which set forth the Vessel's Condition on delivery "she shall be delivered and taken over as she was at the time of inspection, fair wear and tear excepted." *See*, Exhibit 1. On November 17, 2010, Buyer inspected the Vessel and she was in every aspect physically ready for delivery. However, that condition changed on or about December 17, 2010, when she experienced technical difficulties making her unable to work for Petrobras.

4. While the Vessel was under repairs, Buyer and Seller continued negotiating on the provisions to the Back-to-Back Agreements, but never finalized such negotiations. During this period of time, Buyer failed to provide Notice of Readiness by December 30, 2010. Accordingly, Seller is in default pursuant to Clause 14 of the MOA, which *inter alia*, provides Buyer with a cancellation right if "Sellers fail to give Notice of Readiness in accordance with Clause 5a) or fail to be ready to validly complete a legal transfer by the date stipulated in line 61 [December 30, 2010]..." *See*, Exhibit 1.

5. By letter dated December 30, 2010, a true and correct copy of which is attached hereto as Exhibit 2, Seller informed Buyer that:

> Pursuant to section 5(c) of that certain [MOA] ... Seller hereby gives notice to Buyer that the Vessel will not be ready for delivery by the cancelling date, December 30, 2010. Seller anticipates that the Vessel will be ready for delivery by January 15, 2011, and thus, Seller proposes that January 15, 2011 be the new cancelling date pursuant to section 5(c) of the Agreement. *See*, Seller's December 30, 2010 letter at ¶ 1 Exhibit 2.

6. On January 3, 2011, well within the "7 running days" of the notice of the proposed new cancelling date provided in the Seller's December 30, 2010 letter, Buyer informed Seller that, "[p]ursuant to section 5(c) and Clause 14 of [the MOA], Buyer hereby exercises its right to cancel the MOA" by reply letter. A true and correct copy of Buyer's January 3, 2011 letter is attached hereto as Exhibit 3. This letter also provided that, "pursuant to Clause 14 Buyer requests immediate release of the [Escrowed Funds]." Seller has not returned the Escrowed Funds to Buyer, which are held in a DIP account, as well as Hold Back 5% are held in escrow by Seller's counsel.

7. Surprisingly, on January 10, 2011, Seller sent Buyer a new letter informing that "Seller is ready to close on the Vessel immediately." A true and correct copy of Seller's January 10, 2011 letter is attached hereto as Exhibit 4. This letter further informed Buyer that "Seller has satisfied all performance conditions set forth in the Agreement. Therefore, a Withdrawal Event (as defined in the [Court's Order]) has occurred and, Seller will distribute the [Escrowed Funds] at 8:00 a.m. (prevailing Central Time) on Tuesday, January 11, 2011." Furthermore, this letter enclosed a finalized version of the Back-to-Back Agreements executed by Seller never seeing nor signed by Buyer.

## EMERGENCY RELIEF REQUESTED

8. By this Motion, Buyer respectfully requests an emergency telephonic hearing to resolve this dispute and entry of an order of the Court enforcing the Sale Order and prohibiting Seller from withdrawing or distributing the Escrowed Funds pending further order of the Court and/or directing the Parties to arbitration in accordance with the terms of the Sale Agreement.

WHEREFORE, Buyer respectfully requests that this Court grant its request for an immediate telephonic hearing and enter an order enforcing the Sale Order and prohibiting Seller from withdrawing or distributing the Escrowed Funds pending further order of the Court and grant such other and further relief as the Court may deem just and proper, either at law or in equity.

Dated: January 11, 2011
Wilmington, Delaware

                ASHBY & GEDDES, P.A.

                */s/ Don A. Beskrone*

                Don A. Beskrone (#4380)
                Leigh-Anne M. Raport (#5055)
                500 Delaware Avenue, 8th Floor
                P.O. Box 1150
                Wilmington, DE 19899
                Telephone: (302) 654-1888
                Facsimile: (302) 654-2067

                - and -

                GARDERE WYNNE SEWELL, LLP
                Peter McLauchlan (TX 13740900)
                Clinton R. Snow (TX 24060629)
                1000 Louisiana, Suite 3400
                Houston, TX 77002
                Telephone: (713) 276-5500
                Facsimile: (713) 276-5555

                COUNSEL FOR PACC OFFSHORE SERVICES HOLDING PTE LTE