# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRICO MARINE SERVICES, INC., *et al.*,[1] | ) | Case No. 10-12653 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

## NOTICE OF BID PROCEDURES FOR AUCTION
## SCHEDULED FOR JANUARY 24, 2011

1. On December 13, 2010, the Bankruptcy Court entered an order (the "Sale Procedures Order") [Dkt. No. 623] approving procedures for the sale of operating assets of the Debtors (each, an "Asset" and collectively, the "Assets"), scheduling an auction (the "Final Auction") for any unsold Assets for January 24, 2011 at 10:00 a.m. (prevailing Central time), and scheduling a sale hearing to approve the sale of any Assets sold at the Final Auction (the "Final Sale Hearing") for January 31, 2011.

2. Under the Sale Procedures Order, the Debtors, after consultation with the official committee of unsecured creditors (the "Committee"), Obsidian Agency Services, Inc., as Agent under the Senior Secured, Super-Priority Debtor-in-Possession Credit Agreement dated August 24, 2010 ("Obsidian"), and holders of the Debtors' 8.125% notes (the "8.125% Noteholders" and together with the Committee and Obsidian, the "Consultation Parties"), may provide for any necessary procedures that, in the Debtors' business judgment, will facilitate the goal of procuring the highest and best offer for particular Asset(s), including, but not limited to, designation of a "stalking horse" bidder (a "Stalking Horse Bidder") for each Asset.

---

[1] The Debtors are the following entities (followed by the last four digits of their tax identification numbers): Trico Marine Services, Inc. (2405); Trico Marine Assets, Inc. (2404); Trico Marine Operators, Inc. (6124); Trico Marine International, Inc. (3132); Trico Holdco, LLC (3870); Trico Marine Cayman, L.P. (5842). The mailing address for all of the Debtors for the purpose of these Cases is 10001 Woodloch Forest Drive, Suite 610, The Woodlands, TX 77380.

3. Therefore, pursuant to the Sale Procedures Order, the following procedures ("Bid Procedures") shall apply at the Final Auction:

    a. Assets Available

        (i) For the purposes of the Bid Procedures, "Assets" shall include the following vessels (each, a "Vessel" and collectively, the "Vessels") and any vessel related inventory[2]:

            (a) Spirit River;

            (b) Hondo River;

            (c) Palma River;

            (d) Buffalo River;

            (e) James River;

            (f) Pearl River; and

            (g) Certain additional vessels which have not closed by the Final Auction.[3]

        (ii) Information regarding the Vessels, including specifications, is available on the Debtors' corporate website (http://www.tricomarine.com). Additional information is also available upon request to the Debtors, 10001 Woodloch Forest Drive, Suite 610, The Woodlands, TX 77380, Attn: Mike Wallace (mwallace@tricomarine.com), telephone (713) 780-9926.

        (iii) Additional information relevant to each Vessel is attached hereto as **Exhibit A**, including information regarding the location of each Vessel, whether any charters are applicable to each Vessel and the expected break up fee for any Stalking Horse Bidder. Submission of a Bid (as defined below) shall serve as conclusive evidence that such Bidder (as defined below) has fully reviewed this Notice and **Exhibit A**.

    b. Participation Requirements

        (i) In order to participate in the Final Auction, a person interested in acquiring any Asset(s) (a "Bidder") must, by January 17, 2011 at 5:00 p.m. (prevailing Central Time), submit written notice (a)

---

[2] As well as any operating assets of the Debtors' estates for which the Debtors' estates are required to expend cash to operate.
[3] Such vessels may include the Truckee River, Trinity River, Suwanee River, Roe River, Oak River and Elm River.

identifying the Bidder, and (b) stating such Bidder's intent to participate in the Final Auction to (i) the Debtors, 10001 Woodloch Forest Drive, Suite 610, The Woodlands, TX 77380, Attn: Mike Wallace (mwallace@tricomarine.com), fax (713) 780-0062; and (ii) counsel to the Debtors: Vinson & Elkins LLP, 2001 Ross Ave., Suite 3700, Dallas, TX 75201, Attn: Tonya Ramsey (tramsey@velaw.com), fax (214) 999-7750.

    (ii) Any Bidder that desires to make an offer, solicitation or proposal (a "Bid") shall, by January 17, 2011 at 5:00 p.m. (prevailing Central Time), include a copy of the agreement (the "Agreement") attached hereto as **Exhibit B**, marked to show all changes requested by the Bidder (including those related to purchase price) and a clean copy of such Agreement, executed by the Bidder.

  c. Bid Requirements

    (i) For any Bid to be considered at the Final Auction, such Bid must, in the sole discretion of the Debtors, after consultation with the Consultation Parties, satisfy each of the following conditions (the "Bid Requirements"):

      (a) Irrevocable. Each Bid, as applicable, must be irrevocable until (a) the date that is two business days after the date on which the sale to the Successful Bidder or Back-Up Bidder, as applicable, is consummated or (b) such other date as agreed to by the Debtor (the "Termination Date").

      (b) No Contingencies. A Bid may not be subject to any contingency, including but not limited to the following:

        (1) Financing;

        (2) Board of director or other internal approval;

        (3) Inspection of the Asset(s); or

        (4) Due diligence

      (c) Financial Ability to Close. A Bid must contain written evidence satisfactory to the Debtors, after consultation with the Consultation Parties, which demonstrates the Bidder has the necessary financial ability to close the contemplated transaction in a timely manner.

      (d) Payable in U.S. Dollars. By submitting a Bid, each Bidder agrees that the purchase price and any deposit, as

applicable, shall be paid in solely U.S. dollars to U.S. accounts.

(e) <u>MARAD Information</u>. Each Bid for the Hondo River and/or Spirit River must be accompanied by the following information required by the United States Maritime Administration: (i) Bidder's company name, (ii) registered address, and (iii) the names of all directors.

(ii) Bidders may submit Bids for Assets individually or *en bloc*; provided however, that the Debtors, in their sole discretion, after consultation with the Consultation Parties, may consider Bids for multiple Assets from a single Bidder as an *en bloc* Bid for such Assets, whether or not such Bidder so specifies. If a Bidder submits an *en bloc* Bid, such Bid must allocate the purchase price as to each Asset.

(iii) Except as provided in Section d(i) of procedures set forth herein, a Bid may not request or entitle the Bidder to any breakup fee, termination fee, expense reimbursement, or similar type of payment. Without limiting the generality of the foregoing, by submitting a Bid, a Bidder shall be deemed to waive (a) the right to pursue a substantial contribution claim under Bankruptcy Code § 503 related in any way to the submission of its Bid or the Bid Procedures and (b) any claim under Bankruptcy Code § 506(c).

d. Bid Protections

(i) <u>Stalking Horse Bidder</u>. The Debtors may, in their sole discretion select a Bidder to serve as a "Stalking Horse Bidder." Such Stalking Horse Bidder shall be granted the right to receive a break-up fee ("<u>Break-Up Fee</u>") in an amount described in **Exhibit A**, subject to approval of the Bankruptcy Court. However, the Debtors reserve the right to sell an Asset without designating a Stalking Horse Bidder.

(ii) <u>Designation as Stalking Horse Bidder</u>. To be considered as a Stalking Horse Bidder, a Bidder must:

(a) submit an offer acceptable to the Debtors by January 17, 2011 at 5:00 p.m. (prevailing Central Time), and

(b) fully execute an applicable Agreement and make a deposit, in the form of cash or a certified bank check payable to the order of Trico Marine Services, Inc., equal to 20% of the proposed purchase price on or before January 21, 2011 at 5:00 p.m. (prevailing Central Time).

(iii) <u>Treatment of Break-Up Fee at Auction</u>. A Stalking Horse Bidder shall not be entitled to credit bid its Break-Up Fee when bidding at the auction.

e. Auction

(i) On January 24, 2011 at 10:00 a.m. (prevailing Central Time), the Debtors will conduct the Final Auction to determine the highest and best Bid for each Asset or Assets, as applicable. The Auction will be held at the offices of Vinson & Elkins LLP, First City Tower, 1001 Fannin Street, Suite 2500, Houston, TX 77002 and may be continued to additional days, if needed.

(ii) Bidders may participate in the Final Auction telephonically, subject to prior approval by the Debtors.

(iii) Prior to the Final Auction, the Debtors, in their sole discretion, after consultation with the Consultation Parties, may determine the highest and best Bid (the "<u>Baseline Bid</u>") for each Asset(s) or set the Baseline Bid if no appropriate offer for such Asset(s) has been received.

(iv) During the Final Auction, bidding for each Asset(s) shall begin initially with the Baseline Bid, if applicable. Any bids thereafter must be at least equal to the Minimum Initial Overbid (as defined below) and subsequently continue in minimum increments of at least the Minimum Overbid Increment (as defined below).

(v) All Bids made subsequent to the Debtors' announcement of the Baseline Bid shall be "Overbids" and shall be made and received on an open basis, and all material terms of each Overbid shall be fully disclosed to all other Bidders.

(vi) To submit an Overbid, a Bidder must comply with the following conditions:

(a) The initial Overbid after announcement of the Baseline Bid must be at least equal to the Baseline Bid plus the Break-Up Fee, if applicable, plus the percentage of the Baseline Bid listed on **Exhibit A** (the "<u>Minimum Initial Overbid</u>").

(b) Overbids after the Minimum Initial Overbid shall be made in such increments as provided on **Exhibit A** (the "<u>Minimum Overbid Increment</u>").

(c) Except as otherwise provided in the Bid Procedures, an Overbid must comply with the conditions for Bids set forth herein.

(vii) The Debtors may adopt modified or additional rules for the Final Auction at or prior to the Final Auction that, in their reasonable discretion, after consultation with the Consultation Parties, will better promote the goals of the Final Auction (including rules that may depart from those set forth herein) and maximize value of the Assets and that are not inconsistent with any of the provisions of the Sale Procedures Order.

(viii) Upon conclusion of the Final Auction, the Debtors, after consultation with the Consultation Parties, shall identify the highest and best Bid for each Asset(s) (each a "Successful Bid") and the entity submitting such Successful Bid (each a "Successful Bidder"). In making their determination of a Successful Bid, the Debtors, after consultation with the Consultation Parties, shall consider, among other things, which Bid will provide the greatest amount of value to the Debtors and the speed and degree of certainty with which a Bidder likely will be able to consummate a Sale.

(ix) In similar fashion, the Debtors, after consultation with the Consultation parties, also may identify the Bidder (a "Back-Up Bidder") that submitted the next highest or otherwise best Bid (a "Back-up Bid") for each Asset(s). Following such determinations, the Debtors shall advise the Bidders of such determinations.

(x) To the extent not already received, on or before January 27, 2011 at 5:00 p.m. (prevailing Central Time), each Successful Bidder and each Back-Up Bidder must make a deposit (a "Good Faith Deposit"), in the form of cash or a certified bank check payable to the order of Trico Marine Services, Inc., equal to 20% of the Successful Bid or Back-Up Bid, as applicable. The Debtors, in their sole discretion, may revoke a Successful Bid or a Back-Up Bid if such Successful Bidder or Back-Up Bidder fails to submit a Good Faith Deposit by January 27, 2011 at 5:00 p.m. (prevailing Central Time).

(xi) The Back-Up Bidder's Good Faith Deposit shall be returned promptly following the consummation of the applicable Successful Bid.

(xii) The Final Auction shall be conducted openly and the Consultation Parties may attend and observe the Final Auction.

(xiii) Bidding at the Final Auction shall be transcribed or videotaped. Other than as otherwise set forth herein, the Debtors may conduct the Final Auction in the manner that they determine, after

consultation with the Consultation Parties, will result in the highest and best offer for the Assets.

f. Acceptance of Successful Bid.

(i) The Debtors shall sell each Asset(s) to the applicable Successful Bidder only upon timely receipt of a Good Faith Deposit, due execution of the applicable Agreement, and the approval of such Successful Bid by the Bankruptcy Court after the Final Sale Hearing. Neither the Debtors' announcement at the Final Auction of a Successful Bid nor the Debtors' presentation of a Successful Bid to the Bankruptcy Court for approval shall constitute the Debtors' acceptance of a Successful Bid. The Debtors shall be deemed to have accepted a Successful Bid only when the Successful Bid has been approved by the Bankruptcy Court at the Final Sale Hearing.

(ii) Broker commissions will be paid from the Sale Proceeds (as defined below), subject to Bankruptcy Court approval.

g. "As Is, Where Is"

(i) The sale of the Assets shall be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Debtors, their agents or their estates except to the extent set forth in the purchase agreement of the Successful Bidder. Each Bidder shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the Assets in making its Bid (and, as applicable, its Overbid), and that it did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Assets, or the completeness of any information provided in connection therewith or the Final Auction, except as expressly stated in the procedures set forth herein, and as set forth in a Successful Bidder's Agreement with the Debtors.

h. Free of Any and All Interests

(i) Except as otherwise provided in the applicable Agreement of a Successful Bidder or a Back-Up Bidder, as applicable, all of Debtors' right, title, and interest in and to the Assets shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests asserted thereon and therein in accordance with Bankruptcy Code § 363.

i. Final Sale Hearing

(i) The Final Sale Hearing shall be conducted by the Honorable Brendan L. Shannon of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom # 1, Wilmington, Delaware 19801 on January 31, 2011 at 9:00 a.m. (prevailing Eastern Time) or on such other date and time as may be established by the Bankruptcy Court. At the Sale Hearing, the Debtors will seek entry of an order(s) (the "Sale Approval Order"), among other things, (a) authorizing and approving the sale of each Asset, free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests of any kind, to each Successful Bidder, as determined by the Debtors, after consultation with the Committee, in accordance with the Bid Procedures and (b) in the event that any Successful Bidder is unable or unwilling to consummate its Successful Bid in accordance with its terms, authorizing and approving the sale of such Asset(s), free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests of any kind, to the applicable Back-Up Bidder. The Final Sale Hearing may be adjourned or rescheduled, from time to time, without notice to parties in interest other than through announcements in open court and/or the filing of notices and/or amended agendas. Parties in interest are encouraged to monitor the electronic court docket and/or the noticing agent website for further updates (http://dm.epiq11.com/TMG).

(ii) Within two business days after an order is entered approving the Sale of each Asset(s), each Successful Bidder must deposit the total cash consideration of such Successful Bid (the "Sale Proceeds") in a segregated DIP account. The Sale Proceeds shall be withdrawn on the earlier of (a) one business day after delivery of written notice by the Debtors that they have satisfied all performance conditions set forth in the applicable Agreement, (b) waiver by the applicable Successful Bidder of any unperformed conditions of the Debtors as set forth in the applicable Agreement, (c) agreement of the applicable Successful Bidder and the Debtors, or (d) further order of the Bankruptcy Court (a "Withdrawal Event").

(iii) Failure by a Successful Bidder, or Back-Up Bidder, as applicable, to close on the applicable Asset(s) by the date specified in the applicable Agreement or any Order of the Bankruptcy Court will result in forfeiture of any Good Faith Deposit made by a Successful Bidder or Back-Up Bidder, as applicable.

j.  Modifications to Bid Procedures

   (i) The Debtors may modify these Bid Procedures, after consultation with the Consultation Parties, in any way which will better promote the goals of the Bid Procedures and are in the best interests of the Debtors' estates.

Dated: January 12, 2011
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Andrew R. Remming*
Robert J. Dehney (No. 3578)
Gregory T. Donilon (No. 4244)
Andrew R. Remming (No. 5120)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Tel: 302.658.9200
Fax: 302.658.3989

-and-

John E. Mitchell (admitted *pro hac vice*)
Angela B. Degeyter (admitted *pro hac vice*)
John P. Napier (admitted *pro hac vice*)
VINSON & ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Tel: 214.220.7700
Fax: 214.999.7787

*Attorneys for the Debtors and Debtors-in-Possession*