IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TRICO MARINE SERVICES, INC., *et al.*,[1] | ) Case No. 10-12653 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) (Relates to Dkt. No. 581) |
| | ) |

**ORDER APPROVING DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE §§ 105 AND 363 AND BANKRUPTCY RULE 9019 FOR AN ORDER AUTHORIZING THE DEBTORS TO COMPROMISE CERTAIN INTERCOMPANY CLAIMS AND EQUITY INTERESTS**

Upon consideration of the Debtors' Motion Pursuant to Bankruptcy Code §§ 105 And 363 and Bankruptcy Rule 9019 for an Order Authorizing the Debtors to Compromise Certain Intercompany Claims and Equity Interests (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the related documents and pleadings in support thereof including the Debtors' Memorandum of Law in Further Support of their Motions (i) Pursuant to Bankruptcy Code §§ 105 and 363 and Bankruptcy Rule 9019 for an Order Authorizing the Debtors to Compromise Certain Intercompany Claims and Equity Interests and (ii) for Approval of Executive Compensation and Employee Incentive Plan for Non-Debtor OpCo Subsidiaries (the "Memorandum of Law"), the Declaration of John R. Castellano in Support of (1) the Debtors' Motion Pursuant to Bankruptcy Code Sections 105 and

---

[1] The Debtors are the following entities (followed by the last four digits of their tax identification numbers): Trico Marine Services, Inc. (2405); Trico Marine Assets, Inc. (2404); Trico Marine Operators, Inc. (6124); Trico Marine International, Inc. (3132); Trico Holdco, LLC (3870); Trico Marine Cayman, L.P. (5842). The mailing address for all of the Debtors for the purpose of these Cases is 10001 Woodloch Forest Drive, Suite 610, The Woodlands, TX 77380.

[2] Capitalized terms used but not defined herein shall have the meaning given to them in the Motion or the Memorandum of Law, as applicable.

US 767749v.1

363 and Bankruptcy Rule 9019 for an Order Authorizing the Debtors to Compromise Certain Intercompany Claims and Equity Interests and (2) the Debtors' Motion for Approval of Executive Compensation and Employee Incentive Plan Payments from Non-Debtor Subsidiaries [Docket No. 861] (the "Castellano Declaration"), the Declaration of Stephen Sieh in Support of Debtors' Motion Pursuant to Bankruptcy Code Sections 105 and 363 and Bankruptcy Rule 9019 for an Order Authorizing the Debtors to Compromise Certain Intercompany Claims and Equity Interests [Docket No. 862] (the "Sieh Declaration"), and the Notice of (I) Settlement of Committee's Objections to the Debtors' Motion Pursuant to Bankruptcy Code Sections 105 and 363 and Bankruptcy Rule 9019 For an Order Authorizing the Debtors to Compromise Certain Intercompany Claims and Equity Interest and (II) Revised Restructuring Support Agreement Term Sheet [Docket No. 857]; and the further Revised Restructuring Support Agreement Term Sheet (the "Revised Term Sheet") admitted as Debtors' Exhibit 1 at the Hearing (as defined below); and the Court having jurisdiction over these Cases and the Motion and venue being proper in this Court; and good and sufficient notice having been properly provided, and no other or further notice being required; and the Court having held an evidentiary hearing on the relief requested in the Motion on February 10, 2011(the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested therein and that such relief is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and upon the record in these proceedings; and for the specific reasons stated on the record at the Hearing; and after due deliberation thereon and good cause appearing therefore, the Bankruptcy Court hereby **ORDERS THAT:**

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363 AND BANKRUPTCY RULE 9019 FOR AN ORDER AUTHORIZING THE DEBTORS TO COMPROMISE CERTAIN INTERCOMPANY CLAIMS AND EQUITY INTERESTS**
US 767749v.1 4098937.1

Page 2 of 8

1. The Motion is **GRANTED**. All objections to such relief requested that have not been withdrawn, waived, settled or resolved as set forth at the Hearing are hereby overruled.

2. The Revised Term Sheet, as approved by this Order, is attached hereto as **Exhibit 1**. The Revised Term Sheet is deemed substituted for the Term Sheet for Proposed Restructuring attached as Exhibit A to the Restructuring Support Agreement. Furthermore, the Restructuring Support Agreement is deemed amended and modified to be consistent with the Revised Term Sheet, and to the extent the Restructuring Support Agreement is inconsistent with the terms of the Revised Term Sheet, the Revised Term Sheet shall control.

3. The Debtors are authorized and directed to enter into the Settlement as set forth on the Revised Term Sheet and the RSA, and to take all necessary steps to effectuate the Settlement.

4. The Debtors are authorized and directed to enter into the Transition Services Agreement, pursuant to the terms of the Settlement as set forth on the Revised Term Sheet and the RSA.

5. For the avoidance of doubt, upon the occurrence of the Effective Date of the Settlement, the holders of the High Yield Notes forever release and waive any claim of any kind they may hold against the Debtors for any guaranties provided under any of the documents evidencing the issuance of the High Yield Notes.

6. In the event that the OpCo Subsidiaries file for protection under chapter 11 of the Bankruptcy Code, the Debtors, the Official Committee of Unsecured Creditors and the Steering Committee (as parties to the RSA) agree to support and, to the extent applicable, vote in favor of any plan of reorganization proposed by the OpCo Subsidiaries that is consistent with the terms of

the Settlement and to take such other actions for the OpCo Subsidiaries that are consistent with the terms of the Settlement.

7. The Debtors are directed, authorized and empowered, pursuant to Bankruptcy Code §§ 363(b) and 105(a), without necessity of action of their respective officers, directors or members or further order of the Court, to take any and all such actions as any of their executive officers may determine are necessary or appropriate to implement, effectuate, and consummate any and all documents and/or transactions contemplated by the Settlement, the Revised Term Sheet, the RSA and the Transition Services Agreement, including but not limited to the formation of new corporate entities.

8. Upon the Effective Date (as defined in the Revised Term Sheet) of the Settlement, the releases included therein shall be immediately effective and enforceable and deemed binding in accordance with their terms, notwithstanding any subsequent appointment of any trustee (including any chapter 7 trustee appointed in any of the Debtors' Cases) or other fiduciary under any section of any chapter of the Bankruptcy Code. In addition, the terms of the Settlement shall continue notwithstanding any foreclosure or sale of the Intercompany Notes and Fraudulent Transfer Claims (as defined in the Revised Term Sheet) and the holders of those Intercompany Notes and Fraudulent Transfer Claims (to the extent the foregoing foreclosure or sale occurs) shall have the right to enforce the term and conditions of the Settlement and receive the proceeds of the Settlement.

9. As set forth in the Revised Term Sheet, all letters or any other correspondence delivered to Deutsche Bank National Trust Company (as successor to Wells Fargo Bank, N.A.) as Indenture Trustee to the High Yield Notes (the "Indenture Trustee") by Arrowgrass Master

Fund, Ltd. and Arrowgrass Distressed Opportunities Fund Limited (together "Arrowgrass") prior to the 9019 settlement hearing shall be withdrawn and hereby deemed withdrawn, including its December 16, 2010 letter concerning a partial redemption of the High Yield Notes. Any claims against the Indenture Trustee described in the December 16, 2010 letter are compromised and released effective immediately pursuant to this Order, including any claims related to the Indenture Trustee's receipt or distribution of funds currently held by the Indenture Trustee.

10. Nothing contained herein, or in the Revised Term Sheet, the RSA or any related document shall constitute a finding or determination by this Court regarding the allocation or characterization of the proceeds of the Settlement and the rights of all parties regarding the allocation or characterization of the proceeds of the Settlement are hereby expressly reserved.

11. Notwithstanding anything in this Order to the contrary, nothing contained herein shall:

(a) modify, limit or impact in any way the respective rights of (i) Obsidian Agency Services, Inc., Tennenbaum DIP Opportunity Fund, LLC, Tennenbaum Opportunities Partners V, LP, and Special Value Continuation Partners, LP, or any of their respective affiliates (collectively, "Obsidian") and (ii) Nordea Bank Finland PLC, New York Branch, as administrative agent, under that certain Amended Credit Agreement, dated as of October 30, 2009 (as amended, supplemented or otherwise modified from time to time), and the lenders party thereto from time to time (collectively, "Nordea"), each as creditors of OpCo Subsidiaries, against any party or entity, including without limitation the OpCo

Subsidiaries, their respective non-Debtor affiliates and each of their respective assets, officers, directors, agents, employees, representatives;

(b) modify, limit or impact in any way the rights of (i) Obsidian that Obsidian holds directly and not as a derivative claim released by the Debtors, (ii) the beneficial holders of and U.S. Bank National Association, as trustee for the 8.125% Secured Convertible Debentures due 2013 issued by Trico Marine Services, Inc. and guaranteed by Trico Marine Assets, Inc. and Trico Marine Operators, Inc. (collectively, the "Second Lien Note Parties"), hold directly and not as a derivative claim released by the Debtors and (iii) Nordea that Nordea holds directly and not as a derivative claim released by the Debtors; or

(c) modify, limit or impact in any way any rights granted to Obsidian, Nordea, Nordea Bank Norge ASA, Cayman Islands Branch or the Second Lien Note Parties under any other order of this Court relating to financing or use of cash collateral; provided, however, that the conversion and/or release of the Intercompany Notes and Fraudulent Conveyance Claims which constitute collateral pledged to Obsidian is hereby approved subject to the terms of (i) the Revised Term Sheet, (ii) the order of the Court relating to cash collateral as (x) "so ordered" on the record on February 10, 2011 and (y) reflected in a subsequent written order of this Court

12. The Debtors, the OpCo Subsidiaries, the Official Committee of Unsecured Creditors and the Steering Committee may amend, waive, modify or supplement, without seeking the approval of the Court, any provision of the Settlement, the Revised Term Sheet or

the RSA, including any amendments or modifications to the corporate structure of the Opco Subsidiaries, as are necessary to implement the Settlement in a tax and cost efficient manner, provided that no material terms are changed. The Bankruptcy Court shall hear on an expedited basis any disputes regarding whether a term sought to be amended or modified is material within the meaning of this paragraph 12.

13. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be effective and enforceable immediately upon entry of this Order.

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Feb. 17, 2011
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

ORDER GRANTING DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363 AND BANKRUPTCY RULE 9019 FOR AN ORDER AUTHORIZING THE DEBTORS TO COMPROMISE CERTAIN INTERCOMPANY CLAIMS AND EQUITY INTERESTS
US 767749v.1 4098937.1

Page 7 of 8