# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TRICO MARINE SERVICES, INC., et al.,[1] | ) Case No. 10-12653 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) (Relates to Dkt. No. 953) |
| | ) |

## ORDER APPROVING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES TO LANEX CORPORATION

In accordance with the *Order Granting Debtors' Motion for an Order (A) Approving Sale Procedures to be Utilized in Connection with the Sale of Assets, (B) Approving the Form of Notice Related to Accepted Offers, (C) Authorizing the Sale of Assets Pursuant to the Sale Procedures, (D) Setting Sale Hearings, and (E) Granting Related Relief* (the "Global Sale Procedures Order")[2] [Dkt. No. 623] and the *Order Approving Sale Procedures to be Utilized in Connection with the Sale of the Trinity River, Suwanee River, Palma River, Elm River and Buffalo River and Setting Sale Hearings* [Dkt. No. 953]; and the Court having reviewed and considered the *Memorandum of Agreement* (the "Agreement")[3] between Trico Marine Assets, Inc. ("TMA" or "Seller") and Lanex Corporation ("Lanex" or "Buyer") for the sale ("Sale") of the Trinity River vessel (the "Vessel"); and upon the full record of these Cases; and it appearing that entry into the Agreement is in the best interests of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), their creditors and estates, and other parties in interest; and after due deliberation; and good and sufficient cause appearing therefor, it is hereby

---

[1] The Debtors are the following entities (followed by the last four digits of their tax identification numbers): Trico Marine Services, Inc. (2405); Trico Marine Assets, Inc. (2404); Trico Marine Operators, Inc. (6124); Trico Marine International, Inc. (3132); Trico Holdco, LLC (3870); Trico Marine Cayman, L.P. (5842). The mailing address for all of the Debtors for the purpose of these Cases is 3200 Southwest Freeway, Suite 2950, Houston, TX 77027.

[2] Capitalized terms used but not defined herein shall have the meaning given to them in the Global Sale Procedures Order.

[3] A copy of the Agreement is attached hereto as **Exhibit A.**

**FOUND AND DETERMINED THAT:**

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. This Court has jurisdiction over the Sale transaction contemplated by the Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (0). Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409.

C. A sound business purpose justifies the Sale of the Vessel outside of the ordinary course of business.

D. The consideration to be provided by the Buyer pursuant to the Agreement: (i) is fair and reasonable; (ii) is the highest or otherwise best offer for the Vessel; and (iii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and the law of any state or other jurisdiction whose law is applicable to the contemplated transactions.

E. Consummation of the Sale contemplated in the Agreement will provide the highest or otherwise best value for the Vessel and is in the best interests of the Debtors, their creditors, and estates.

F. Entry into the Agreement and consummation of the Sale transaction contemplated thereby constitutes the exercise of the Debtors' sound business judgment and compliance with their fiduciary duties by the Debtors and such acts are in the best interests of the Debtors, their creditors, and estates.

G. The Sale contemplated by the Agreement is undertaken by the Seller and the Buyer at arm's length, without collusion, and in good faith within the meaning of Bankruptcy

Code § 363(m). Buyer is a good-faith purchaser under Bankruptcy Code § 363(m) and, as such, is entitled to all of the protections afforded thereby and otherwise has proceeded in good faith in all respects in connection with this proceeding in that: (a) Buyer recognized that the Debtors were free to deal with any other party interested in acquiring the Vessel; (b) Buyer made the highest offer for the Vessel; and (c) the negotiation and acceptance of the Agreement, and any other agreements or instruments related or necessitated by the Sale, were in good faith and at arm's length between the Seller and the Buyer.

H. The Seller and the Buyer have not engaged in any conduct that would permit the Agreement or the Sale to be avoided under Bankruptcy Code § 363(n).

I. The Agreement was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession, or the District of Columbia.

J. The Seller is the sole and lawful owner of the Vessel, and holds good title thereto, immediately prior to the closing date of the Sale. The consummation of the Sale pursuant to the Agreement will be a legal, valid, and effective Sale of the Vessel and will vest the Buyer (and its designees or assignees, as applicable) with all right, title, and interest of the Debtors and their bankruptcy estates in and to the Vessel free and clear of all liens, claims, and encumbrances.

K. With respect to all parties asserting any lien, claim, or encumbrance in, to, or against the Vessel, the Sale complies with all the requirements of Bankruptcy Code § 363(f), and with respect to any lien, claim, or encumbrance in the Vessel: (a) applicable non-bankruptcy law permits the Sale free and clear of such interest; (b) the holder of such interest consents to the Sale; (c) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on the Vessel; (d) such interest is in *bona fide* dispute; or (e) the

**ORDER APPROVING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES TO LANEX CORPORATION**
US 830692v.1

Page 3 of 10

holder of such interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

L.  All parties with liens, claims, or encumbrances against the Vessel, if any, who did not object to the Agreement and the Sale transaction are deemed to have consented pursuant to Bankruptcy Code § 363(f)(2); and all parties with liens, claims, or encumbrances against the Vessel who objected to the Agreement and the Sale transaction, but who did not withdraw any such objection, can be compelled to accept a monetary satisfaction of their liens, claims, or encumbrances within the meaning of Bankruptcy Code § 363(f)(5), and in each case, are enjoined from taking any action against Buyer, its affiliates, or any agent of the foregoing to recover any claim which such person or entity has solely against the Debtors, or any of their respective affiliates.

M.  Upon entry of this Order, the Debtors shall have full power and authority to enter into the Agreement and consummate the Sale of the Vessel. The Agreement and the Sale have been duly and validly authorized by all necessary action of the Debtors.

N.  Cause has been shown as to why this Order should not be subject to the stay provided by Bankruptcy Rule 6004.

O.  The entry of this Order is in the best interests of the Debtors, their creditors and estates, and other parties in interest.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Agreement, and the Sale transaction contemplated thereby, shall be, and hereby is, granted and approved in all respects.

2.  The Debtors are authorized and directed to close, consummate, and comply with the Agreement, and all other agreements and documents related to and contemplated thereby

**ORDER APPROVING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES TO LANEX CORPORATION**
US 830692v.1

Page 4 of 10

(collectively, the "Sale Documents") in accordance with this Order, which Sale Documents hereby are authorized and approved in all respects.

3. All objections to the Sale are hereby resolved in accordance with the terms of this Order. To the extent any such objections or responses were not otherwise overruled, withdrawn, waived, settled or resolved, they, and all reservations of rights included therein, are hereby overruled and denied.

4. The Buyer's offer for the Vessel, as embodied in the Agreement, is the highest or otherwise best offer for the Vessel and is hereby approved.

5. Pursuant to Bankruptcy Code §§ 105(a) and 363(b), the Sale by the Seller to the Buyer of the Vessel is authorized and approved in all respects.

6. Subject to the payment in cash by the Buyer to the Seller of the consideration provided for in the Agreement, pursuant to Bankruptcy Code § 363, the Sale of the Vessel by the Seller to the Buyer shall constitute a legal, valid, and effective transfer of the Vessel and shall vest the Buyer with all right, title and interest of the Seller in and to the Vessel free and clear of all liens, claims, and encumbrances pursuant to Bankruptcy Code § 363(f), effective as of the closing date of the Sale (the "Closing Date").

7. Pursuant to Bankruptcy Code § 363(f), the Sale of the Vessel shall be free and clear of all liens, claims, and encumbrances and all liabilities of the Debtors whether known or unknown, including, but not limited to, any liens, claims, or encumbrances asserted by any of the Debtors' creditors, vendors, suppliers, employees, executory contract counterparties, or lessors. Any and all valid and enforceable liens, claims, or encumbrances on, against or in the Vessel, including those asserted by the Debtors' lenders, shall be transferred, affixed, and attached to the

**ORDER APPROVING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES TO LANEX CORPORATION**  
US 830692v.1

**Page 5 of 10**

net proceeds of the Sale (the "Sale Proceeds") with the same validity, priority, force and effect such liens, claims, or encumbrances had on the Vessel immediately prior to the Sale.

8. On the Closing Date, in accordance with the *Final Order (I) Authorizing Debtors to Obtain Postpetition Secured Debtor in Possession Financing and Use of Cash Collateral and (II) Providing Related Relief* [Dkt. No. 936], (a) provided that the DIP Obligations and the Prepetition Obligations have not yet been paid indefeasibly in full, up to 50% of the Sale Proceeds shall be wired to funds affiliated with Obsidian Agency Services, Inc. ("Obsidian") pursuant to wire instructions provided by Obsidian, and (b) the remaining amounts of the Sale Proceeds shall be paid to the Debtors.

9. Pursuant to Bankruptcy Code §§ 105(a) and 363, all persons and entities, including, without limitation, the Debtors, the Debtors' affiliates, all debt security holders, equity security holders, the Debtors' employees or former employees, governmental, tax, and regulatory authorities, lenders, parties to or beneficiaries under any benefit plan, trade and other creditors asserting or holding any liens, claims, or encumbrances, in or with respect to the Debtors or the Vessel (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to the Debtors, the Vessel, the operation of the Debtors' businesses prior to the Closing Date under the Agreement, or the transfer of the Vessel to the Buyer, shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such lien, claim, or encumbrance against Buyer or any affiliate, successor, or assign thereof, and each of their respective current and former members, officers, directors, managed funds, investment advisors, attorneys, employees, partners, affiliates and representatives (each of the foregoing in its individual capacity), or the Vessel. To avoid doubt, the foregoing shall not

ORDER APPROVING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES TO LANEX CORPORATION  
US 830692v.1

Page 6 of 10

prevent the Debtors, their estates, successors, or permitted assigns from pursuing claims, if any, against the Buyer and/or its successors and assigns in accordance with the terms of the Agreement.

10. This Order (a) is and shall be effective as a determination that, as of the Closing Date, all liens, claims, or encumbrances existing as to the Vessel conveyed to the Buyer have been and hereby are adjudged and declared to be unconditionally released, discharged, and terminated, and (b) is and shall be binding upon and govern the acts of all entities, including, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Vessel conveyed to the Buyer.

11. The provisions of this Order authorizing the sale of the Vessel free and clear of all liens, claims, and encumbrances, shall be self-executing, and neither the Debtors nor the Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and implement the provisions of this Order. However, the Debtors and Buyer, and each of their respective officers, employees, and agents, are authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Debtors or Buyer deem necessary or appropriate to implement and effectuate the terms of the Agreement and this Order.

12. After the Closing Date, no person or entity, including, without limitation, any federal, state, or local taxing authority, may (a) attach or perfect liens or a security interest

against the Vessel on account of or (b) collect or attempt to collect from the Buyer or any of its affiliates, any tax (or other amount alleged to be owing by the Debtors) (i) for any period commencing before and concluding prior to the Closing Date or (ii) assessed prior to and payable after the Closing Date.

13. The Buyer is a good faith purchaser entitled to the benefits and protections afforded by Bankruptcy Code § 363(m); accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale of the Vessel shall not affect the validity of the Sale of the Vessel to the Buyer.

14. The consideration provided by the Buyer for the Vessel under the Agreement is fair and reasonable, and the Sale may not be avoided under Bankruptcy Code § 363(n).

15. With respect to the Sale transaction consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to the Buyer.

16. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of the Agreement and this Order in all respects and, further, to hear and determine any and all disputes between the Debtors and/or the Buyer, as the case may be; provided, however, that in the event the Court abstains from exercising or declines to exercise such jurisdiction or is without jurisdiction with respect to the Agreement and this Order, such abstention, refusal, or lack of jurisdiction shall have no effect upon, and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

17. The Agreement, and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by such parties, in accordance with the terms thereof without further order of the Court; provided, however, that the Debtors shall provide at least 48 hours advanced written notice to counsel for

(a) the Committee, (b) Obsidian, and (c) the 8.125% Noteholders of any material (i) modification, (ii) amendment, or (iii) supplement to the Agreement or such related agreements, documents, or other instruments.

18. From and after the date hereof, the Debtors and the Buyer shall act in accordance with the terms of the Agreement, and the Debtors, to the extent they already have not done so, shall execute any Sale Document at or prior to the Closing Date.

19. To the extent of any inconsistency between the provisions of this Order and the Agreement, or any documents executed in connection therewith, the provisions contained in this Order shall govern.

20. The provisions of this Order are nonseverable and mutually dependent.

21. This Order shall inure to the benefit of the Buyer, the Debtors, and their respective successors and assigns, including but not limited to any chapter 11 or chapter 7 trustee that may be appointed in the Debtors' Cases and shall be binding upon any trustee, party, entity, or fiduciary that may be appointed in connection with these Cases or any other or further case involving the Debtors, whether under chapter 7 or chapter 11 of the Bankruptcy Code.

22. Nothing in any order of this Court or contained in any plan of reorganization or liquidation confirmed in these Cases, or in any subsequent or converted cases of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code, shall conflict with or derogate from the provisions of the Agreement or the terms of this Order. The provisions of this Order and any actions taken pursuant hereto shall survive the entry of any order which may be entered confirming any chapter 11 plan of the Debtors, converting the Debtors' Cases to cases under chapter 7 of the Bankruptcy Code, or dismissing the Debtors' Cases.

23. The Court's *Order Granting Debtors' Motion to Approve the Sale of Assets Free and Clear of Liens, Claims, and Encumbrances to GML (Offshore & Petroleum Limited)* [Dkt. No. 446], entered on November 12, 2010, which approved the proposed sale of the Vessel to GML ("GML") is hereby vacated. The Debtors' reserve all rights, claims, and causes of action against GML arising out of its failure to effectuate the previous vessel sales.

24. Because time is of the essence, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing, and the stay of orders authorizing the sale, use, or lease of property of the estate, as set forth in Bankruptcy Rule 6004(h), shall not apply to this Order.

25. The Debtors are authorized to close the Sale immediately upon entry of this Order.

Dated: April 7, 2011
Wilmington, Delaware

_____
THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE