# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TRICO MARINE SERVICES, INC., *et al.*,[1] | ) Case No. 10-12653 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## ORDER APPROVING DEBTORS' MOTION FOR ORDER UNDER BANKRUPTCY CODE §§ 105, 502, 1125 AND 1126, BANKRUPTCY RULES 2002, 3003, 3017, 3018, 3020 AND 9007 AND LOCAL BANKRUPTCY RULE 3017-1 APPROVING (I) DISCLOSURE STATEMENT; (II) VOTING DEADLINES; (III) CONFIRMATION RELATED DATES AND NOTICES; AND (IV) SOLICITATION PROCEDURES

Upon consideration of the *Debtors' Motion for Order Under Bankruptcy Code §§ 105, 502, 1125 and 1126, Bankruptcy Rules 2002, 3003, 3017, 3018, 3020 and 9007 and Local Bankruptcy Rule 3017-1 Approving (I) Disclosure Statement; (II) Voting Deadlines; (III) Confirmation Related Dates and Notices; and (IV) Solicitation Procedures* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and upon a hearing (the "Disclosure Statement Hearing") having been held on the adequacy of the Debtors' Disclosure Statement for First Amended Joint Plan of Liquidation (the "Disclosure Statement"), at which time all interested parties were offered an opportunity to be heard with respect to the Disclosure Statement and the Motion; and the Court having reviewed the Disclosure Statement, all modifications thereto, and the objections thereto, if any, the Motion and objections thereto, if any, arguments of counsel made, and the evidence proffered or adduced

---

[1] For purposes of the Plan and Disclosure Statement (each as defined herein), the Debtors are the following entities (followed by the last four digits of their tax identification numbers): Trico Marine Services, Inc. (2405); Trico Marine Assets, Inc. (2404); Trico Marine Operators, Inc. (6124); Trico Marine International, Inc. (3132). The mailing address for all of the Debtors for the purpose of these Cases is 3200 Southwest Freeway, Suite 2950, Houston, TX 77027.

[2] Capitalized terms not otherwise defined herein shall have the meaning as set forth in the Motion or the Disclosure Statement, as applicable.

at the Disclosure Statement Hearing; the Court finds that (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334(b), (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and equity security holders, (d) proper and adequate notice of the Motion and Disclosure Statement and hearing thereon has been given and that no other or further notice is necessary, and (e) good and sufficient cause exists for granting the relief requested in the Motion. Therefore it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

**I.      Approval of Disclosure Statement**

1.      Pursuant to Bankruptcy Rule 3017(b), (a) the Disclosure Statement [D.I. 1283] is approved as containing adequate information regarding the Plan within the meaning of Bankruptcy Code § 1125(a), and (b) to the extent not withdrawn, settled or otherwise resolved, all objections to the Disclosure Statement are hereby overruled on the merits.

**II.     Approval of Voting Deadlines**

**A.      Record Date**

2.      Notwithstanding anything to the contrary in Bankruptcy Rule 3018(a), the Voting Record Date for determining (a) Holders of Claims and Interests entitled to receive the solicitation packages described in paragraph 17 hereof (the "Solicitation Packages") and other notices and (b) Holders of Claims entitled to vote to accept or reject the Plan, shall be the first day of the Disclosure Statement Hearing, May 23, 2011 (the "Voting Record Date").

3.      The proper Holder of a docketed proof of Claim or scheduled Claim shall be determined by reference to the Solicitation Agent's claims register as may be modified by notices of transfer filed and reflected on the Court's official docket by the Voting Record Date. Only those registered Holders (or nominee Holders, if applicable) of Claims as reflected on the

Court's docket together with the Solicitation Agent's claims register on the Voting Record Date shall be entitled to vote. The Holders of any Claims filed after the Voting Record Date shall not be entitled to vote.

4. A transferee of a transferred Claim shall be entitled to receive a Solicitation Package and cast a ballot ("Ballot") on account of such transferred Claim only if (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed prior to the Voting Record Date or (b) the transferee files by the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

**B. Voting Deadline**

5. Ballots for accepting or rejecting the Plan must be received by the Solicitation Agent by July 8, 2011 at 4:00 p.m. (prevailing Eastern time) (the "Plan Voting Deadline") in order to be counted. Ballots must be returned to the Solicitation Agent on or prior to the Plan Voting Deadline by (a) first class United States mail, (b) overnight courier, or (c) by personal delivery so that, in each case, all Ballots are received by the Solicitation Agent no later than the Plan Voting Deadline. Ballots submitted by facsimile or electronic mail transmission shall not be counted.

**C. Temporary Allowance of Claims**

6. Any motion for an order pursuant to Bankruptcy Rule 3018(a) to temporarily allow a Claim for purposes of voting to accept or reject the Plan (a "Rule 3018(a) Motion") must be filed no later than ten days prior to the Plan Voting Deadline (the "Rule 3018(a) Motion Deadline"). Rule 3018(a) Motions must (a) be made in writing, (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, (c) set forth the name of the party asserting the Rule 3018(a) Motion, (d) state with particularity the legal and factual bases for the Rule 3018(a)

3

Motion, and (e) be filed with the Bankruptcy Court and served by personal service, overnight delivery, first class mail or facsimile so as to be <u>received</u> no later than the Rule 3018(a) Motion Deadline by the following: (1) counsel for the Debtors, Vinson & Elkins L.L.P., Trammel Crow Center, 2001 Ross Avenue, Suite 3700, Dallas, Texas 75201-2975 (Attn: John E. Mitchell) and Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, P.O. Box 1347, Wilmington, Delaware 19899-1347 (Attn: Robert Dehney and Andrew Remming); (2) Office of the U.S. Trustee, J. Caleb Boggs Federal Bldg., 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: David L. Buchbinder); (3) counsel for the Creditors' Committee, Kasowitz Benson Torres Friedman LLP, 1633 Broadway, New York, NY 10019 (Attn: David Mark) and Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19899-8705 (Attn: Laura David Jones and Timothy P. Cairns); and (4) counsel for the 8.125% Notes Indenture Trustee, Dorsey & Whitney LLP, 300 Delaware Avenue, Suite 1010, Wilmington, DE 19801 (Attn: Eric Lopez Schnabel).

7. Any party timely filing and serving a Rule 3018(a) Motion shall be provided a Ballot and be permitted to cast a provisional vote to accept or reject the Plan prior to the Plan Voting Deadline. If, and to the extent that, the Debtors and such party are unable to resolve any issues raised by the Rule 3018(a) Motion prior to the Confirmation Hearing, the Debtors may object to the Rule 3018(a) Motion at the Confirmation Hearing (without filing a written objection), the Solicitation Agent shall inform the Court at the Confirmation Hearing whether including the relevant provisional Ballot would affect the outcome of the voting to accept or reject the Plan in the relevant Class in which the provisional Ballot was cast, and the Court shall then determine whether the provisional Ballot should be counted as a vote on the Plan.

III. **Approval of Confirmation Related Dates and Notices**

8. Pursuant to Bankruptcy Rule 3017(c), the Confirmation Hearing shall be on July 18, 2011 at 11:00 a.m. (prevailing Eastern time), to be continued, if necessary.

A. **Deadline and Procedures for Filing Confirmation Objections**

9. Pursuant to Bankruptcy Rule 3020(b)(1), Confirmation Objections shall be filed and served by 4:00 p.m. (prevailing Eastern time) on July 8, 2011 (the "Confirmation Objection Deadline"). Confirmation Objections not timely filed and served in accordance with this Order shall not be considered.

10. Confirmation Objections, if any, must (a) be in writing; (b) comply with the Bankruptcy Rules and Local Rules for the District of Delaware; (c) set forth the name and address of the objector, and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, their estates or their property; (d) state with particularity the grounds for the objection and the legal and factual bases thereof; (e) reference with specificity the provisions of the Plan to which objection is made, including proposed language to be added to the Plan or existing language in the Plan to be modified or deleted to resolve such objection; (f) be filed, together with proof of service, either (1) electronically via the Court's website, www.deb.uscourts.gov (a PACER account is required), in accordance with the electronic filing procedures approved by the Court, or (2) by hand with the United States Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, and served by personal service, overnight delivery, or first-class mail, so as to be received no later than 4:00 p.m. on July 8, 2011 by (1) counsel for the Debtors, Vinson & Elkins L.L.P., Trammel Crow Center, 2001 Ross Avenue, Suite 3700, Dallas, Texas 75201-2975. (Attn: John E. Mitchell) and Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, P.O. Box 1347, Wilmington, Delaware 19899-1347 (Attn: Robert Dehney and Andrew Remming); (2) Office of

the U.S. Trustee, J. Caleb Boggs Federal Bldg., 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: David L. Buchbinder); (3) counsel for the Creditors' Committee, Kasowitz Benson Torres Friedman LLP, 1633 Broadway, New York, NY 10019 (Attn: David Mark) and Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19899-8705 (Attn: Laura David Jones and Timothy P. Cairns); and (4) counsel for the 8.125% Notes Indenture Trustee, Dorsey & Whitney LLP, 300 Delaware Avenue, Suite 1010, Wilmington, DE 19801 (Attn: Eric Lopez Schnabel). Confirmation Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

### B. Replies to Confirmation Objections

11. Parties in interest may file an omnibus reply to any Confirmation Objections. Such omnibus reply shall be filed, if at all, by no later than July 13, 2011 at 12:00 p.m. (prevailing Eastern time).

### C. Form of Confirmation Hearing Notice

12. The notice of the Confirmation Hearing and related matters, substantially in the form attached hereto as **Exhibit A** (the "Confirmation Hearing Notice"), is hereby approved.

## IV. Approval of the Solicitation Procedures

13. The solicitation procedures set forth below are good and sufficient and satisfy the requirements of the Bankruptcy Code and Bankruptcy Rules.

### A. Mailing Deadline

14. The Debtors shall have caused the Solicitation Agent to mail all of the Solicitation Packages, the Confirmation Hearing Notice (as defined below), and, as applicable, the Notice of Unimpaired Status and the Notice of Fully Impaired Status (each defined below), no later than five business days after entry of the Disclosure Statement Order (the "Mailing Deadline").

### B. Solicitation Agent

15. In connection with the solicitation of votes with respect to the Plan, the Solicitation Agent shall serve as the voting agent for all creditors entitled to vote on the Plan. The Solicitation Agent is authorized and directed to assist the Debtors in (a) mailing the Solicitation Packages and other notices, (b) soliciting votes on the Plan, (c) receiving and tabulating Ballots cast on the Plan, (d) certifying to the Court the results of the balloting, and (e) responding to inquiries from Holders of Claims and Interests relating to the Plan, the Disclosure Statement, the Ballots and matters related thereto. Ballots not received by the Solicitation Agent shall be deemed invalid and shall not be counted.

### C. Approval of Form of Ballots

16. The Ballots, in substantially the forms attached hereto as **Exhibits B-1, B-2, and B-3, B-4**, are approved and shall be used in connection with the solicitation of votes on the Plan by holders of claims in Classes 1, 4, 5, and 6. All Ballots for Classes 4 and 5 (for those Holders of Claims in Class 5 whose Claims do not related to the 3% Unsecured Debentures) shall be accompanied by pre-addressed, postage prepaid return envelopes addressed to the Solicitation Agent at Trico Marine Ballot Processing c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5014, New York, NY 10150-5014. All Ballots for the 8.125% Notes Secured Claims (Class 1) and the 8.125% Notes Deficiency Claims (Class 6) shall be distributed and processed in accordance with the procedures for transmittal to public securities holders set forth below. In addition, all Ballots for the Qualified Investor Claims (Class 5) that relate to the 3% Unsecured Debentures shall be distributed and processed in accordance with the procedures for transmitted to public securities set forth below.

## D. Contents and Transmittal of Solicitation Packages

17. Pursuant to Bankruptcy Rule 3017(d), on or before the Mailing Deadline, subject to the limitations set forth herein, the Debtors shall transmit or cause to be transmitted, to the persons listed below, by United States mail, first class postage prepaid, Solicitation Packages containing a copy or conformed printed version of:

    (a) the Confirmation Hearing Notice;

    (b) the Order approving the Motion (without exhibits attached);

    (c) if applicable, a Ballot for the appropriate Class in which the Holder of the Claim is entitled to vote;

    (d) a CD-ROM containing the Disclosure Statement, the Plan, and the materials appended thereto (sent only to those Holders of Claims entitled to vote on the Plan and the parties on the Master Service List);

    (e) solicitation letters, if any, from the Debtors and the Creditors' Committee; and

    (f) such other information as the Court may direct or approve.

18. The following Holders of Claims and other persons shall receive their relevant form of Solicitation Package: (a) the United States Trustee; (b) the District Director of the Internal Revenue Service; (c) the Securities and Exchange Commission; (d) counsel to the Creditors' Committee and its members; (e) Holders of Allowed Claims designated as Impaired and who are entitled to vote on the Plan, including Holders of 3% Unsecured Debentures and Holders of 8.125% Notes, and thus will receive Ballots (Classes 1, 4, 5, and 6); (f) counter-parties to any executory contract or unexpired leases impacted by the Plan; and (g) other major parties in interest.

19. For Holders of Claims who are entitled to vote the following shall apply:

    (a) to the extent scheduled Claims have been amended or superseded, the amount of such Claim on the proof of claim shall control for purposes of voting, subject to the following:

(b) Holders of Claims who filed proofs of claim for unknown, undetermined, wholly unliquidated, or contingent amounts will count for satisfying the numerosity requirement of Bankruptcy Code § 1126(c) and will count as Ballots for Claims in the amount of $1.00 solely for the purpose of satisfying the dollar amount provisions of Bankruptcy Code § 1126(c);

(c) if a Claim is partially liquidated and partially unliquidated, such Claim shall be allowed for voting purposes only in the liquidated amount;

(d) so as to avoid duplication and reduce expenses, Holders of Claims who have filed or purchased duplicate Claims in any given Class, whether against a single Debtor or two or more Debtors, shall be entitled to receive only one Solicitation Package and shall be allowed one Ballot for voting their claims with respect to that Class, regardless of whether the Debtors have objected to such duplicate Claims;

(e) Claims that have been amended and superseded will be disallowed for voting regardless of whether the Debtors have objected to such Claims;

(f) if the Debtors file an objection to a Claim, such Claim shall be disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection;

(g) Claims filed for $0.00 are not entitled to vote;

(h) for purposes of the numerosity requirement of Bankruptcy Code § 1126(c) separate Claims held by a single Holder in a particular Class shall be aggregated as if such Holder held one Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

20. The Debtors shall file all exhibits to the Plan Supplement that are not otherwise already attached to the Plan with the Court on or before the date which is ten days prior to the Plan Voting Deadline (the "Exhibit Filing Date").

E. **Transmittal to Public Security Holders**

21. <u>Dissemination to Beneficial Owners</u>. Each Nominee (or its agent) through which one or more beneficial owners (the "Beneficial Owners") holds the 8.125% Notes or the 3% Unsecured Debentures (the "Securities") as of the Voting Record Date is hereby ordered to distribute the Solicitation Package to the Beneficial Owners for which they hold the Securities

9

within five business days after receipt of such Solicitation Package from the Debtors and obtain the vote of such Beneficial Owners consistent with customary practices for obtaining the votes of securities held in "street name," in one of the following two ways:

 (a) <u>Master Ballots</u>: A Nominee may obtain the votes of Beneficial Owners by forwarding to the Beneficial Owners the applicable unsigned Beneficial Owner Ballot, together with the Solicitation Package, a return envelope provided by, and addressed to, the Nominee, and other materials requested to be forwarded. Each such Beneficial Owner may then indicate his/her or its vote on the Ballot, complete the information requested in the Ballot, review the certifications contained in the Ballot, execute the Ballot, and return the Ballot to the Nominee. After collecting the Ballots, the Nominee shall, in turn, complete the applicable Master Ballot (the "<u>Master Ballot</u>") provided to such Nominee by the Debtors in substantially the form attached hereto as **Exhibit B-2** compiling the votes and other information from the Ballot, execute the Master Ballot, and deliver the Master Ballot to the Solicitation Agent so that it is received by the Solicitation Agent before the Plan Voting Deadline. All Ballots returned by Beneficial Owners should either be forwarded to the Solicitation Agent (along with the Master Ballot) or retained by Nominees for inspection for at least one year from the Plan Voting Deadline.

 (b) <u>Pre-Validated Ballots</u>: A Nominee may pre-validate a Ballot, substantially in the form as that attached hereto as **Exhibit B-2**, (the "<u>Beneficial Owner Ballot</u>") as applicable by: (i) signing the applicable Ballot; (ii) indicating on the Ballot the account number of the Beneficial Owner, and amount of the Securities held by the Nominee for such Beneficial Owner; and (iii) forwarding such Ballot together with the Solicitation Package and other materials requested to be forwarded to the Beneficial Owner for voting. The Beneficial Owner may then complete the information requested in the Ballot, review the certifications contained in the Ballot, and return the Ballot directly to the Solicitation Agent in the pre-addressed, postage paid envelope included with the Solicitation Package so that it is received by the Solicitation Agent before the Plan Voting Deadline. A list of the Beneficial Owners to whom "pre-validated" Ballots were delivered should be maintained by the Nominee for inspection for at least one year from the Plan Voting Deadline.

22. Each Nominee shall advise its Beneficial Owners to return their Ballots to the Nominee in sufficient time to allow the Nominee to prepare and return the Master Ballot to the Solicitation Agent so that it is received by the Solicitation Agent by the Plan Voting Deadline.

The Indenture Trustees for the 3% Unsecured Debentures and 8.125% Notes shall have no responsibility for solicitation and/or balloting of votes.

23. The Debtors shall reimburse the Nominees for the reasonable, actual and necessary out-of-pocket expenses incurred in performing the tasks above upon written request (subject to the Bankruptcy Court's jurisdiction to resolve any disputes over any request for such reimbursement).

F. **Transmittal of Notices to Certain Claim and Interest Holders**

24. The distribution of Solicitation Packages shall be subject to the following procedures as described below:

25. Unimpaired Claims. Pursuant to Bankruptcy Code §§ 1124 and 1126(f), Classes 2, 3, 8, and 9, if the Kistefos Transaction is consummated, are deemed Unimpaired and, therefore, are conclusively presumed to accept the Plan; hence, solicitation of votes with respect to such Classes of Claims and Interests is not required. Therefore, such Classes of Claims and Interests shall receive the Confirmation Hearing Notice as well as the Notice of Unimpaired Status, substantially in the form attached hereto as **Exhibit C**. In accordance with Bankruptcy Rule 3017(d), the Notice of Unimpaired Status shall give (a) a brief explanation of the Debtors' Plan, including classifications of Unimpaired Claims and Interests against the Debtors; (b) notice of the filing of the Disclosure Statement and the Plan; (c) notice of the Court's approval of the Disclosure Statement; (d) information regarding the Confirmation Hearing; (e) detailed instructions for filing objections to confirmation of the Plan by the Confirmation Objection Deadline; and (f) information about how any such Holder of a Claim or Interest may receive a copy of the Plan and Disclosure Statement.

26. Fully Impaired Claims. Holders of Claims and Interests in Classes 7 and 9, if the Kistefos Transaction is not consummated, shall be deemed to have rejected the Plan pursuant to

Bankruptcy Code § 1126(g). The Debtors shall mail or deliver, no later than the Mailing Deadline, to holders of Classes 7 and 9, if the Kistefos Transaction is not consummated, the Confirmation Hearing Notice and a Notice of Fully Impaired Status substantially the form attached hereto as **Exhibit D**. The Notice of Fully Impaired Status shall (a) provide notice that such party has been identified as a Holder of a fully Impaired Claim or Interest; (b) provide the Holders of fully Impaired Claims and Interests with a brief explanation of the Plan, including classifications of Impaired Claims against and Interests in the Debtors; (c) set forth the Confirmation Objection Deadline and the Confirmation Hearing Date; (d) set forth detailed instructions for filing Confirmation Objections; and (e) state the means by which those Holders may obtain a copy of the Plan and Disclosure Statement free of charge.

G. **When No Notice or Transmittal Necessary**

27. No Solicitation Packages or other notices need be transmitted to (a) Holders of Claims that have already been paid in full or that are authorized to be paid in full in the ordinary course of business pursuant to orders entered by this Court or (b) any person to whom the Debtors mailed a notice of the meeting of creditors under Bankruptcy Code § 341 and such notice was returned marked "undeliverable" or "moved - no forwarding address" or for a similar reason, unless the Debtors have been informed in writing by such person of that person's new address.

H. **Procedures for Vote Tabulation**

28. Solely for purposes of voting of the Plan, each Beneficial Owner of an 8.125% Deficiency Claim shall be deemed to vote the principal amount of its Claim(s) minus a pro rata amount of the aggregate allowed 8.125% Notes Secured Claims.

29. Ballots in the following categories will not be counted, unless otherwise ordered by the Court:

(a) Ballots that partially reject and partially accept the Plan will not be counted;

(b) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;

(c) Ballots that fail to indicate an acceptance or rejection of the Plan, or that indicate both acceptance and rejection of the Plan, will not be counted;

(d) unsigned Ballots will not be counted;

(e) any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

(f) Ballots postmarked prior to the Plan Voting Deadline, but received after the Plan Voting Deadline, will not be counted;

(g) facsimile Ballots, or Ballots submitted via email or other electronic transmission, will not be counted, unless such holder receives the written consent of the Debtors to submit its Ballot by facsimile, e-mail or other electronic transmission; and

(h) if a Holder of Claims or Interests simultaneously casts inconsistent Ballots such Ballots shall not be counted, except in the case of a supplemental Master Ballot.

30. With respect to the tabulation of Ballots cast by Beneficial Owners of Securities:

(a) each Nominee to which Beneficial Owners return their Ballots shall tabulate on the Master Ballot all Ballots cast by the Beneficial Owners who hold Securities through such Nominee and return the Master Ballot to the Solicitation Agent; provided, however, that each Nominee shall be required to retain the Ballots cast by the respective Beneficial Owners for inspection for one year following submission of a Master Ballot;

(b) votes cast by the Beneficial Owners through a Nominee by means of a Master Ballot shall be applied against the positions held by such Nominee as evidenced by the list of participants obtained from the record Holders compiled as of the Voting Record Date; provided, however, that votes submitted by a Nominee on a Master Ballot with respect to a particular Security shall not be counted in excess of the position held by such Nominee as a participant on the list obtained from a record holder of the applicable Security;

(c) to the extent there are conflicting votes or over-votes submitted by a Nominee on a Master Ballot, the Debtors shall attempt to resolve the

conflict or over-vote; provided, however, that to the extent over-votes on the Master Ballot are not reconcilable prior to the Plan Voting Deadline, votes to accept and to reject the Plan shall be applied by the Debtors in the same proportion as the votes to accept or reject the Plan submitted on the Master Ballot that contain the over-vote, but only to the extent of the position held by such Nominee as a participant on the list obtained from a record holder of the applicable Security;

(d) multiple Master Ballots may be completed by a single Nominee and delivered to the Solicitation Agent and votes reflected by multiple Master Ballots will be counted, except to the extent that they are duplicative of other Master Ballots, or inconsistent, in which case the latest dated Master Ballot received before the Plan Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot;

(e) Ballots not bearing an original signature shall not be counted; and

(f) Ballots signed by agents shall be counted as long as the capacity of such agent is reflected on the Ballot.

31. Beneficial Owners of 8.125% Notes Secured Claims, 8.125% Notes Deficiency Claims and 3% Unsecured Debentures Claims must vote all of their Claim to accept or reject the Plan.

32. <u>Changing Votes.</u> Whenever two or more Ballots are cast voting the same Claim(s) prior to the Plan Voting Deadline, the last timely received Ballot shall be deemed to reflect the voter's intent and to thus supersede any prior Ballot(s), unless such Ballot is a supplemental Master Ballot, without prejudice to the Debtors' right to object to the validity of the second Ballot on any basis permitted by law; and, if the objection to such second Ballot or subsequent Ballot is sustained, to count the first Ballot for all purposes.

33. <u>Waiver of Defect and Irregularities</u>. Unless otherwise directed by the Court, all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots will be determined by the Solicitation Agent and the Debtors in their sole discretion, which determination of the Debtors will be final and binding.

34. The Debtors may: (a) contest the validity of any withdrawal of a Ballot, (b) reject any and all Ballots not in proper form, the acceptance of which would, in the opinion of the Debtors or their counsel, be unlawful, and (c) waive any defects or irregularities or conditions of delivery as to any particular Ballot. The interpretation (including of the Ballot and the respective instructions thereto) by the Debtors, unless otherwise directed by the Court, will be final and binding on all parties.

35. Unless waived, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors (or the Court) determine. Neither the Debtors nor any other person are under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them be liable for failure to provide such notification. Unless otherwise directed by the Bankruptcy Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will be invalidated.

36. <u>Withdrawal of Ballots and Revocation</u>. Any party who has delivered a valid Ballot to the Solicitation Agent for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Solicitation Agent at any time prior to the Plan Voting Deadline. A notice of withdrawal, to be valid, must: (a) contain the description of the Ballot(s) to which it relates and the aggregate amount represented by such Claim(s), (b) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (c) contain a certification that the withdrawing party owns the Claim(s) and possesses the right to withdraw the vote sought to be withdrawn, and (d) be received by the Solicitation Agent in a timely manner at the address set forth for delivery of Ballots.

37. A purported notice of withdrawal of Ballots which is not received in a timely manner by the Solicitation Agent shall not be effective to withdraw a previously cast Ballot.

38. Non-Substantive Edits. Prior to mailing, the Debtors may make final-non-substantive edits to the Disclosure Statement, Plan, all notices to be served, and all versions of Ballots and all other notices, and such revisions shall be deemed approved without further notice or hearing.

39. Obtaining Information. Imaged copies of the complete Plan and the Disclosure Statement are publicly available and may be examined by interested parties at the Office of the Clerk of the Bankruptcy Court, 824 North Market Street, Wilmington, DE 19801, during regular business hours. In addition, a copy of the Disclosure Statement and Plan may be obtained upon written request to the Solicitation Agent, Epiq Bankruptcy Solutions at Trico Marine Processing, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5014, New York, NY 10150-5014, by calling (646) 282-2400 or by downloading such copies from through the Bankruptcy Court's website at www.deb.uscourts.gov (a PACER account is required) or from the Solicitation Agent's website http://dm.epiq11.com/TMG.

Dated: May 25, 2011
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE