# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TRICO MARINE SERVICES, INC., *et al.*,[1] | ) Case No. 10-12653 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: June 22, 2011 at 1:00 p.m. (ET) [PROPOSED]** |
| | ) **Objection Deadline: June 17, 2011 at 4:00 p.m. (ET) [PROPOSED]** |

## DEBTORS' MOTION FOR APPROVAL OF FEE AND EXPENSE ADVANCE ARRANGEMENT WITH KISTEFOS AS

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), file this motion (the "Motion") for approval of a fee and expense advance arrangement with Kistefos AS ("Kistefos") and, in support thereof, respectfully submit the following:

## STATEMENT OF FACTS

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. On August 25, 2010 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned bankruptcy cases (the "Cases").

4. Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

---

[1] The Debtors are the following entities (followed by the last four digits of their tax identification numbers): Trico Marine Services, Inc. (2405); Trico Marine Assets, Inc. (2404); Trico Marine Operators, Inc. (6124); Trico Marine International, Inc. (3132); Trico Holdco, LLC (3870); Trico Marine Cayman, L.P. (5842). The mailing address for all of the Debtors for the purpose of these Cases is 3200 Southwest Freeway, Suite 2950, Houston, TX 77027.

5. An official committee of unsecured creditors (the "Committee") was appointed in these Cases on September 8, 2010.

6. On February 25, 2011, the Debtors filed their Joint Plan of Liquidation (as amended and modified, the "Plan") [Dkt. No. 976] and accompanying disclosure statement (as amended and modified, the "Disclosure Statement") [Dkt. No. 975]. On May 19, 2011, the Debtors filed amended versions of the Plan and Disclosure Statement [Dkt. Nos. 1260 and 1259, respectively]. On May 25, 2011, the Debtors filed second amended versions of the Plan and Disclosure Statement. [Dkt. Nos. 1283 and 1284, respectively]. Also on May 25, 2011, the Court entered an Order approving the Disclosure Statement and accompanying solicitation procedures [Dkt. No. 1286] (the "Disclosure Statement Order"). Pursuant to the Disclosure Statement Order, a hearing to consider confirmation of the Plan is currently scheduled for July 18, 2011 (the "Confirmation Hearing").

7. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of the Cases, is set forth in detail in the *Declaration of John R. Castellano in Support of First Day Pleadings and Papers* [Dkt. No. 3], which is fully incorporated herein by reference.

**Background to Fee Advance Arrangement**

8. Kistefos is the holder of more than 18% of the outstanding common stock of Trico Marine Services, Inc. Following the filing by the Debtors of their initial Plan in February, Kistefos made a proposal (the "Proposal") to the Debtors to modify the Plan by, *inter alia*, providing for a new value contribution by Kistefos to the Debtors of $1.25 million (the "Contribution"), in exchange for allowing the existing shareholders to retain, fully or partially,

their common stock outstanding.  It is the Debtors' understanding that the Proposal, if implemented, would provide the shareholders, including Kistefos, with certain economic benefits.  The Proposal would be effectuated through appropriate amendments to the Plan and other related corporate and bankruptcy law transactions (collectively, the "Transaction").[2]  In addition, Kistefos has agreed to provide an initial work fee retainer to the Debtors in the amount of $100,000 (the "Advance Amount") exclusively for the purpose of funding the payment of professional fees and expenses of counsel to the Debtors and the Committee in connection with the research, analysis, documentation, formulation, administration, negotiation and implementation of the Proposal and any Transaction (collectively, "Expenses").  In the event the initial Advance Amount is insufficient to complete the necessary diligence and analysis required for the Transaction, the Advance Amount could be increased by $75,000 to a total of $175,000 if Kistefos consents to advance such additional amounts.  Thereafter, an additional $75,000 may be utilized by the Debtors and the Committee to satisfy further fees and expenses if necessary, upon the express consent of the Committee, but such additional $75,000 will reduce the Contribution on a dollar-for-dollar basis. A non-binding term sheet describing the Proposal is attached hereto as **Exhibit A**.  The actual terms of any Transaction will be subject to final agreement between the Debtors and Kistefos, in consultation with the Committee, and confirmation of the Plan, as modified.

9. The Debtors and their professionals have concluded that while a Transaction would be beneficial to the estates, there are a number of potentially complex tax, bankruptcy and

---

[2] In the Debtors' Plan that is currently being solicited for voting, the Debtors have provided for the option to elect to implement the Transaction if the Debtors determine the Transaction is achievable and in the best interests of their estates and creditors.

securities law issues that would require the investment of significant resources by the Debtors and the Committee to address and which may, in the end, not be resolvable. In light of the Debtors' scarce resources and the complexity of the Proposal, the Debtors, in consultation with the Committee, have requested that Kistefos provide the Advance Amount, which would be earmarked and available exclusively for the payment of Expenses on the following terms and conditions:

- The Debtors shall endeavor to provide at least weekly reports to Kistefos regarding the status of their research, document preparation and negotiations regarding the Proposal and a Transaction. Upon request, the Debtors shall provide to Kistefos a reasonable description of the various tasks being done in connection with the Proposal and a good faith estimate of the fees to be incurred for such tasks.

- If, at any time, either Kistefos or the Debtors determine that a Transaction is not ultimately achievable or otherwise determine for any reason whatsoever to cease moving forward with a Transaction, such party shall so notify the other party in writing. After the delivery of such a notice, the Debtors and the Committee will cease all work related to the Proposal and a Transaction and shall, within 10 business days of such determination, and without further order of the Court, return to Kistefos any remaining funds in the Advance Amount after deducting all amounts necessary to cover the fees and expenses incurred or accrued until that time.

- Both Kistefos and the Debtors agree and acknowledge that neither party has any obligation to ultimately move forward with a Transaction and that any Transaction will, among other things, require approval of the Bankruptcy Court.

- The Advance Amount shall be held by the Debtors in a separate segregated account and will not be subject to any claim or lien of any person or entity, except for the professionals that incurred the Expenses.

- If the Advance Amount is exhausted or is projected to be exhausted in the near term, the Debtors shall inform Kistefos and request up to an additional $75,000. The Debtors and other estate professionals are permitted to cease any further work on the Proposal unless Kistefos provides additional funds. If the additional $75,000 is exhausted, the Debtors, with the consent of the Committee, may utilize up to an additional $75,000 to fund the Expenses, but such amount shall reduce the Contribution on a dollar-for-dollar basis. Any additional funds Kistefos chooses to

provide shall otherwise be part of the Advance Amount and be subject to these terms and conditions.

- The Advance Amount shall be used exclusively to pay the Expenses of the Debtors and the Committee and may not be used by the Debtors for any purpose other than the Expenses. The Fee Advance will also be used to pay amounts incurred to date in connection with the Proposal and fees and expenses related to this Motion.[3]

- Each of the professionals that may be compensated from the Advance Amount shall set up for tracking purposes a separate matter and/or task number for any services provided in connection with the Proposal or a Transaction after the date this Motion is approved.

- Any payments made to counsel for the Debtors and the Committee out of the Advance Amount shall be subject to and made solely in accordance with the *Order Granting Debtors' Motion To Establish Procedure For Monthly and Interim Compensation and Reimbursement of Expenses For Case Professionals* [Docket No. 187].

- In connection with the Debtors' agreement to expend resources working on the Proposal and the Transaction, Kistefos shall, effective as of the date hereof, immediately release, discharge and acquit, and be deemed to release, discharge and acquit any and all claims it may have against any of (i) the Debtors, (ii) Vinson & Elkins LLP, (iii) Cahill Gordon and Reindel LLP, (iv) Morris, Nichols, Arsht & Tunnell LLP, (v) AlixPartners LLC, (vi) Evercore Partners, (vii) the directors, employees, and officers employed with the Debtors on and after the Petition Date who are directors, officers or employees on the date hereof, (viii) Kasowitz, Benson, Torres & Friedman LLP, (ix) Pachulski Stang Ziehl & Jones LLP, (x) Ro Sommernes Advokatfirma DA, (xi) Lugenbuhl, Wheaton, Peck, Rankin & Hubbard and (xii) Chanin Capital Partners LLC; and (xiii) the Committee and its members (each, solely in their capacity as such) (collectively, the "Released Parties") related to or arising out of the Proposal, the Transaction, and/or any other act or omission that arose prior to the date hereof, including, without limitation, matters arising prior to the Petition Date. No member of the Committee shall be released for any conduct, act or omission taken in any capacity other than as a Committee member or for anything occurring prior to the formation of the Committee. For the avoidance of doubt, Kistefos will have no claim against any of the Released Parties in the event a Transaction is ultimately not consummated for any reason.

- The Debtors and their estates, shall, effective as of the date hereof, immediately release, discharge and acquit, and be deemed to release, discharge and acquit any and

---

[3] The Debtors have agreed to provide the amount incurred to date to Kistefos shortly. If and to the extent the amounts incurred to date are objectionable, the parties have agreed to work together to resolve any issues or, if such issues cannot be resolved, the Debtors have agreed to withdraw the Motion.

all claims they may have against Kistefos related to or arising out of the Proposal, the Transaction, and/or any other act or omission that arose prior to the date hereof, including, without limitation, matters arising prior to the Petition Date.

9. The Debtors believe that a Transaction, if achievable, would provide a mechanism for the contribution of significant and much-needed cash into the Debtors' estates which would be available to help fund administrative expenses and potentially provide greater recoveries to unsecured creditors than currently contemplated under the Plan. Moreover, because Kistefos has agreed to provide the Advance Amount, there will be no adverse financial or other impact to the Debtors' estates in seeking to implement the Proposal and a Transaction – the arrangement described herein is net neutral to the estates, and provides the Debtors and their professionals the opportunity to explore, cost-free, an alternative that would result in a net benefit to the estate in the amount of up to $1.25 million. Thus, the Debtors believe that entering into the proposed fee arrangement with Kistefos is a sound exercise of their business judgment and is in the best interests of their estates and creditors.

## NOTICE

10. Notice of this Motion has been provided by e-mail, facsimile, or overnight delivery to: (a) the Office of the United States Trustee for the District of Delaware; (b) Tennenbaum, as lender for the U.S. Credit Facility; (c) Obsidian, as administrative agent and collateral agent for the U.S. Credit Facility; (d) Nordea, as lender for the Trico Shipping W/C Facility and as administrative agent and collateral agent for the U.S. Credit Facility; (e) U.S. Bank, as Trustee and collateral agent for the Secured Notes; (f) Wells Fargo Bank, as Trustee for the 3% Notes; (g) Unicredit, as lender for the Trico Shipping W/C Facility; (h) Deutsche Bank National Trust Company, as Trustee for the High Yield Notes; (i) Wilmington Trust FSB, as

collateral agent to the intercreditor agreement between the Trico Shipping W/C Facility and the High Yield Notes; (j) those persons who have formally appeared in these Cases and requested service pursuant to Bankruptcy Rule 2002; (k) counsel to the Official Committee of Unsecured Creditors; (l) counsel to Kistefos and (m) all applicable government agencies to the extent required by the Bankruptcy Rules and the Local Rules.

## PRAYER

The Debtors respectfully request that the Court enter an order approving the Motion. The Debtors also request the Court grant such other and further relief as is just and proper.

Respectfully submitted,

June 10, 2011
Wilmington, Delaware

*/s/ Andrew R. Remming*
Robert J. Dehney (No. 3578)
Andrew R. Remming (No. 5120)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Tel: 302.658.9200
Fax: 302.658.3989

-and-

John E. Mitchell
Angela B. Degeyter
John Paul K. Napier
VINSON & ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Tel: 214.220.7700
Fax: 214.999.7787
jmitchell@velaw.com
adegeyter@velaw.com
jnapier@velaw.com

*Attorneys for the Debtors and*

*Debtors-in-Possession*