IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| TRICO MARINE SERVICES, INC., ET AL, | § | Case No. 10-12653 |
| | § | |
| *Debtor* s. | § | (Jointly Administered) |
| | § | |

## OBJECTION OF HARRIS COUNTY, et al. AND MONTGOMERY COUNTY TO DEBTORS' SECOND AMENDED JOINT PLAN OF LIQUIDATION

**To the Honorable Brendan Linehan Shannon,
United States Bankruptcy Judge:**

NOW COME Harris County, *et al.* and Montgomery County (the "Taxing Authorities"), secured creditors in the above-numbered and styled bankruptcy case, and file this objection to the Debtors' Second Amended Joint Plan of Liquidation (the "Plan"). In support of their objection, the Taxing Authorities would show the Court as follows:

I.

The Taxing Authorities are political subdivisions of the State of Texas.

II.

The Taxing Authorities hold claims for delinquent property taxes for the 2010 tax year on the Debtors' personal property located in Harris County and Montgomery County, respectively. Further, the Taxing Authorities hold claims for accrued but unpaid 2011 ad valorem taxes. These property taxes were duly assessed in accordance with the laws of the State of Texas and constitute valid, liquidated secured claims against the Debtors' property entitled to priority over other secured claims under 11 U.S.C.. § 506. The pre-petition claims of the Taxing Authorities totals approximately $12,257.87.

The laws of the State of Texas, Property Tax Code, §32.05(b), give the tax liens securing the property taxes superiority over the lien of any other claim or lien against this property. The Taxing Authorities' claims are for *ad valorem* taxes assessed against the Debtors on January 1 of each year pursuant to Texas Property Tax Code §§ 32.01 and 32.07. These taxes are secured by first priority

1

liens on the real and personal property of the Debtors pursuant to Tex. Prop. Tax Code §§ 32.01 and 32.05. The Taxing Authorities' liens take priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. See Texas Property Tax Code § 32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The tax lien arises on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994). The tax lien is a lien *in solido* and is a lien on all personal property of the Debtor. See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable. See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995). These tax claims are entitled to priority as secured claims, senior to other secured claims, according to the Bankruptcy Code, 11 U.S.C. §506. Stanford v. Butler, 826 F.2d 353 (5th Cir. 1987).

III.

The Taxing Authorities object to the Plan for the reasons set forth below:

1. The Plan fails to provide for the retention of the Taxing Authorities' liens on their collateral until the claims are paid. The Plan should not be confirmed unless and until it specifically provides for the Taxing Authorities' liens for pre- and post-petition taxes to remain on their collateral until the claims, including interest thereon, is paid in full as required by 11 U.S.C. § 1129(b).

2. The Taxing Authorities object to the Plan to the extent it purports to impose a requirement of filing a request for allowance of administrative expense or an administrative expense claim in order for the 2011 taxes to be paid. The Plan should provide that administrative expense claims need not be filed for the 2011 taxes. The Debtors should be required to pay the post-petition taxes in the ordinary course of business without the necessity of local governments having to file administrative claims. 11 U.S.C.§ 503(b)(1)(D).

**WHEREFORE, PREMISES CONSIDERED**, the Taxing Authorities respectfully prays that this Court sustain their objection to the Plan, that it accordingly deny confirmation of the Plan, and for such other and further relief, at law or in equity, as is just.

Dated: July 8, 2011

        Respectfully submitted,

        **LINEBARGER GOGGAN BLAIR & SAMPSON, LLP**

        */s/ John P. Dillman*
        **JOHN P. DILLMAN**
        Texas State Bar No. 05874400
        **TARA L. GRUNDEMEIER**
        Texas State Bar No. 24036691
        Post Office Box 3064
        Houston, Texas 77253-3064
        (713) 844-3478 *Telephone*
        (713) 844-3503 *Telecopier*

        *Counsel for Harris County, et al. and Montgomery County*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| TRICO MARINE SERVICES, INC., ET AL, | § | Case No. 10-12653 |
| | § | |
| *Debtor*s. | § | (Jointly Administered) |
| | § | |

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the *Objection of Harris County, et al. and Montgomery County to Debtors' Second Amended Joint Plan of Liquidation* was served upon the following entities by either electronic court filing or by facsimile on July 8, 2011:

Debtor:
**Trico Marine Services, Inc., et al.,**
3200 Southwest Freeway, Suite 2950
Houston, TX 77027

Debtors' Counsel
**Andrew R. Remming, Esq.**
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

**Jim Day, Esq.**
Vinson & Elkins LLP
666 Fifth Avenue, 26th Floor
New York, NY

**Joel H Levitin, Esq.**
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY 10005

Office of the United States Trustee
**David L. Buchbinder, Esq.**
Office of the U.S. Trustee
J. Caleb Boggs Federal Building, Suite 2207
Wilmington, DE 19801

Official Committee of Unsecured Creditors' Counsel
**Timothy P. Cairns, Esq.**
Pachulski Stang Young & Jones LLP
919 N. Market Street, 17th Floor
Wilmington, DE 19801

                                            */s/ Tara L. Grundemeier*
                                            Tara L. Grundemeier