shall have no duties, obligations or authority with respect to the pursuit, defense, settlement or any other aspect of the Avoidance Actions and the D&O Litigation, which litigation shall be entirely managed and controlled by the Creditors' Committee representative on the Plan Advisory Committee as set forth in Section 4.08 hereof.

### (i)   Investments

All Cash held by the Plan Administrator shall be invested (i) in accordance with Bankruptcy Code § 345 or as otherwise permitted by a Final Order; or (ii) as deemed appropriate by the Plan Administrator with approval of the Plan Advisory Committee.

## Section 4.08   Plan Advisory Committee

### (a)   Appointment

On the Effective Date, a Plan Advisory Committee shall be appointed to oversee the implementation of the Plan by the Plan Administrator.  The members of the Plan Advisory Committee shall undertake their duties as specified in the Plan. The Plan Advisory Committee shall initially be comprised of three representatives, one each appointed by (i) the 8.125% Notes Indenture Trustee; (ii) the Creditors' Committee; and (iii) the Liquidating Debtors, with the approval of the 8.125% Notes Indenture Trustee, the 3% Unsecured Debentures Indenture Trustee and the Creditors' Committee, *provided however*, that absent such approval, the Liquidating Debtors may seek approval from the Bankruptcy Court for such appointment with such approval binding on all Persons.   Under no circumstances shall any representative on the Plan Advisory Committee, or the representative's agent, designee or person under control, be a person that the Liquidating Debtors' Estates potentially have a Cause of Action against or has been or may be named a defendant in any potential Cause of Action.   In addition, a Plan Advisory Committee representative may not be an employee, creditor, agent, designee or person under the control of a party that voted against the Plan or otherwise acted to impede Confirmation.

### (b)   Liability and Indemnification

The Plan Advisory Committee shall not be liable for any action it takes or omits to take that it believes in good faith to be authorized or within its rights or powers unless it is ultimately and finally determined by a court of competent jurisdiction that such action or inaction was the result of fraud, gross negligence or willful misconduct. The Liquidating Debtors shall indemnify and hold harmless (i) the Plan Advisory Committee; and (ii) such individuals that may serve as a member of the Plan Advisory Committee (collectively, the "Plan Advisory Committee Indemnified Parties"), from and against and with respect to any and all liabilities, losses, damages, claims, costs and expenses, including but not limited to attorneys' fees arising out of or due to their actions or omissions, or consequences of such actions or omissions, other than acts or omissions resulting from such Plan Advisory Committee Indemnified Party's willful misconduct or gross negligence, with respect to the Liquidating Debtors or the implementation or administration of the Plan or Plan Administrator Agreement, as applicable. To the extent a Plan

33

Advisory Committee Indemnified Party asserts a claim for indemnification as provided above, the legal fees and related costs incurred by counsel to such Plan Advisory Committee Indemnified Party in monitoring and participating in the defense of such claims giving rise to the asserted right of indemnification shall be advanced to such Plan Advisory Committee Indemnified Party (and such Plan Advisory Committee Indemnified Party undertakes to repay such amounts if it ultimately shall be determined that such Plan Advisory Committee Indemnified Party is not entitled to be indemnified therefore) out of the Wind-down Reserve or any insurance purchased using the Wind-down Reserve. The indemnification provisions of this Section shall remain available to and be binding upon any former member of the Plan Advisory Committee or the estate of any decedent of any member of the Plan Advisory Committee.

(c)    *Resignation, Death or Removal*

In the event of the resignation or removal, liquidation, dissolution, death or incapacity of a member of the Plan Advisory Committee, the remaining two members of the Plan Advisory Committee shall designate another person to become the third member of the Plan Advisory Committee.  To the extent the Plan Advisory Committee cannot agree on a successor committee member, the Plan Administrator may request the Bankruptcy Court to appoint a successor member.

(d)    *Rights and Duties of the Plan Advisory Committee*

The Plan Advisory Committee shall:

*1)*    have the right to review and object to settlements and proposed releases or abandonment of objections to Claims, Avoidance Actions or Causes of Action by the Plan Administrator or Liquidating Debtors, as applicable, in accordance with the Plan, provided, however, that such right to review and object shall apply only to Claims, Avoidance Actions or Causes of Action that were asserted in an amount in excess of $250,000.00.

*2)*    have the right to remove or replace the Plan Administrator, with or without cause, upon the unanimous written consent of all Plan Advisory Committee members; and

*3)*    perform such additional functions and have such other rights, duties, powers and obligations as (i) may be agreed to by the Liquidating Debtors, (ii) are provided for in the Confirmation Order, or (iii) are provided for by further order of the Bankruptcy Court entered after the Effective Date.

In addition, the representative appointed by the Creditors' Committee on the Plan Advisory Committee shall have the exclusive power and authority to take all actions necessary or appropriate to prosecute, pursue, defend, compromise, settle or otherwise resolve any Avoidance Actions or the D&O Litigation; *provided, however,* that the Plan Advisory Committee representative appointed by the Creditors' Committee must obtain the consent of the Plan Advisory Committee representative appointed by the 8.125% Notes Indenture Trustee on any

34

decision to commence or not commence or to compromise, settle or otherwise resolve an Avoidance Action or the D&O Litigation. To the extent reasonably practicable, the Creditors' Committee representative will inform the other Plan Advisory Committee representatives prior to commencing any Avoidance Actions or the D&O Litigation and will provide such other representatives periodic updates of the status of those proceedings.

>    (e)    *Resolution of Disputes Between the Plan Advisory Committee and the Plan Administrator*

To the extent the Plan Administrator and the Plan Advisory Committee cannot resolve any dispute that may arise between them, either party may file appropriate pleadings with the Bankruptcy Court seeking resolution of the dispute by the Bankruptcy Court.

## Section 4.09  Plan Funding

The Debtors' and the Liquidating Debtors' obligations under the Plan will be funded from the following sources: (a) proceeds from the sale of assets; (b) revenues from the Transition Services Agreement; (c) recoveries from Causes of Action; (d) ordinary course revenues from the operation of the Debtors' or Liquidating Debtors' businesses during the wind-down process; (e) proceeds from the Holdco / Opco Settlement; (f) the EMSL Proceeds; and (g) existing Cash, if any, held on the Effective Date. For the avoidance of doubt, no Distributions shall be made on account of any Allowed Claims in Class 5 and Class 6 unless and until all Priority Amounts have been reserved, funded, paid or satisfied, as applicable. Except as otherwise provided herein, including without limitation Section 3.03(a) of the Plan, the Plan Administrator may not utilize the Opco Equity and Warrants through monetization thereof for satisfaction of any Claims other than Class 5 and Class 6 Claims until all other assets of the Liquidating Debtors have been depleted.

## Section 4.10  Wind-down Reserve

The Plan Administrator shall establish a Wind-down Reserve and shall pay, among other costs and expenses, wind-down costs and costs of holding and liquidating the Estates' assets, including, but not limited to, taxes, compensation of the Plan Administrator, and compensation of any professionals retained by the Plan Administrator from the Wind-down Reserve. The Plan Administrator or Plan Advisory Committee, as applicable, must file a notice with the Bankruptcy Court detailing the identity of any attorneys engaged for the purpose of representing the Liquidating Debtors in connection with any Cause of Action, including the D&O Litigation and the Avoidance Actions, and the terms of such engagement. To the extent that the Plan Administrator determines that funds so reserved are insufficient, the proceeds of the continuing liquidation of assets, the EMSL Proceeds and any other assets held by the Liquidating Debtors, to the extent necessary for such purposes, will be allocated to the Wind-down Reserve. The Opco Equity and Warrants may only be monetized in accordance with terms of Section 4.11 and utilized for the purposes contemplated by this Section 4.10 after notice to and an opportunity to object by the Plan Advisory Committee. After all costs associated with a Wind-down Reserve have been paid, and/or upon the reasonable determination by the Plan Administrator that the

US 897757v.3

funds in the Wind-down Reserve exceed the amounts necessary to pay the expenses for which such fund is established, the remaining or excess funds shall constitute Residual Distribution Assets, and shall be distributed in accordance with the terms of the Plan.

## Section 4.11  Sale or Liquidation of Assets

Except as otherwise provided in the Plan, including Section 3.03(e) hereof, the Liquidating Debtors or Plan Administrator, as applicable, shall be authorized to, among other things, sell, assume, assign and/or transfer all or part of the assets pursuant to Bankruptcy Code §§ 105(a), 363, 365, 1123(b)(4), 1129 and 1146(a) under the terms and conditions of the Plan on and after the Effective Date.  The authority granted in this Section 4.11 shall supersede any orders entered during the Chapter 11 Cases in respect of procedures for the sale of Estate assets. Sales pursuant to this Section 4.11 shall be free and clear of any and all Liens, Interests, Claims, charges and encumbrances, with such interests attaching to the proceeds of such sale and distributed as provided in the Plan.  The Liquidating Debtors or Plan Administrator, as applicable, shall be, and are hereby, authorized to take any and all actions necessary or appropriate to consummate any sale.  The actions necessary to effect the sale of all or part of the assets may include: (a) the execution and delivery of appropriate instruments of transfer, assignment, assumption or delegation of any asset, property, right, liability, duty or obligation on terms consistent with the terms of any applicable Final Order or the Plan and (b) all other actions that the Liquidating Debtors or Plan Administrator, as applicable, determine to be necessary or appropriate in connection with such transactions, including making such filings or recordings that may be required or appropriate under applicable state law.  For any proposed sale, assumption, assignment or transfer of (i) the Opco Equity and Warrants or (ii) any other assets with a selling price of more than $500,000, the Liquidating Debtors or Plan Administrator, as applicable, must provide ten days' written notice to the Office of the United States Trustee and the Plan Advisory Committee prior to the consummation of the proposed transaction.  If the Office of the United States Trustee or the Plan Advisory Committee lodges a written objection to a proposed sale, assumption, assignment or transfer of assets within ten days after service of written notice thereof, the Liquidating Debtors or Plan Administrator, as applicable, may not consummate the proposed transaction in accordance with this provision absent mutual agreement by the parties or further order of the Bankruptcy Court.

## Section 4.12  Credit Agreements and Existing Security Agreements

**Except as otherwise provided in the Plan, on the Effective Date, all agreements, instruments, and other documents evidencing any Claim against or Interest in a Debtor and any rights of any Holder in respect thereof, including any security interests or Liens in assets of the Debtors, shall be deemed void and of no force or effect against the Debtors, the Liquidating Debtors and their assets.  The Holders of, or parties to, such instruments, security agreements and other documentation will have no rights arising from or relating to such instruments, security agreements and other documentation against the Debtors or Liquidating Debtors or their assets, except the rights provided for pursuant to the Plan, but shall reserve any and all rights arising therein against all other Persons, unless**

US 897757v.3

**specifically released hereunder.** To the extent deemed necessary or appropriate by the Plan Administrator, the Plan Administrator shall have the authority on behalf of and in the name of the Holders of Secured Claims to execute, deliver and file documents to terminate any related financing statements, mortgages, mechanic's liens, or *lis pendens*.

### Section 4.13  Cancellation of Certain Existing Security Interests

As a condition to receiving any Distribution under the Plan, if requested by the Debtors or Liquidating Debtors, as applicable, each holder of a promissory note, certificate, or other instrument evidencing a Claim or Interest shall surrender such promissory note, certificate, or other instrument to the Debtors or, if after the Effective Date, the Plan Administrator or its designee. Any Holder of a Claim that fails to (a) surrender such instrument or (b) execute and deliver an affidavit of loss and/or indemnity reasonably satisfactory to applicable Debtor or, if after the Effective Date, the Plan Administrator before the later to occur of (i) the second anniversary of the Effective Date and (ii) six months following the date such Holder's Claim or Interest is Allowed, shall be deemed to have forfeited all rights and claims with respect thereto, may not participate in any Distribution under the Plan on account thereof, and all amounts owing with respect to such Allowed Claim shall be retained by the applicable Debtor or Liquidating Debtor.

Notwithstanding anything to the contrary herein, any agreement that governs the rights of the 3% Unsecured Debentures Indenture Trustee or the Holders of the 3% Unsecured Debentures will continue in effect solely for purposes of (a) permitting the 3% Unsecured Debentures Indenture Trustee to maintain and enforce its 3% Unsecured Debentures Indenture Trustee Charging Lien against property distributed to the Plan Administrator or Disbursing Agent, as applicable, pursuant to Section 3.03(e) hereof on account of the 3% Unsecured Debentures pursuant to the Plan or any other property for fees, costs, and expenses under such 3% Unsecured Debentures Indenture or any other agreement, and (b) governing the rights and obligations of non-Debtor parties to such agreements, vis-à-vis each other. Upon completion of all such Distributions under the Plan and actions set forth pursuant to this Section 4.13, the 3% Unsecured Debentures and the 3% Unsecured Debentures Indenture shall be automatically cancelled and deemed terminated, extinguished and of no further force of effect without further act or action under any applicable agreement, law, regulation, order or rule; *provided however*, that the 3% Unsecured Debentures Indenture Trustee shall have no further obligations under the 3% Unsecured Debentures Indenture or under this Plan after the Effective Date, and *provided further, however* that nothing herein shall alter, impair or affect its right to enforce the 3% Unsecured Debentures Indenture Trustee Charging Lien.

Notwithstanding anything to the contrary herein, any agreement that governs the rights of the 8.125% Notes Indenture Trustee or the Holders of the 8.125% Notes will continue in effect solely for purposes of (a) allowing the 8.125% Notes Indenture Trustee, pursuant and subject to the 8.125% Notes Indenture, to make distributions under this Plan to Holders of the 8.125% Notes, (b) permitting the 8.125% Notes Indenture Trustee to maintain and enforce its 8.125% Notes Indenture Trustee Charging Lien against property distributed on account of the 8.125%

US 897757v.3

Notes pursuant to the Plan or any other property for fees, costs, and expenses under such 8.125% Notes Indenture or any other agreement, and (c) governing the rights and obligations of non-Debtor parties to such agreements, vis-à-vis each other. Upon completion of all such Distributions under the Plan and actions set forth pursuant to this Section 4.13, the 8.125% Notes and the 8.125% Notes Indenture shall be automatically cancelled and deemed terminated, extinguished, of no further force of effect, and the 8.125% Notes Indenture Trustee shall have no further obligations thereunder or under the Plan, without further act or action under any applicable agreement, law, regulation, order or rule. Nothing in this Plan shall alter, impair or affect the 8.125% Notes Indenture Trustee Charging Lien.

### Section 4.14    Vesting of Assets

Except as otherwise set forth herein, in the Plan Supplement or in the Confirmation Order, as of the Effective Date, all property of the Debtors being liquidated hereunder shall vest in the applicable Liquidating Debtor free and clear of all Claims, Liens, encumbrances and other Interests. From and after the Effective Date, the Liquidating Debtors may operate (or liquidate and wind up) their businesses and use, acquire and dispose of property and assets of any nature and settle and compromise claims or interests without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed by the Plan and the Confirmation Order. The EMSL Proceeds and Opco Equity and Warrants shall be held by the Plan Administrator in trust for the beneficiaries of this Plan and may not be used for any purpose other than as provided for in the Plan. Without limiting the generality of the foregoing and subject to the other provisions of this Plan, the Liquidating Debtors may, without application to or approval by the Bankruptcy Court, pay fees that they incur after the Effective Date for Professional fees and expenses.

### Section 4.15    Preservation of Rights of Action; Settlement

Except to the extent such rights, claims, Causes of Action, defenses, and counterclaims are otherwise dealt with in the Plan or are expressly and specifically released in connection with the Plan, the Confirmation Order or in any settlement agreement approved during the Chapter 11 Cases, or otherwise provided in the Confirmation Order or in any contract, instrument, release, indenture or other agreement entered into in connection with the Plan, in accordance with Bankruptcy Code § 1123(b):   (a) any and all rights, claims, Causes of Action (including Avoidance Actions), defenses, and counterclaims of or accruing to the Debtors or their Estates shall remain assets of and vest in the Liquidating Debtors, whether or not litigation relating thereto is pending on the Effective Date, and whether or not any such rights, claims, Causes of Action, defenses and counterclaims have been listed or referred to in the Plan, the Bankruptcy Schedules, or any other document filed with the Bankruptcy Court, and (b) the Liquidating Debtors shall in no manner waive, relinquish, or abandon (nor shall they be estopped or otherwise precluded from asserting) any right, claim, Cause of Action, defense, or counterclaim that constitutes property of the Estates: (i) whether or not such right, claim, Cause of Action, defense, or counterclaim has been listed or referred to in the Plan or the Bankruptcy Schedules, or any other document filed with the Bankruptcy Court, (ii) whether or not such right, claim,

US 897757v.3

Cause of Action, defense, or counterclaim is currently known to the Debtors, and (iii) whether or not a defendant in any litigation relating to such right, claim, Cause of Action, defense or counterclaim filed a proof of Claim in the Chapter 11 Cases, filed a notice of appearance or any other pleading or notice in the Chapter 11 Cases, voted for or against the Plan, or received or retained any consideration under the Plan.  Without in any manner limiting the generality of the foregoing, notwithstanding any otherwise applicable principal of law or equity, without limitation, any principals of judicial estoppel, res judicata, collateral estoppel, issue preclusion, or any similar doctrine, the failure to list, disclose, describe, identify, or refer to a right, claim, Cause of Action, defense, or counterclaim, or potential right, claim, Cause of Action, defense, or counterclaim, in the Plan, the Bankruptcy Schedules, or any other document filed with the Bankruptcy Court shall in no manner waive, eliminate, modify, release, or alter the Liquidating Debtors' right to commence, prosecute, defend against, settle, and realize upon any rights, claims, Causes of Action, defenses, or counterclaims that the Debtors or the Liquidating Debtors have, or may have, as of the Effective Date.  Subject to the express provisions of this Plan, including Sections 4.07 and 4.08 hereof, the Liquidating Debtors may commence, prosecute, defend against, settle, and realize upon any rights, claims, Causes of Action, defenses, and counterclaims in their sole discretion, in accordance with what is in the best interests, and for the benefit, of the Liquidating Debtors.

**Section 4.16   Holdco / Opco Settlement**

Prior to the filing of the Plan, the Debtors agreed to the Holdco / Opco Settlement, subject to Bankruptcy Court approval.  The Holdco / Opco Settlement was approved by the Bankruptcy Court pursuant to the Holdco / Opco Settlement Order.  The Holdco / Opco Settlement became effective on May 13, 2011 and is fully enforceable in accordance with its terms, and nothing in the Plan shall be deemed to alter, amend or otherwise modify the Holdco / Opco Settlement or Holdco / Opco Settlement Order, and to the extent of any conflict between the Holdco / Opco Settlement and Holdco / Opco Settlement Order, and the Plan, the Holdco / Opco Settlement and Holdco / Opco Settlement Order shall control.  Any property received by the Debtors pursuant to the Holdco / Opco Settlement will be administered by the Plan Administrator as set forth in the Plan.  All securities issued pursuant to the Plan will be deemed issued as of the Effective Date regardless of the date actually distributed.

**Section 4.17   Employee and Retiree Benefits**

On and after the Effective Date, the Liquidating Debtors may retain 10 or fewer employees of the Debtors and shall have the authority to determine the compensation of, and other benefits for, each such employee, which compensation and other related costs of expenses will be included in the Wind-down Budget.  In addition, and without limiting the generality of the foregoing, the Liquidating Debtors shall honor any health and similar benefits that existed prior to the Effective Date for any employee continuing to provide services for the Liquidating Debtors from the Effective Date through June 30, 2011.  Thereafter, the Liquidating Debtors shall provide a nominal reimbursement to such employees for private health insurance policies the employees purchase for themselves.  The Liquidating Debtors do not have any obligations in

US 897757v.3

respect of retiree benefits (as that term is defined in Bankruptcy Code § 1114) and thus, shall not pay or honor any retiree benefits after the Effective Date.

## Section 4.18  Workers' Compensation Programs

As of the Effective Date, the Liquidating Debtors shall continue to honor their postpetition obligations under: (a) all applicable workers' compensation or similar laws in the states or countries in which the Liquidating Debtors operate; and (b) the Debtors' written contracts, agreements, agreements of indemnity, self-insurer workers' compensation bonds, policies, programs and plans for workers' compensation and workers' compensation insurance, if any, currently in effect.  Nothing in the Plan shall limit, diminish or otherwise alter the Debtors' or Liquidating Debtors' defenses, claims, rights of action, or other rights under applicable non-bankruptcy law with respect to any such contracts, agreements, policies, programs and plans; *provided, however*, that nothing herein shall be deemed to impose any obligations on the Debtors or Liquidating Debtors in addition to what is required under the provisions of applicable law.

## Section 4.19  Exclusivity Period

The Debtors shall retain the exclusive right to amend or modify the Plan, and to solicit acceptances of any amendments to or modifications of the Plan, through and until the Effective Date.

## Section 4.20  Exemption from Transfer Taxes

Pursuant to Bankruptcy Code § 1146(a), the issuance, transfer, or exchange of a security, or the making of delivery of an instrument of transfer, including without limitation any transfers effected by mergers provided under the Plan, from the Debtors to the Liquidating Debtors or any other Person or Entity pursuant to the Plan may not be taxed under any law imposing a stamp tax or similar tax, and the Confirmation Order shall direct the appropriate state or local governmental officials or agents to forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

## ARTICLE V
## PROVISIONS GOVERNING DISTRIBUTIONS

## Section 5.01  Distributions for Claims and Interests Allowed as of Effective Date

Except as otherwise provided in the Plan or as ordered by the Bankruptcy Court, Distributions to be made on account of Allowed Claims and Interests as of the Effective Date shall be made on the Initial Distribution Date.  For the avoidance of doubt, no Distributions, including any Distribution of the Opco Equity and Warrants, shall be made on account of any Allowed Claims in Class 5 and Class 6 unless and until all Priority Amounts have been reserved, funded, paid or satisfied in full, as applicable.  The New TMS Equity Interests to be issued under the Plan shall be deemed issued as of the Effective Date.  The Plan Administrator shall in its

40

reasonable discretion designate additional Distribution Dates as soon as reasonably practicable as and when material additional assets become available for distribution.

## Section 5.02  Interest on Claims

Unless otherwise specifically provided by the Plan, the Confirmation Order, any other order of the Bankruptcy Court or by applicable bankruptcy law, postpetition interest, fees, costs and other charges shall not accrue and not be paid on Allowed Claims.  To the extent postpetition interest is payable on an Allowed Claim, the amount of such interest shall be determined as provided (a) in any contract between the Holder of an Allowed Claim and any applicable Debtor, (b) any applicable non-bankruptcy law, or (c) in the absence of (a) or (b), the lower of (i) Federal Judgment Rate or (ii) Prime Rate as such rates in (a) through (c) may be limited by applicable bankruptcy law.

## Section 5.03  Disbursing Agent

Except as otherwise provided in the Plan, including Section 3.03(e) hereof, the Plan Administrator shall make all Distributions required under the applicable provisions of the Plan. The Plan Administrator may employ or contract with other entities to assist in or make the Distributions required by the Plan.  If the Disbursing Agent is an independent third party designated by the Plan Administrator to serve in such capacity or, in the case of Distributions related to or on account of the 8.125% Notes Secured Claims and the 8.125% Notes Deficiency Claims, the 8.125% Notes Indenture Trustee, such Disbursing Agent shall receive, without further Bankruptcy Court approval, reasonable compensation for Distribution services rendered pursuant to the Plan and reimbursement of reasonable out-of-pocket expenses incurred in connection with such services from the Liquidating Debtors on terms acceptable to the Plan Administrator.  No Disbursing Agent shall be required to give any bond or surety or other security for the performance of its duties unless otherwise ordered by the Bankruptcy Court.

Notwithstanding anything to the contrary herein, all Distributions related to or on account of the 8.125% Notes Secured Claims and the 8.125% Notes Deficiency Claims shall be made to the 8.125% Notes Indenture Trustee and further Distributions on account of such Claims by the 8.125% Notes Indenture Trustee to the record Holders of the 8.125% Notes Secured Claims and the 8.125% Notes Deficiency Claims shall be accomplished in accordance with the 8.125% Notes Indenture and, if applicable, the policies and procedures of the Depository Trust Company. The 8.125% Notes Indenture Trustee shall administer such Distributions in accordance with the Plan and the 8.125% Notes Indenture. The 8.125% Notes Indenture Trustee shall not be required to give any bond, surety, or other security for the performance of its duties with respect to the administration and implementation of Distributions.

Subject to the other provisions in this Plan, including Section 3.03(e) hereof, any and all Distributions related to or on account of 3% Unsecured Debentures Claims shall be subject to the terms and conditions of the 3% Unsecured Debentures Indenture, including the 3% Unsecured Debentures Indenture Trustee Charging Lien.   Any and all Distributions on account of the 8.125% Notes Secured Claims and the 8.125% Notes Deficiency Claims shall be subject to the

41

terms and conditions of the 8.125% Notes Indenture, including the 8.125% Notes Indenture Trustee Charging Lien.

## Section 5.04   Record Date for Distributions

As of the close of business on the Distribution Record Date, the registers for Claims and Interests should be closed, and there shall be no further changes in the Holder of record of any Claim or Interest.  The Liquidating Debtors, the Disbursing Agent (including the 8.125% Notes Indenture Trustee) and the Plan Administrator, as applicable, shall have no obligation to recognize any transfer of Claim or Interest occurring after the Distribution Record Date, and shall instead be authorized and entitled to recognize and deal for all purposes under the Plan with only those Holders of record stated on the registers of Claims and/or Interests as of the close of business on the Distribution Record Date for Distributions under the Plan.

## Section 5.05   Means of Cash Payment

Cash payments made pursuant to the Plan shall be by check, wire or ACH transfer in U.S. funds or such other currencies utilized in the ordinary course of business of the applicable Debtors or Liquidating Debtors in making such payment as determined by the Plan Administrator or by other means agreed to by the payor and payee or, absent agreement, such commercially reasonable manner as the payor determines in its sole discretion.

## Section 5.06   Delivery of Distributions

### (a)   Addresses for Delivery

Except as otherwise provided in the Plan, Distributions to Holders of Allowed Claims shall be made by the Disbursing Agent, the Plan Administrator, or the Liquidating Debtors, as the case may be, (i) at the addresses set forth on the proofs of Claim filed by such Holders (or at the last known addresses of such Holders if no proof of Claim is filed or if the Debtors or the Liquidating Debtors, as applicable, have been notified in writing of a change of address), (ii) at the addresses set forth in any written notices of address changes delivered to the Plan Administrator or Disbursing Agent after the date of any related proof of Claim, (iii) at the addresses reflected in the Bankruptcy Schedules if no proof of Claim has been filed and the Disbursing Agent, the Liquidating Debtors, or the Plan Administrator, as applicable, have not received a written notice of a change of address, (iv) in the case of the Holder of a Claim that is governed by an indenture or other agreement and is administered by an indenture trustee, agent, or servicer, at the addresses contained in the official records of such indenture trustee, agent, or servicer, or (v) at the addresses set forth in a properly completed letter of transmittal accompanying securities, if any, properly remitted to the Debtors or Liquidating Debtors, as applicable.

### (b)   Undeliverable Distributions

US 897757v.3

If any Holder's Distribution is returned as undeliverable, no further Distributions to such Holder shall be made unless and until the Disbursing Agent, the Plan Administrator, or the Liquidating Debtors, as applicable, or the appropriate indenture trustee, agent, or servicer is notified of such Holder's then current address, at which time all missed Distributions shall be made to such Holder without interest.  Amounts in respect of undeliverable Distributions made through the Disbursing Agent, the Plan Administrator, or the Liquidating Debtors, as applicable, or the indenture trustee, agent, or servicer, shall be returned to the Liquidating Debtors until such Distributions are claimed.  All claims for undeliverable Distributions must be made on or before the first anniversary of the Effective Date, after which date all unclaimed property shall revert to the Liquidating Debtors free of any restrictions thereon for further Distributions under the Plan and the claim of any Holder or successor to such Holder with respect to such property shall be discharged and forever barred, notwithstanding any federal or state escheat laws to the contrary.

(c)    *Non-Negotiated Checks*

All Distributions made by check must be negotiated by the later of (i) 180 days from the date such check is (a) placed in the United States mail, postage prepaid; or (b) placed with a delivery or courier service for delivery; or (ii) on or before the first anniversary of the Effective Date.  Checks that are not negotiated within this period will be voided and a stop payment placed on such check after which all unclaimed property shall revert to the Liquidating Debtors free of any restrictions thereon for further Distributions under the Plan and the Claim of any Holder or successor to such Holder with respect to such property shall be discharged and forever barred, notwithstanding any federal or state escheat laws to the contrary.

### Section 5.07   Claims Paid or Payable by Third Parties

(a)    *Claims Paid by Third Parties*

The Debtors, the Liquidating Debtors, the Disbursing Agent, or the Plan Administrator, as applicable, shall reduce a Claim, and such Claim shall be disallowed without a Claim objection having to be filed and without any further notice to or action, order, or approval of the Bankruptcy Court, to the extent that the Holder of such Claim receives payment in full or in part on account of such Claim from a party that is not a Debtor or Liquidating Debtor.

(b)    *Claims Payable by Third Parties*

No Distributions under the Plan shall be made on account of an Allowed Claim that is payable pursuant to any applicable insurance policies until the Holder of such Allowed Claim has exhausted all remedies with respect to such insurance policy.  To the extent that one or more of the applicable insurers agrees to satisfy in full a Claim (if and to the extent adjudicated by a court of competent jurisdiction), then immediately upon such insurers' agreement, such Claim may be expunged without a Claim objection having to be filed and without any further notice to or action, order, or approval of the Bankruptcy Court.

(c)    *Applicability of Insurance Policies*

43

Except as otherwise provided in the Plan, Distributions to Holders of Allowed Claims shall be in accordance with the provisions of any applicable insurance policy. Nothing contained in the Plan shall constitute or be deemed a waiver of any Cause of Action that the Debtors or Liquidating Debtors or any Entity may hold against any other Entity, including insurers under any policies of insurance, nor shall anything contained in the Plan constitute or be deemed a waiver by such insurers of any defenses, including coverage defenses. To the extent that one or more of the Liquidating Debtors' insurers pays a Claim in full, then immediately upon such payment, such Claim may be expunged without the necessity of filing a Claim objection and without any further notice to or action, order or approval of the Bankruptcy Court.

## Section 5.08  Fractional Dollars; De Minimis Distributions

Any other provision of the Plan notwithstanding, payments of fractions of dollars shall not be made. Whenever any payment of a fraction of a dollar under the Plan would otherwise be called for, the actual payment made shall reflect a rounding of such fraction to the nearest whole dollar (up or down), with half dollars being rounded down. The Disbursing Agent, the Liquidating Debtors, or the Plan Administrator, as applicable, or any indenture trustee, agent, or servicer, as the case may be, shall not make any payment of less than one hundred dollars ($100.00) with respect to any Claim unless a request therefore is made in writing to such Disbursing Agent, the Liquidating Debtors, or the Plan Administrator, as applicable, indenture trustee, agent, or servicer, as the case may be.

## Section 5.09  Withholding and Reporting Requirements

In connection with the Plan and all Distributions hereunder, the Disbursing Agent, the Liquidating Debtors, or the Plan Administrator, as applicable, shall comply, to the extent applicable, with all tax withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority, and all Distributions hereunder shall be subject to any such withholding and reporting requirements. The Disbursing Agent, the Liquidating Debtors, or the Plan Administrator, as applicable, shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding and reporting requirements.

## Section 5.10  Expunging of Certain Claims

All Claims marked or otherwise designated as "contingent, unliquidated or disputed" on the Bankruptcy Schedules and for which no proof of claim has been timely filed, shall be deemed disallowed and such claim may be expunged without the necessity of filing a Claim objection and without any further notice to, or action, order or approval of the Bankruptcy Court.

US 897757v.3

## ARTICLE VI

## EXECUTORY CONTRACTS, UNEXPIRED LEASES AND OTHER AGREEMENTS

### Section 6.01  Assumption or Rejection of Executory Contracts and Unexpired Leases

On the Effective Date, and to the extent permitted by applicable law, all of the Debtors' executory contracts and unexpired leases will be rejected unless such executory contract or unexpired lease: (a) is identified on the Assumed Contract Schedule, as may be amended from time to time, as an executory contract or unexpired lease being assumed pursuant to the Plan; (b) is the subject of a motion to assume or reject filed on or before the Confirmation Hearing; (c) has been previously rejected or assumed; or (d) previously expired or terminated pursuant to its own terms before the Effective Date.  The Debtors reserve the right to amend the Assumed Contract Schedule at any time prior to the Effective Date to add or delete any contracts listed, but shall not amend any proposed Cure Payment after ten days prior to the Confirmation Hearing without the consent of the applicable contract or lease counterparty or upon motion filed with the Bankruptcy Court and duly served upon such counterparty.

### Section 6.02  Inclusiveness

Each executory contract or unexpired lease listed on the Assumed Contract Schedule will include any modifications, amendments, supplements, restatements or other agreements made directly or indirectly by any agreement, instrument or other document that in any manner affects such contract or agreement, irrespective of whether such agreement, instrument or other document is listed on the Assumed Contract Schedule.

### Section 6.03  Approval of Assumption or Rejection of Executory Contracts and Unexpired Leases

The Confirmation Order will constitute an order of the Bankruptcy Court approving, pursuant to Bankruptcy Code § 365, as applicable, (a) the rejection of each executory contract or unexpired lease as set forth herein, as of the Confirmation Date; or (b) the assumption of each executory contract or unexpired lease the Assumed Contract Schedule (as such may be amended prior to the Effective Date), as of and conditioned on the occurrence of the Effective Date.  Any counterparty to an executory contract or unexpired lease that fails to object to such assumption by the Plan Voting Deadline will be deemed to have consented to such assumption.

### Section 6.04  Pass-Through

Except as otherwise provided in the Plan, any rights or arrangements necessary or useful to the operation of the Liquidating Debtors' activities but not otherwise addressed as a Claim or Interest, including non-exclusive or exclusive patent, trademark, copyright, maskwork or other intellectual property licenses and other executory contracts not assumable under Bankruptcy Code § 365(c), shall, in the absence of any other treatment under the Plan or Confirmation Order, be passed through the Chapter 11 Cases for the benefit of the Liquidating Debtors and the

counterparty shall be deemed unaltered and unaffected by the bankruptcy filings or Chapter 11 Cases.

### Section 6.05    Preexisting Obligations to the Debtors Under Executory Contracts and Unexpired Leases

Rejection or repudiation of any executory contract or unexpired lease pursuant to the Plan or otherwise shall not constitute a termination of pre-existing obligations owed to the Debtors under such contracts or leases. In particular, notwithstanding any nonbankruptcy law to the contrary, the Liquidating Debtors expressly reserve and do not waive any right to receive, or any continuing obligation of a counterparty to provide, warranties or continued maintenance obligations on goods previously purchased by the contracting Debtors or Liquidating Debtors, as applicable, from counterparties to rejected or repudiated executory contracts or unexpired leases.

### Section 6.06    Intercompany Contracts, Assumed Contracts and Leases

Intercompany contracts and executory contracts and unexpired leases assumed by any Debtor may be performed by the applicable Liquidating Debtor in the ordinary course of business after the Effective Date.

### Section 6.07    Contracts and Leases Entered Into After Petition Date

Contracts and leases with third parties entered into after the Petition Date by any Debtor may be performed by the applicable Liquidating Debtor in the ordinary course of business after the Effective Date.

### Section 6.08    Reservation of Rights

Nothing contained in the Plan shall constitute an admission by the Liquidating Debtors that any contract or lease is in fact an executory contract or unexpired lease or that any Liquidating Debtor has any liability thereunder. If there is a dispute regarding whether a contract or lease is or was executory or unexpired at the time of assumption or rejection, the Debtors or the Liquidating Debtors, as applicable, shall have thirty days following entry of a Final Order resolving such dispute to alter their treatment of such contract or lease.

Additionally, notwithstanding anything contained herein to the contrary, if there is a dispute as to Cure Payments, adequate assurance of future performance or any other matter related to any executory contract or unexpired lease, the Debtors or Liquidating Debtors, as the case may be, may, in their sole and absolute discretion, determine to reject any executory contract or unexpired lease at any time prior to thirty days after the entry of a Final Order resolving such dispute. The effective date of any rejection effected pursuant to the preceding sentence shall be the Effective Date regardless of when the Debtors or Liquidating Debtors send notice of such rejection.

US 897757v.3

## Section 6.09   Nonoccurrence of Effective Date

In the event that the Effective Date does not occur, the Bankruptcy Court shall retain jurisdiction with respect to any request by the Debtors to extend the deadline for assuming or rejecting unexpired leases pursuant to Bankruptcy Code § 365(d)(4).

## Section 6.10   Cure Provisions

Except as otherwise provided under the Plan, any Cure Payment shall be effected or otherwise satisfied by prompt payment of such monetary amount as contemplated by Bankruptcy Code § 365(b)(1)(A) or as otherwise agreed to by the parties. The Assumed Contract Schedule sets forth the Cure Payment for each executory contract and unexpired lease to be assumed by the Debtors. If the non-Debtor party to the executory contract or unexpired lease objects to the proposed Cure Payment, such non-Debtor party must file an objection with the Bankruptcy Court to such Cure Payment on or before the Plan Voting Deadline; failure to timely file such objection shall be deemed acceptance by such non-Debtor party of the Cure Payment for all purposes. If there is a dispute regarding (a) the timing of any Cure Payment required in order to meet the promptness requirement of § 365(b)(1), (b) the nature, extent or amount of any cure requirement, (c) the Liquidating Debtors' ability or the ability of the Debtors' assignees to provide "adequate assurance of future performance" (within the meaning of Bankruptcy Code § 365) under the contract or lease to be assumed, or (d) any other matter pertaining to assumption, subject to the provisions of the Plan, Cure Payment will occur on the next occurring Distribution Date following the entry of a Final Order resolving the dispute and approving the assumption or assumption and assignment, as the case may be.

To the extent it is impossible for a Liquidating Debtor to cure a default arising from any failure to perform a non-monetary obligation, such default shall be cured by performance by the applicable Liquidating Debtor (or its assignee, as to the case may be) at or after assumption (and assignment, if applicable) in accordance with the terms of the applicable unexpired lease or executory contract, with the applicable executory contract or unexpired lease remaining in effect for the benefit of the applicable Liquidating Debtor. Any non-Debtor party objecting to such cure of non-monetary obligations must file an objection to such cure with the Bankruptcy Court on or before the Plan Voting Deadline; failure to timely file such objection shall be deemed acceptance by such non-Debtor party of the cure of non-monetary defaults for all purposes.

## Section 6.11   Claims Based on Rejection of Executory Contracts and Unexpired Leases

Unless otherwise provided by an order of the Bankruptcy Court approving the rejection of an executory contract or unexpired lease, if the rejection of an executory contract or unexpired lease gives rise to a Claim by the non-Debtor party to such executory contract or unexpired lease, such Claim shall be forever barred and shall not be enforceable against the Debtors, their Estates, the Liquidating Debtors, the Plan Administrator or any of their respective assets or property, unless a proof of Claim is Filed and served on the Debtors or Plan Administrator, as applicable, no later than thirty days after the later of the (i) filing of a notice of the occurrence of the Effective Date or (ii) entry of an order authorizing the rejection of such executory contract or

unexpired lease. All Allowed Claims arising from the rejection of the Debtors' executory contracts and unexpired leases shall be classified as General Unsecured Claims or Qualified Investor Claims, as applicable, and shall be treated in accordance with the provisions of the Plan; *provided, however*, if the Holder of an Allowed Claim (other than Maritime Lien Claims) for rejection damages has an unavoidable security interest in any Collateral to secure obligations under such rejected executory contract or unexpired lease, the Allowed Claim for rejection damages shall be treated as an Other Secured Claim to the extent of the value of such Holder's interest in the Collateral, with the deficiency, if any, treated as a General Unsecured Claim or Qualified Investor Claim, as applicable.

**Section 6.12   Indemnification Rights and Insurance Coverage**

Pursuant to the Holdco / Opco Settlement, the Opco Entities have purchased for the benefit of the existing TMS directors, officers and employees, those TMS directors, officers and employees holding such positions as of the Petition Date, and their respective affiliates, representatives, advisors and agents, a six year tail director and officer insurance coverage policy consistent with existing policies.

The Indemnification Rights and insurance coverage provided pursuant to the Holdco / Opco Settlement by the Opco Entities shall not be affected in any manner by the Plan.

**Section 6.13   Insurance Policies and Agreements**

The insurance policies issued to, or insurance agreements entered into by, the Debtors prior to the Petition Date set forth in the Plan Supplement shall continue in effect after the Effective Date for the benefit of the Liquidating Debtors and all other beneficiaries thereof. To the extent that such insurance policies or agreements are considered to be executory contracts, then, notwithstanding anything to the contrary in the Plan, the Plan shall constitute a motion to assume (and assign to the Liquidating Debtors if necessary to continue such insurance policies in full force) or ratify such insurance policies and agreements, and, subject to the occurrence of the Effective Date, the entry of the Confirmation Order shall constitute approval of such assumption (and assignment, if necessary) pursuant to Bankruptcy Code § 365(a) and a finding by the Bankruptcy Court that each such assumption (and assignment, if necessary) is in the best interest of each Debtor and its Estate. Unless otherwise determined by the Bankruptcy Court pursuant to a Final Order or agreed to by the parties thereto prior to the Effective Date, no payments shall be required to cure any defaults of the Debtors existing as of the Confirmation Date with respect to each such insurance policy or agreements. If the Bankruptcy Court determines otherwise as to any such insurance policy or agreement, the Debtors reserve the right to seek the rejection of such insurance policy or agreement or other available relief.

US 897757v.3

# ARTICLE VII
## PROCEDURES FOR RESOLVING DISPUTED, CONTINGENT, AND UNLIQUIDATED CLAIMS

### Section 7.01  Objections to Claims

#### (a)  Authority

Subject to the express provisions of this Plan, the Debtors, the Liquidating Debtors, or the Plan Administrator (or their authorized representatives), as applicable, shall have the exclusive authority to file, settle, compromise, withdraw, or litigate to judgment any objections to Claims. Subject to Section 4.08 hereof, from and after the Effective Date, the Liquidating Debtors or the Plan Administrator (or their authorized representatives), as applicable, may settle or compromise any Disputed Claim without approval of the Bankruptcy Court. Subject to Section 4.08 hereof, the Liquidating Debtors or the Plan Administrator (or their authorized representatives), as applicable, also shall have the right to resolve any Disputed Claim outside the Bankruptcy Court under applicable governing law.

#### (b)  Objection Deadline

As soon as practicable, but no later than the Claims Objection Deadline, the Liquidating Debtors or the Plan Administrator (or their authorized representatives), as applicable, may file objections with the Bankruptcy Court and serve such objections on the Creditors holding the Claims to which objections are made. Nothing contained herein, however, shall limit the right of the Liquidating Debtors or the Plan Administrator (or their authorized representatives), as applicable, to object to Claims, if any, filed or amended after the Claims Objection Deadline. The Claims Objection Deadline may be extended by the Bankruptcy Court upon motion by the applicable Liquidating Debtor or the Plan Administrator (or their authorized representatives), as applicable, without notice or hearing. Bankruptcy Rule 9006-2 shall apply to any motion to extend the Claims Objection Deadline.

### Section 7.02  Estimation of Claims

Any Debtor, Liquidating Debtor, or the Plan Administrator (or their authorized representatives), as applicable, may at any time request that the Bankruptcy Court estimate any contingent or unliquidated Claim pursuant to Bankruptcy Code § 502(c), regardless of whether the Debtors, the Liquidating Debtors or the Plan Administrator, as applicable, have previously objected to such Claim or whether the Bankruptcy Court has ruled on any objection, and the Bankruptcy Court will retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to any Claim or including during the pendency of any appeal related to any such objection. In the event the Bankruptcy Court estimates any contingent or unliquidated Claim, that estimated amount will constitute either the Allowed amount of such Claim or a maximum limitation on such Claim, as determined by the Bankruptcy Court. If the estimated amount constitutes a maximum limitation on such Claim, the Debtors, Liquidating Debtors, or the Plan Administrator, as applicable, may elect to pursue any supplemental proceedings to

49

object to any ultimate payment on such Claim. All of the aforementioned objection, estimation and resolution procedures are cumulative and are not necessarily exclusive of one another. Claims may be estimated and thereafter resolved by any permitted mechanism.

### Section 7.03   No Distributions Pending Allowance

Notwithstanding any other provision of the Plan, no payments or Distributions shall be made with respect to all or any portion of a Disputed Claim unless and until all objections to such Disputed Claim have been settled or withdrawn or have been determined by Final Order, and the Disputed Claim, or some portion thereof, has become an Allowed Claim. The Plan Administrator shall maintain a reserve for distribution on account of Disputed Claims sufficient to cover such Claims in the event they become Allowed Claims in whole or in part.

### Section 7.04   Distributions After Allowance

The Disbursing Agent shall make payments and Distributions to each Holder of a Disputed Claim that has become an Allowed Claim in accordance with the provisions of the Plan governing the Class of Claims to which such Holder belongs. As soon as reasonably practicable after the date that the order or judgment of the Bankruptcy Court allowing all or part of any Disputed Claim becomes a Final Order, the Disbursing Agent shall distribute to the Holder of such Claim the Distribution (if any) that would have been made to such Holder on the Distribution Date had such Allowed Claim been allowed on the Distribution Date.

### Section 7.05   Claims Already Satisfied

Notwithstanding the contents of the Bankruptcy Schedules, Claims listed therein as undisputed, liquidated and not contingent shall be reduced by the amount, if any, that was paid by the Debtors prior to the Effective Date including pursuant to orders of the Bankruptcy Court. To the extent such payments are not reflected in the Bankruptcy Schedules, such Bankruptcy Schedules will be deemed amended and reduced to reflect that such payments were made. Nothing in the Plan shall preclude the Liquidating Debtors from paying Claims that the Liquidating Debtors were authorized to pay pursuant to any Final Order entered by the Bankruptcy Court prior to the Confirmation Date.

### Section 7.06   Compliance with Tax Requirements/Allocations

In connection with the Plan, to the extent applicable, the Liquidating Debtors shall comply with all tax withholding and reporting requirements imposed on them by any governmental unit, and all Distributions pursuant hereto shall be subject to such withholding and reporting requirements. Distributions received by Holders of Claims in satisfaction of interest-bearing obligations shall be allocated first to the full satisfaction of principal of such interest-bearing obligations and second in satisfaction of any accrued and unpaid interest. Notwithstanding any provision in the Plan to the contrary, the Liquidating Debtors or the Plan Administrator, as applicable, (or their authorized representatives) and/or the Disbursing Agent shall be authorized to take all actions necessary or appropriate to comply with such withholding

50

and reporting requirements, including liquidating a portion of the Distributions to be made under the Plan to generate sufficient funds to pay applicable withholding taxes, withholding Distributions pending receipt of information necessary to facilitate such Distributions, or establishing any other mechanisms they believe are reasonable and appropriate. The Liquidating Debtors or the Plan Administrator, as applicable, reserve the right to allocate all Distributions made under the Plan in compliance with all applicable wage garnishments, alimony, child support, and other spousal awards, liens and encumbrances.

**ARTICLE VIII**
**CONDITIONS PRECEDENT TO CONFIRMATION**
**AND CONSUMMATION OF THE PLAN**

**Section 8.01   Conditions Precedent to Confirmation**

Confirmation will not occur unless and until:

(a)   The Bankruptcy Court has approved the Disclosure Statement as containing adequate information with respect to the Plan within the meaning of Bankruptcy Code § 1125;

(b)   The Bankruptcy Court has entered the Confirmation Order in form and substance reasonably acceptable to the Debtors, the Creditors' Committee and the 8.125% Notes Indenture Trustee, which shall include a finding of fact and conclusion of law that the Debtors, and their respective present and former members, officers, directors, managers, employees, advisors, attorneys and agents, acted in good faith within the meaning of and with respect to all of the actions described in Bankruptcy Code § 1125(e) and are therefore not liable for the violation of any applicable law, rule, or regulation governing such actions;

(c)   The most current version of the Plan Supplement and all of the schedules, documents, and exhibits contained therein shall be filed in form and substance reasonably acceptable to the Debtors, the Creditors' Committee and the 8.125% Notes Indenture Trustee.

**Section 8.02   Conditions Precedent to Effective Date**

The following are conditions precedent to the occurrence of the Effective Date, each of which must be satisfied or waived in accordance with Section 8.04 hereof:

(a)   The Confirmation Order shall have been entered in form and substance reasonably acceptable to the Debtors, the Creditors' Committee and the 8.125% Notes Indenture Trustee, and has become a Final Order;

(b)   The Plan and all related documents requiring execution in accordance with the Plan, including the Transition Services Agreement, have been executed and delivered, and any conditions (other than the occurrence of the Effective Date or certification by the Debtors

51

US 897757v.3

that the Effective Date has occurred, contained therein have been satisfied or waive in accordance therewith);

       (c)   Appointment by the Bankruptcy Court of a Plan Administrator;

       (d)   The Plan Administrator and the Plan Advisory Committee shall have been designated in accordance with the Plan;

       (e)   The Debtors shall have sufficient Cash to fund the General Unsecured Claims Fund (other than the $150,000 of proceeds of the D&O Litigation which shall not be required to be funded as a condition to the occurrence of the Effective Date) and pay and satisfy all Allowed Administrative Claims in accordance with Section 2.02 hereof;

       (f)   All authorizations, consents, and regulatory approvals required, if any, in connection with the consummation of the Plan shall have been obtained;

       (g)   There shall not be in effect on the Effective Date any (i) order entered by a court or (ii) any order, opinion, ruling or other decision entered by any other court or governmental entity or (iii) any applicable law staying, restraining, enjoining or otherwise prohibiting or making illegal the consummation of any of the transactions contemplated by the Plan; and

       (h)   No request for revocation of the Confirmation Order under Bankruptcy Code § 1144 shall remain pending.

## Section 8.03  Substantial Consummation

On the Effective Date, the Plan shall be deemed to be substantially consummated under Bankruptcy Code §§ 1101 and 1127(b).

## Section 8.04  Waiver of Conditions

Each of the conditions set forth in Section 8.02 hereof may be waived in whole or in part with (a) the written consent of the Debtors and (b) the written consent of the Creditors' Committee and the 8.125% Notes Indenture Trustee, which consent shall not be unreasonably withheld, and without any notice to other parties in interest or the Bankruptcy Court and without a hearing. The failure to satisfy or waive any condition to the Effective Date may be asserted by the Debtors or the Liquidating Debtors regardless of the circumstances giving rise to the failure of such condition to be satisfied (including any action or inaction by the Debtors or Liquidating Debtors). The failure of the Debtors or the Liquidating Debtors to exercise any of the foregoing rights shall not be deemed a waiver of any other rights, and each such right shall be deemed an ongoing right that may be asserted at any time.

US 897757v.3

**Section 8.05   Revocation, Withdrawal, or Non-Consummation**

The Debtors reserve the right to revoke or withdraw the Plan at any time prior to the Confirmation Date and to file subsequent plans of liquidation. If the Debtors revoke or withdraw the Plan, or if Confirmation or consummation of the Plan does not occur, then (a) the Plan shall be null and void in all respects, (b) any settlement or compromise embodied in the Plan (including the fixing or limiting to an amount certain of any Claim or Class of Claims) unless otherwise agreed to by the Debtors and any counterparty to such settlement or compromise, and any document or agreement executed pursuant to the Plan shall be deemed null and void and (c) nothing contained in the Plan or Disclosure Statement, and no acts taken in preparation for consummation of the Plan, shall (i) constitute or be deemed to constitute a waiver or release of any Claims by or against, or any Interests in, the Debtors, the Liquidating Debtors, or any other Person, (ii) prejudice in any manner the rights of the Debtors, Liquidating Debtors, or any Person in any further proceedings involving the Debtors or Liquidating Debtors; or (iii) constitute an admission of any sort by the Debtors, Liquidating Debtors, or any other Person. Notwithstanding the above, revocation, withdrawal or failure to consummate the Plan shall not affect any settlement previously approved by the Bankruptcy Court, including without limitation the Holdco / Opco Settlement and such settlements (once effective by their terms) are   and remain fully enforceable.

**ARTICLE IX**
**AMENDMENTS AND MODIFICATIONS**

Subject to Bankruptcy Code § 1127, the Debtors may alter, amend or modify the Plan at any time prior to or after the Confirmation Date but prior to the Effective Date. A Holder of a Claim or Interest that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended or modified, if the proposed alteration, amendment or modification does not materially and adversely change the treatment of the Claim or Interest of such Holder.

**ARTICLE X**
**RETENTION OF JURISDICTION**

Under Bankruptcy Code §§ 105(a) and 1142, and notwithstanding entry of the Confirmation Order and occurrence of the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including, among other things, jurisdiction to:

   A.     Allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim or Interest, including the resolution of any request for payment of any Administrative Claim and the resolution of any objections to the secured or unsecured status, priority, amount or allowance of Claims or Interests;

   B.     Hear and determine all applications for compensation and reimbursement of expenses of Professionals under Bankruptcy Code §§ 327, 328, 330, 331, 503(b), 1103

53

or 1129(a)(4); *provided, however*, that from and after the Effective Date, the payment of fees and expenses of professionals retained by the Liquidating Debtors shall be made in the ordinary course of business and shall not be subject to the approval of the Bankruptcy Court;

C.     Hear and determine all matters with respect to the assumption or rejection of any executory contract or unexpired lease to which one or more of the Liquidating Debtors are parties or with respect to which one or more of the Liquidating Debtors may be liable, including, if necessary, the nature or amount of any required Cure Payment or the liquidation of any Claims arising therefrom;

D.     Hear and determine any and all adversary proceedings, motions, applications, and contested or litigated matters arising out of, under, or related to, the Chapter 11 Cases;

E.     Enter and enforce such orders as may be necessary or appropriate to enforce, execute, implement, or consummate the provisions of the Plan and all contracts, instruments, releases, and other agreements or documents created in connection with the Plan, the Disclosure Statement or the Confirmation Order and the Holdco / Opco Settlement;

F.     Hear and determine disputes arising in connection with the interpretation, implementation, consummation, or enforcement of the Plan, including disputes arising under agreements, documents or instruments executed in connection with the Plan;

G.     Consider any modifications of the Plan, cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

H.     Issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Entity with implementation, consummation, or enforcement of the Plan or the Confirmation Order or the Holdco / Opco Settlement;

I.     Enter and implement such orders as may be necessary or appropriate if the Confirmation Order is for any reason reversed, stayed, revoked, modified, or vacated;

J.     Hear and determine any matters arising in connection with or relating to the Plan, the Disclosure Statement, the Confirmation Order, the Holdco / Opco Settlement or any contract, instrument, release, or other agreement or document created in connection with each of the foregoing;

K.     Enforce all orders, judgments, injunctions, releases, exculpations, indemnifications and rulings entered in connection with the Chapter 11 Cases or pursuant to the Plan;

L.      Recover all assets of the Liquidating Debtors and property of the Estates, wherever located;

M.      Hear and determine matters concerning state, local, and federal taxes in accordance with Bankruptcy Code §§ 346, 505, and 1146;

N.      Hear and determine all disputes involving the existence, nature, or scope of any releases and exculpations granted in the Plan to the Debtors or any other party;

O.      Hear and determine all issues involving the appointment or removal of the Debtors' appointment to the Plan Advisory Committee;

P.      Hear and determine such other matters as may be provided in the Confirmation Order or as may be authorized under, or not inconsistent with, provisions of the Bankruptcy Code;

Q.      Enter an order or final decree concluding or closing the Chapter 11 Cases;

R.      Enforce all orders previously entered by the Bankruptcy Court; and

S.      Hear and determine all disputes involving a proposed sale of any assets of the Estates after the Effective Date; and

T.      Approve assumption and assignment of executory contracts as part of a post-Effective Date sale.

Notwithstanding the retention of jurisdiction provided herein, where the Plan provides that the Liquidating Debtors may take action or otherwise exercise rights under the Plan without further approval of the Bankruptcy Court, the retention of jurisdiction provided for herein shall not require the Liquidating Debtors to seek Bankruptcy Court approval before taking such action or exercising rights under the Plan.

## ARTICLE XI
## COMPROMISES AND SETTLEMENTS

Pursuant to Bankruptcy Code § 363 and Bankruptcy Rule 9019, in consideration for, among other things, the proposed classification of Claims and Interests under the Plan, the Distributions to the Holders of 8.125% Notes Secured Claims, Qualified Investor Claims, General Unsecured Claims and 8.125% Notes Deficiency Claims and other benefits provided hereunder, including the proportional Distributions of the remaining assets of the Liquidating Debtors as set forth in this Plan, the creation and funding of the General Unsecured Claims Fund, the satisfaction of the Administrative Claims of the 8.125% Notes Indenture Trustee and the 3% Unsecured Debentures Indenture Trustee for fees and expenses, and the releases and exculpatory provisions contemplated by this Plan, the Plan constitutes a settlement of the following disputes and controversies, among others: (a) the extent and validity of the Allowed amount of the

Secured Claim of the 8.125% Notes Indenture Trustee, (b) the extent and validity of the Liens, Claims and security interests, if any, of the 8.125% Notes Indenture Trustee and the Holders of the 8.125% Notes on the EMSL Proceeds, (c) the allocation of the proceeds of the Holdco / Opco Settlement among the chapter 5 claims and Holdco / Opco Intercompany Claims that were compromised and settled in connection therewith, and the resultant Liens, Claims and security interests of the 8.125% Notes Indenture Trustee and the Holders of the 8.125% Notes, if any, that would attach thereto based on such allocation, (d) the breadth and comprehensiveness of the release and exculpatory provisions contemplated by the Plan, (e) the appropriate classification of the various Claims and Interests under the Plan, (f) the appropriate Distribution of the remaining assets of the Liquidating Debtors to the various Holders of Claims and Interests, and (g) the timing and priority of such Distributions under the Plan. The settlement embodied by the Plan is intended to effectuate the waiver and release of any and all asserted and/or Allowed Superpriority Administrative Claims and asserted and/or Allowed Secured Claims of the 8.125% Notes Indenture Trustee and the Holders of the 8.125% Notes on account of the 8.125% Notes in exchange for the treatment afforded to the Allowed Claims of the 8.125% Notes Indenture Trustee and the Holders of the 8.125% Notes on account of the 8.125% Notes as set forth in the Plan. This settlement is intended to and does constitute a full, final and complete good-faith compromise and settlement of all disputes and controversies between the relevant parties to this matter including the Debtors, the Creditors' Committee, the 8.125% Notes Indenture Trustee on behalf of its Holders and the 3% Unsecured Debentures Indenture Trustee on behalf of its Holders.

In addition, the Plan shall constitute a good-faith compromise and settlement of all Claims, Interests and controversies relating to the contractual, legal, and subordination rights that a Holder of a Claim may have with respect to any Allowed Claim or Interest, or any distribution to be made on account of such Allowed Claim or Interest, and shall include a settlement of all Claims arising prior to the Petition Date, whether known or unknown, foreseen or unforeseen, asserted or unasserted, arising out of, relating to or in connection with the business or affairs of, or transactions with, the Debtors.

The entry of the Confirmation Order shall constitute, pursuant to Bankruptcy Rule 9019, the Bankruptcy Court's approval of each of the foregoing compromises or settlements, and all other compromises and settlements provided for in the Plan, and the Bankruptcy Court's findings shall constitute its determination that such compromises and settlements are in the best interests of the Debtors, the Estates, Creditors and other parties in interest, and are fair, equitable and within the range of reasonableness.

Except as expressly provided in the Plan, it is not the intent of the Debtors that Confirmation shall in any manner alter or amend any settlement and compromise between the Debtors and any Person that has been previously approved by the Bankruptcy Court, including, without limitation, the Holdco / Opco Settlement. Except as expressly provided in the Plan, to the extent of any conflict between the terms of the Plan and the terms of any prior settlement, the terms of the prior settlement shall control and such prior settlement shall be enforceable according to its terms.

US 897757v.3

## ARTICLE XII
## MISCELLANEOUS PROVISIONS

### Section 12.01 Bar Dates for Certain Claims

(a) *Administrative Claims; Substantial Contribution Claims; Superpriority Administrative Claims*

The Confirmation Order will establish a bar date for filing of all Administrative Claims, including Substantial Contribution Claims and Superpriority Administrative Claims (but not including Professional Fee Claims, Claims for the expenses of the members of the Creditors' Committee, Claims for United States Trustee fees under 28 U.S.C. § 1930, any applicable court fees, Claims for the fees and expenses of the 8.125% Notes Indentures Trustee and the 3% Unsecured Debentures Indenture Trustee, and Administrative Claims in section (b) or (c) below (the "Excluded Administrative Claims")), which date will be forty-five days after the Effective Date (the "Administrative Claims Bar Date"). Holders of asserted Administrative Claims, Substantial Contribution Claims and Superpriority Administrative Claims, *other than* Excluded Administrative Claims, must submit proofs of such Claims on or before such Administrative Claims Bar Date or forever be barred from doing so. A notice prepared by the Debtors or Liquidating Debtors will set forth such date and constitute notice of this Administrative Claims Bar Date. The Liquidating Debtors or Plan Administrator, as applicable, shall have forty-five days (or such longer period as may be allowed by order of the Bankruptcy Court) following the Administrative Claims Bar Date to review and object to such Administrative Claims before a hearing for determination of allowance of such Claims.

(b) *Administrative Ordinary Course Liabilities*

Holders of Administrative Claims that are based on liabilities incurred in the ordinary course of the applicable Debtors' businesses (other than Claims of governmental units for taxes and for interest and/or penalties related to such taxes) shall not be required to file any request for payment of such Administrative Claims. Such Administrative Claims, unless objected to by the Debtors, Liquidating Debtors or Plan Administrator, as applicable, shall be assumed and paid by the applicable Debtors, in Cash, pursuant to the terms and conditions of the particular transaction giving rise to such Administrative Claim. For the avoidance of doubt, Holders of Administrative Claims pursuant to Bankruptcy Code § 503(b)(9) shall be required to file a proof of Administrative Claim on or before the earlier or (i) the claims bar date previously established by order of the Bankruptcy Court; or (ii) the Administrative Claims Bar Date.

(c) *Administrative Tax Claims*

All requests for payment of Administrative Claims by a governmental unit for taxes (and for interest and/or penalties related to such taxes) for any tax year or period, all or any portion of which occurs or falls within the period from and including the Petition Date through and including the Effective Date, and for which no bar date has otherwise been previously established, must be filed and served on the Debtors, Liquidating Debtors or Plan Administrator,

as applicable, and any other party specifically requesting a copy in writing on or before the later of (a) thirty days following the Effective Date; and (b) one hundred and twenty days following the filing of the tax return for such tax year or period with the applicable governmental unit. Any Holder of any such Claim that is required to file a request for payment of such taxes and does not file and properly serve such a Claim by the applicable bar date shall be forever barred from asserting any such Claim against the Debtors, the Liquidating Debtors or their property, regardless of whether any such Claim is deemed to arise prior to, on, or subsequent to the Effective Date. Any interested party desiring to object to an Administrative Claim for taxes must file and serve its objection on counsel to the Debtors, Liquidating Debtors or Plan Administrator, as applicable, and the relevant taxing authority no later than ninety days after the taxing authority files and serves its application.

### (d) Professional Fee Claims

All final requests for Professional Fee Claims pursuant to Bankruptcy Code §§ 327, 328, 330, 331, 363, 503(b) or 1103 for services rendered to or on behalf of the applicable Debtors or the Creditors' Committee prior to the Effective Date (other than Substantial Contribution Claims under Bankruptcy Code § 503(b)(4)) must be filed and served on the Debtors, Liquidating Debtors or Plan Administrator, as applicable, and their counsel no later than sixty days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. Objections to applications of such Professionals or other Entities for compensation or reimbursement of expenses must be filed and served on the Debtors, Liquidating Debtors or Plan Administrator, as applicable, and their counsel and the requesting Professional or other Entity no later than sixty days (or such longer period as may be allowed by order of the Bankruptcy Court) after the date on which the applicable application for compensation or reimbursement was served.

### (e) Trustee Claims

All requests for payment of the Administrative Claims of the 8.125% Notes Indenture Trustee and the 3% Unsecured Debentures Indenture Trustee shall be provided in writing to the Debtors, the Creditors' Committee, 8.125% Notes Indenture Trustee and the 3% Unsecured Debentures Indenture Trustee prior to the Effective Date, and the Liquidating Debtors, the Plan Administrator and the Plan Advisory Committee after the Effective Date, along with copies, redacted for privilege, of all relevant invoices and other applicable documentation. If none of the above parties lodges an objection to such payment request within 15 days of receipt of the request, the Debtors or the Liquidating Debtors, as applicable, are authorized to pay the amounts set forth in the payment request without further notice to any party or further order of the Bankruptcy Court.

## Section 12.02  Payment of Statutory Fees

On or before the Effective Date, the Debtors shall have paid in full, in Cash (including by check or wire transfer), in U.S. dollars, all fees payable pursuant to 28 U.S.C. § 1930, in the amount determined by the Bankruptcy Court at the Confirmation Hearing.

US 897757v.3

## Section 12.03 Severability of Plan Provisions

If, prior to Confirmation, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court, at the request of the Debtors, the Creditors' Committee and the 8.125% Notes Indenture Trustee, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect and shall in no way be affected, impaired or invalidated by such holding, alteration or interpretation, unless such holding, alteration or interpretation of such term or provision would materially frustrate the overall purpose of the Plan. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

## Section 12.04 Successors and Assigns

The rights, benefits and obligations of any Person or Entity named or referred to in the Plan, including any Holder of a Claim, shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such Person or Entity.

## Section 12.05 No Discharge of the Debtors

Pursuant to Bankruptcy Code § 1141(d)(3), Confirmation will not discharge the Debtors under Bankruptcy Code § 1141 of any debts; *provided, however,* upon Confirmation, the occurrence of the Effective Date and the Distributions contemplated hereunder, Holders of Claims and Interests may not seek payment or recourse against the Debtors, the Liquidating Debtors or the Estates, as applicable, or otherwise be entitled to any Distribution except as expressly provided in the Plan.

## Section 12.06 Exculpation and Limitation of Liability

Except as otherwise specifically provided in the Plan, none of (i) the Debtors and the Liquidating Debtors; (ii) the professionals, consultants and advisors of any of the Debtors that were retained, employed or otherwise working with the Debtors on or after the Petition Date; (iii) the Creditors' Committee and the Plan Advisory Committee and, solely in their respective capacities as members or representatives of the Creditors' Committee and the Plan Advisory Committee, as applicable, each member thereof; (iv) the Plan Administrator; (v) the 8.125% Notes Indenture Trustee solely in its capacity as such; (vi) the 3% Unsecured Debentures Indenture Trustee solely in its capacity as such; and (vii) each of such parties' respective agents, directors, officers, managers, members, employees, advisors, accountants, investment bankers, consultants, attorneys and other representatives of any of the foregoing solely in their respective capacities as such (collectively, the "Protected Parties"), shall have or incur, and each such party is hereby exculpated from, any liability (whether arising under contract, tort, or federal or state

securities laws, whether known or unknown, foreseen or unforeseen, then existing or hereafter arising, in law, equity, or otherwise) to, or be subject to any right of action by, any Holder of a Claim or Interest or any other party in interest, or (with respect to such Claims or Interests) any of their respective agents, affiliates, or any of their successors or assigns, for any prepetition or postpetition act or omission taken or not taken (as the case may be) or any other transaction, event, or occurrence in any way connected with, relating to, or arising out of, (i) the Debtors' Chapter 11 Cases and the commencement and administration thereof; (ii) the Disclosure Statement, the Plan, any documents related thereto, and all transactions contemplated thereby; (iii) the pursuit of Confirmation and the approval of the Disclosure Statement (including, without limitation, the formulation, negotiation, preparation, dissemination, implementation, or administration of any of the foregoing documents, or the solicitation of votes in connection therewith), or any orders of the Bankruptcy Court related thereto; (iv) the administration and Consummation of the Plan and the occurrence of the Effective Date; (v) the property to be distributed under, or sold in the manner contemplated by, the Plan or any other Final Order; (vi) any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan or any Plan Document; (vii) the Holdco / Opco Settlement and the Opco Restructuring; or (viii) any other act taken or omitted to be taken in connection with, or in contemplation of, any of the restructuring or other transactions contemplated by the Plan or any document related thereto, in each instance, except any act, omission, transaction, agreement, event or other occurrence determined by a Final Order to constitute fraud, willful misconduct, or gross negligence (the "Precluded Claims"), and in all respects shall be entitled to rely reasonably upon the advice of counsel with respect to their duties and responsibilities under the Plan.

### Section 12.07 Permanent Injunction

This Plan provides and the Confirmation Order shall provide, among other things, that any Person (other than the Debtors, the Liquidating Debtors, the Creditors' Committee, the Estates or the Plan Administrator) who has held, holds, or may hold a Claim against or Interest in the Debtors, the Estates, or the Liquidating Debtors, or any Claim against or Interest in any Person (including any Debtor) for which the Debtors or the Liquidating Debtors are or may be directly liable or indirectly liable by way of contribution, indemnity (including an obligation to pay defense costs under the Plan or otherwise) or otherwise is, with respect to any such Claim or Interest, permanently enjoined from and after the Effective Date from taking any of the following actions (i) asserting, commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting any of the Debtors, the Estates, or the Liquidating Debtors on account of any Claim for which the Debtors or Liquidating Debtors are directly or indirectly liable by way of contribution, indemnity or otherwise, (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against any of the Debtors, the Estates, or the Liquidating Debtors; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any Lien of any kind against the Debtors,

the Estates, or the Liquidating Debtors on account of any Claim for which any of the Debtors or Liquidating Debtors are or may be directly or indirectly liable by way of contribution, indemnity or otherwise; (iv) asserting any right of setoff or subrogation of any kind, directly or indirectly, against any obligation due to any of the Debtors, the Estates, or the Liquidating Debtors, on account of any Claims for which any of the Debtors or Liquidating Debtors are or may be directly or indirectly liable by way of contribution, indemnity or otherwise; (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; and (vi) prosecuting, commencing, continuing or otherwise asserting any right, Claim or cause of action released pursuant to the Plan or that is otherwise inconsistent with the provisions of the Plan. Any Person injured by any willful violation of such injunction shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages, from the willful violator(s). Notwithstanding the foregoing, Holders of Disputed Claims are not enjoined from and shall retain all rights to defend or prosecute such Disputed Claims in the Bankruptcy Court, including, without limitation, the right to assert affirmative defenses, setoff, or recoupment, if applicable.

### Section 12.08  Releases by the Debtors and their Estates

Except as otherwise expressly provided in the Plan and subject to the terms of any prior Bankruptcy Court orders, in consideration of, among other things, the Distributions and the obligations of the Debtors contemplated hereby, and the other contracts, instruments, releases, agreements, waivers, and documents to be executed and delivered in connection with the Plan, and in consideration of the efforts of the following parties to facilitate the implementation of the transactions contemplated by the Plan, each of the Debtors and any Person or Entity seeking to exercise rights or claims on behalf of the Debtors and their Estates shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, waived, released and discharged the Protected Parties from all claims, obligations, suits, damages, demands, debts, rights, or Causes of Action the Debtors or the Liquidating Debtors may have against the Protected Parties of whatever kind or nature, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, in law or equity, that are based in whole or in part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date, relating to or in connection with the Debtors, the Chapter 11 Cases, the Holdco / Opco Settlement and the Opco Restructuring, the conduct of the Debtors' business, or the Plan; *provided, however,* that the foregoing release (i) will have no effect on the liability of any Protected Parties arising from an act, omission, transaction, agreement, event or other occurrence determined by a Final Order to constitute fraud, willful misconduct, or gross negligence; and (ii) will not constitute a release or waiver of any defense available to the Debtors or the Liquidating Debtors in connection with any Disputed Claim (including Administrative Claims) asserted against the Debtors, their Estates, or the Liquidating Debtors by any Protected Party. The releases described herein shall be binding upon all Persons. Accordingly, all Persons shall hereby be enjoined from commencing or continuing any action, employment of process, or act to collect, offset, or recover any such

61

claim that could be brought on behalf of or in the name of the Debtors, the Liquidating Debtors or their Estates including any derivative claims asserted or assertable on behalf of the Debtors, the Liquidating Debtors or their Estates. Notwithstanding anything herein to the contrary, in any proceeding brought by the Creditors' Committee or any other person or entity on behalf of the Debtors or Liquidating Debtors (an "<u>Estate Representative</u>") against any individuals serving or having served as directors, officers, employees, agents or representatives of the Debtors during the pendency of the Chapter 11 Cases (the "<u>Present Management</u>"), the Estate Representative will not seek any recovery in excess of the dollar amount of the policy limits, as such limits have been actually reduced from time to time by defense costs or other claims made against such policies, of any available directors and officers liability insurance; nothing contained herein shall relieve the Present Management from any liability on a claim for any amount less than the policy limits of any available directors and officers liability insurance. However, should there be no directors and officers liability insurance (including without limitation any deductible or retention) available with respect to a claim, the Estate Representative will not seek recovery on that claim against the Present Management. If the Estate Representative obtains a judgment on a claim against any of the Debtors' former officers, directors, employees, agents or representatives and such former officer, director, employee, agent or representative obtains a Final Order against any of the Present Management by reason of contribution, indemnification or other claim related to such claim (a "<u>D&O Contribution Claim</u>"), the Estate Representative will reduce its judgment against such former officer, director, employee, agent or representative by the amount of such D&O Contribution Claim.

Section 12.09  Releases by Holders of Claims and Interests

Except as otherwise expressly provided in the Plan, in consideration of, among other things, the Distributions and the obligations of the Debtors contemplated hereby, and the other contracts, instruments, releases, agreements, waivers, and documents to be executed and delivered in connection with the Plan, and in consideration of the efforts of the following parties to facilitate the implementation of the transactions contemplated by the Plan, all Holders of Claims and Interests who vote in favor of the Plan, for themselves and on behalf of their respective successors and assigns, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released, and discharged the Protected Parties from any and all claims, interests, obligations, rights, suits, damages, losses, costs and expenses, actions, causes of action, remedies, and liabilities of any kind or character whatsoever, including any derivative claims asserted or assertable on behalf of the Debtors, the Liquidating Debtors or their Estates, or any claims arising out of, or relating to, any alleged fiduciary or other duty, any alleged violation of any federal or state securities law or any other law relating to creditors' rights generally, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, suspected or unsuspected, matured or unmatured, fixed or contingent, existing or hereafter arising, in law, equity or otherwise, that such Entity ever had, now has or hereafter can, shall or may have, or otherwise would have been entitled to assert (whether individually or collectively or directly or derivatively), against any Protected Party arising from or relating to, directly or

indirectly, in whole or in part, the Debtors, the Debtors' restructuring, the operation of or administration of the Debtors' business and assets, the Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements among any two or more of any Debtor or any Affiliate thereof, any Liquidating Debtor or any Protected Party (and the acts or omissions of any other Protected Party in connection therewith), the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the Holdco / Opco Settlement and the Opco Restructuring, the negotiation, formulation, or preparation of the Plan, Disclosure Statement, or related agreements, instruments, or other documents, or any other act or omission, transaction, agreement, event, or other occurrence, including the management and operation of the Debtors, taking place on or before the Effective Date. Notwithstanding the foregoing, nothing in this Section 12.09 shall release any Protected Party from liability for any act, omission, transaction, agreement, event or other occurrence determined by a Final Order to constitute fraud, willful misconduct, or gross negligence. Further notwithstanding the foregoing, nothing in this Section 12.09 shall be deemed to assert or imply any admission of liability on the part of any of the parties released hereby.

**Section 12.10 Satisfaction of Claims**

The rights afforded in the Plan and the treatment of all Claims and Interests herein shall be in exchange for and in complete satisfaction and release of all Claims and Interests of any nature whatsoever against the Debtors or any of their Estates, assets, properties, or interests in property. Except as otherwise provided herein, on the Effective Date, all Claims against and Interests in the Debtors shall be deemed satisfied in full. Neither the Liquidating Debtors, nor their Affiliates, shall be responsible for any pre-Effective Date obligations of the Debtors except those expressly assumed by the Liquidating Debtors or their Affiliates, as applicable. Except as otherwise provided herein, all Persons and Entities shall be precluded and forever barred from asserting against Liquidating Debtors, the Debtors and their Affiliates, their respective successors or assigns, or their Estates, assets, properties, or interests in property any event, occurrence, condition, thing, or other or further Claims or causes of action based upon any act, omission, transaction, or other activity of any kind or nature that occurred or came into existence prior to the Effective Date, whether or not the facts of or legal bases therefore were known or existed prior to the Effective Date.

**Section 12.11 Third Party Agreements; Subordination**

The Distributions to the various Classes of Claims and Equity Interests hereunder shall not affect the right of any Person to levy, garnish, attach, or employ any other legal process with respect to such Distributions by reason of any claimed subordination rights or otherwise. All of such rights and any agreements relating thereto shall remain in full force and effect, *except* as compromised and settled pursuant to the Plan. Distributions to Holders of Claims in Classes that are subject to contractual subordination provisions are subject to distribution in accordance with

such contractual subordination provisions as provided in the Plan.  Distributions shall be subject to and modified by any Final Order directing Distributions other than as provided in the Plan. The right of the Debtors to seek subordination of any Claim or Equity Interest pursuant to Bankruptcy Code § 510 is fully reserved, and the treatment afforded any Claim or Equity Interest that becomes a subordinated Claim or subordinated Equity Interest at any time shall be modified to reflect such subordination.   Unless the Confirmation Order provides otherwise, no Distributions shall be made on account of a subordinated Claim or subordinated Equity Interest.

**Section 12.12  Binding Effect**

The Plan shall be binding upon and inure to the benefit of the Liquidating Debtors, all present and former Holders of Claims against and Interests in the Liquidating Debtors, their respective successors and assigns, and all other parties-in-interest in the Chapter 11 Cases.

**Section 12.13  Plan Supplement**

Any and all exhibits, lists, or schedules not filed with the Plan or Disclosure Statement shall be contained in the Plan Supplement and filed with the Clerk of the Bankruptcy Court not later than ten days prior to the Plan Voting Deadline or such other filing deadline as may be approved by the Bankruptcy Court.   The Plan Supplement will include, at a minimum but without limitation, the following documents:

- Transition Services Agreement
- Opco Warrant Agreement
- Opco Governance Documents
- Plan Administrator Agreement
- Schedule of Assumed Contracts
- Schedule of Insurance Policies
- List of Initial Post-Effective Date Employees
- Budget

Holders of Claims or Interests may also obtain a copy of the Plan Supplement by accessing http://dm.epiq11.com/TMG or upon written request to the Debtors.  Notwithstanding the foregoing, the Debtors may amend the Plan Supplement, and any attachments thereto, through and including the Confirmation Date.

**Section 12.14  Notices**

Any notice, request, or demand required or permitted to be made or provided under the Plan to or upon the Debtors, Liquidating Debtors or the Plan Administrator shall be (a) in writing, (b) served by (i) certified mail, return receipt requested, (ii) hand delivery, (iii) overnight delivery service, (iv) first class mail, or (v) facsimile transmission, and (c) deemed to have been duly given or made when actually delivered or, in the case of facsimile transmission, when received and telephonically confirmed, addressed as follows:

US 897757v.3

If to the Liquidating Debtors:

**TRICO MARINE SERVICES, INC.**
Trio Marine Services, Inc.
3200 Southwest Freeway, Suite2950
Houston, TX 77027

with a copy to (which shall not constitute notice):

**VINSON & ELKINS L.L.P.**
Attn: John E. Mitchell
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Phone:  (214) 220-7700
Facsimile:  (214) 220-7716

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Attn: Robert J. Dehney
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
Phone:  (302) 658-9200
Facsimile:  (302) 658-3989

### Section 12.15  Term of Injunctions Or Stay

Unless otherwise provided in the Plan or Confirmation Order, all temporary injunctions or stays provided for in the Chapter 11 Cases under Bankruptcy Code §§ 105 or 362 or otherwise, and in existence on the Confirmation Date (excluding any injunctions or stays contained in the Plan or Confirmation Order), shall remain in full force and effect until all property of the Debtors and the Liquidating Debtors has been distributed, the Liquidating Debtors have been dissolved, the Plan Administrator Agreement has terminated and the Bankruptcy Court has entered an order closing the Chapter 11 Cases.  All injunctions or stays contained in the Plan or Confirmation Order shall remain in full force and effect in accordance with their terms.  All permanent injunctions in existence on the Effective Date shall remain in full force and effect as provided in the order imposing such permanent injunction.

### Section 12.16  Setoff and Recoupment

Except as otherwise expressly provided for in the Plan, pursuant to the Bankruptcy Code (including Bankruptcy Code § 553), applicable non-bankruptcy law, or as may be agreed to by the Holder of a Claim or Interest, each Debtor or Liquidating Debtor may setoff or exercise a right of recoupment against any Allowed Claim or Interest and the Distributions to be made

US 897757v.3

pursuant to the Plan on account of such Allowed Claim or Interest (before such Distribution is made), any Claims, rights, and Causes of Action of any nature that such Debtor or Liquidating Debtor, as applicable, may hold against the Holder of such Allowed Claim or Interest, to the extent such Claims, rights, or Causes of Action against such Holder have not been otherwise compromised or settled on or prior to the Effective Date (whether pursuant to the Plan or otherwise); *provided, however*, that neither the failure to effect such a setoff or right of recoupment nor the allowance of any Claim or Interest pursuant to the Plan shall constitute a waiver or release by such Debtor or Liquidating Debtor of any such Claims, rights, and Causes of Action that such Debtor or Liquidating Debtor may possess against such Holder.  In no event shall any Holder of Claims or Interests be entitled to setoff or exercise a right of recoupment against any Claim or Interest against any Claim, right, or Cause of Action of the Debtor or Liquidating Debtor, as applicable, unless such Holder has filed a motion with the Bankruptcy Court requesting the authority to perform such action on or before the Confirmation Date, and notwithstanding any indication in any proof of Claim or Interest or otherwise that such Holder asserts, has, or intends to preserve any rights of setoff or recoupment pursuant to the Bankruptcy Code or otherwise.

### Section 12.17 Hart-Scott-Rodino Compliance

Any of the New TMS Equity Interests to be distributed under the provisions of the Plan to any Entity required to file a Premerger Notification and Report Form under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, as amended, shall not be distributed until the notification and waiting periods applicable under such Act to such Entity shall have expired or been terminated.

### Section 12.18 Dissolution of Committee

On the Effective Date, the Creditors' Committee shall dissolve and the members of the Creditors' Committee shall be released and discharged from all authority, duties, responsibilities and obligations related to and arising from and in connection with the Chapter 11 Cases.

### Section 12.19 No Admissions

Notwithstanding anything herein to the contrary, nothing in the Plan shall be deemed as an admission by the Debtor or Liquidating Debtors with respect to any matter set forth herein, including liability on any Claim.

### Section 12.20 Governing Law

Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules), the laws of the State of Delaware without giving effect to the principles of conflicts of law thereof, shall govern the construction and implementation of the Plan and any agreements, documents, and instruments executed in connection with the Plan (except as otherwise set forth in those agreements, in which case the governing law of such agreement shall control) as well as corporate governance matters with respect to the Liquidating

Debtors; *provided, however*, that corporate governance matters relating to the Debtors or Liquidating Debtors, as applicable, not organized under Delaware law shall be governed by the laws of the state of organization of such Debtor or Liquidating Debtor.

## ARTICLE XIII
## CONFIRMATION REQUEST

The Debtors request Confirmation under Bankruptcy Code § 1129.  If any Impaired Class does not accept the Plan pursuant to Bankruptcy Code § 1126, the Debtors request Confirmation pursuant to Bankruptcy Code § 1129(b).  In that event, the Debtors reserve the right to modify the Plan to the extent (if any) that Confirmation under Bankruptcy Code § 1129(b) requires modification.

Dated: May 25, 2011

TRICO MARINE SERVICES, INC.
on Behalf of Itself and the Other Debtors

By:  __/s/ *John Castellano*_____
      Name: John Castellano
      Title: Chief Restructuring Officer

67

May 25, 2011
Wilmington, Delaware

Respectfully submitted,

*/s/ Andrew R. Remming*
Robert J. Dehney (No. 3578)
Eric D. Schwartz (No. 3134)
Andrew R. Remming (No. 5120)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
Tel:  302.658.9200
Fax:  302.658.3989

-and-

John E. Mitchell
Tonya M. Ramsey
John P. Napier
VINSON & ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Tel:  214.220.7700
Fax: 214.999.7787
jmitchell@velaw.com
tramsey@velaw.com
adegeyter@velaw.com

Steven M. Abramowitz
Alexandra S. Kelly
666 Fifth Avenue, 26th Floor
New York, New York 10103-0040
Tel:  212.237.0000
Fax:  212.237.0100

*Attorneys for the Debtors and*
*Debtors-in-Possession*

US 897757v.3